IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS AND ST. JOHN

CASE NO. 3:19-cv-0053

THOMAS F. FRIEDBERG & SARAH L. BUNGE,

    Plaintiffs,

    v.

DAYBREAK, INC., dba HUBER & ASSOCIATES

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, DAYBREAK, INC., dba HUBER & ASSOCIATES (hereinafter "Daybreak") by and through its undersigned counsel, files its Answer and Affirmative Defenses to Plaintiffs' Complaint as follows:

1. Defendant is without knowledge as to the allegations of Paragraph 1 of Plaintiffs' Complaint and thus, those allegations are denied, and Defendant demands strict proof thereof.

2. Defendant admits to the allegations of Paragraph 2 of Plaintiffs' Complaint.

3. Defendant admits to the allegations of Paragraph 3 of Plaintiffs' Complaint.

4. Defendant admits to the allegations of Paragraph 4 of Plaintiffs' Complaint for purposes of jurisdiction.

5. Defendant admits to the allegations of Paragraph 5 of Plaintiffs' Complaint.

6. Defendant admits to the allegations of Paragraph 6 of Plaintiffs' Complaint.

7. Defendant admits to the allegation in Sentence 1 of Paragraph 7, but denies all other allegations in Paragraph 7 of Plaintiffs' Complaint and demands strict proof thereof.

8. Defendant admits to the allegations of Paragraph 8 of Plaintiffs' Complaint.

9. Defendant admits to the allegations of Paragraph 9 of Plaintiffs' Complaint for purposes of jurisdiction.

10. Defendant admits that Hurricane Irma struck the Territory on or about September 7, 2017, but denies all other allegations in Paragraph 10 of Plaintiffs' Complaint and demands strict proof thereof.

11. Defendant denies the allegations in Paragraph 11 of Plaintiffs' Complaint and demands strict proof thereof.

12. Defendant denies the allegations in Paragraph 12 of Plaintiffs' Complaint and demands strict proof thereof.

13. Defendant denies the allegations in Paragraph 13 of Plaintiffs' Complaint and demands strict proof thereof.

14. Defendant denies the allegations in Paragraph 14 of Plaintiffs' Complaint and demands strict proof thereof.

15. Defendant denies each and every allegation not specifically admitted, *supra*, and demands strict proof thereof.

## JURY DEMAND

16. Defendant demands a jury trial of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

17. As and for a first Affirmative Defense, Defendant states that the Statute of Limitations has expired as to the claims made by Plaintiffs as the contract was entered into in May 2010. This action was not filed until July 2019 or nine years after Daybreak performed its last work which form the basis for the alleged breach. Accordingly, Plaintiffs' Complaint fails due to the Statute of Limitations.

18. As and for a second Affirmative Defense, Defendant states that the issues alleged in Plaintiffs' Complaint were already litigated, settled, and the case dismissed in the Superior Court of the Virgin Islands styled, *Daybreak, Inc. dba Huber and Associates v. Thomas F. Friedberg, et al, Division of St. Thomas and St. John*, Case No. ST-10-cv-716 and thus, Plaintiffs are barred by *res judicata.*

19. As and for a third Affirmative Defense, Defendant states that the parties reached a settlement agreement in Superior Court of the Virgin Islands styled, *Daybreak, Inc. dba Huber and Associates v. Thomas F. Friedberg, et al, Division of St. Thomas and St. John*, Case No. ST-10-cv-716 that includes the claims that Plaintiffs made in this Complaint and thus, these claims are barred by accord and satisfaction.

20. As and for a fourth Affirmative Defense, Defendant states that Plaintiffs failed to mitigate their damages when they were informed by their expert in November 2014 of the very issues that they allege in this Complaint and did nothing to fix the issue.

21. As and for a fifth Affirmative Defense, Defendant states that Hurricane Irma was an Act of God and that Plaintiffs' claims are barred due to this intervening and/or supervening cause which was out of the control of Defendant.

22. As and for a sixth Affirmative Defense, Defendant states that Plaintiffs waited too long to assert this claim having known about the issue since November 2014 and thus are barred by *laches*.

23. As and for seventh Affirmative Defense, Defendant states that the Release signed by Plaintiffs in in the Superior Court of the Virgin Islands styled*, Daybreak, Inc. dba Huber and Associates v. Thomas F. Friedberg, et al, Division of St. Thomas and St. John*, Case No. ST-10-cv-716 bars this action as the substance of the issues in that case were identical to the instant case.

24. As and for an eighth Affirmative Defense, Defendant affirmatively states that Defendant, at all times, adhered to the applicable building codes, plans and specifications.

25. As and for a ninth Affirmative Defense, Defendant affirmatively states that all work performed by Defendant was inspected and approved by Plaintiffs and the appropriate governmental agency and performed in accordance with the project plans and specifications and therefore the claim is barred and/or diminished to the extent that those things occurred.

26. As and for a tenth Affirmative Defense, Defendant states that Plaintiffs waived their right to bring this action when they failed to bring these claims until 2019.

27. As and for an eleventh Affirmative Defense, Defendant states that Plaintiffs' damages claims should be reduced by any betterment of the property.

28. As and for a twelfth Affirmative Defense, Defendant states that Plaintiffs' claims are barred by the Virgin Islands Statute of Repose, 5 V.I.C. § 32b(a) in that work

was completed and last performed on July 9, 2010; the alleged defect, if any, is a patent defect, and therefore the statute of repose ran on July 9, 2018; and suit was not filed until July 14, 2019.

| | |
|---|---|
| October 14, 2024 | s/ Andrew C. Simpson |
| | Andrew C. Simpson |
| | VI Bar 451 |
| | Attorney for Defendant Daybreak Inc |
| | 2191 Church Street, Ste. 5 |
| | Christiansted, St. Croix |
| | U.S. Virgin Islands 00820 |
| | Telephone No. (340)719-3900 |
| | |
| | Jeffrey C. Cosby |
| | Admitted PHV |
| | Williams, Leininger & Cosby, P.A. |
| | 301 SE Ocean Blvd. |
| | Suite 205 |
| | Stuart, FL  34994 |
| | (Ofc) 772.463.8402 |
| | (Fax) 772.463.4820 |