# IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| THOMAS F. FRIEDBERG & SARAH L. BUNGE,<br><br>    Plaintiffs,<br><br>v.<br><br>DAYBREAK, INC. dba HUBER & ASSOCIATES,<br><br>    Defendant. | CIVIL ACTION NO. 3:19-cv-0053 |

## LOCAL RULE 16.1(a) DISCOVERY MEMORANDUM

COMES NOW the Defendant, DAYBREAK, INC., dba HUBER & ASSOCIATES, by and through its undersigned counsel, and hereby files this Local Rule 16.1(a) Discovery Memorandum and states as follows:

**(1)** A brief statement of the facts underlying the claims or defenses in the action and of the legal issues in the case:

Plaintiffs filed this action against Defendant for an alleged breach of a specific contractual requirement in the contract for the installation of a copper roof at Plaintiffs' home in St. John, USVI. The home consists of 6 separate buildings – an upper portion of the property with a gate house and a garage/studio and a lower portion of the property with the main house, guest house, dining gazebo and a beach bar. The allegations of this lawsuit deal exclusively with the main house on the lower portion of Plaintiffs' property.

The complaint alleges that the parties' contract required Daybreak to install cleats of a specific type and at specified locations to secure Plaintiffs' copper roof and enable the roof to withstand hurricane force winds. Plaintiffs did not learn that Daybreak failed to install the cleats on the main house as required by the contract until September 6, 2017, when Hurricane Irma struck the territory. High winds generated by the hurricane caused the copper pans at the ridge of Plaintiffs' main house to separate. It was only after the separation of the roof pans caused by the storm that Plaintiffs learned Daybreak did not install the cleats under the main house roof that would have held the copper roof pans in place. The copper roof on the main house failed in the areas where Daybreak did not place the cleats as required by the contract plans and specifications.

Plaintiff claims that Daybreak's failure to install the cleats to secure the main house roof is a latent defect that was not discoverable prior to the separation of the copper pans during the September 6, 2017 hurricane. Within two years of discovering the latent defect, Plaintiffs filed this action for breach of contract that is directed solely at Daybreak's failure to install cleats securing the main house roof. Plaintiffs' Complaint for breach of contract is limited to the damages caused to the main house roof by Daybreak's failure to install cleats as required by the contract specifications.

Plaintiffs allege that their claims in this lawsuit alleging that Defendant failed to install cleats to secure the main house roof are different from claims asserted in a prior Superior Court lawsuit, *Daybreak, Inc. dba Huber and Associates v. Thomas F. Friedberg, et al.,* Division of St. Thomas and St. John, Case No. ST-10-cv-716 (the

"Superior Court Action"), which has now settled. Plaintiffs' claims in this action are *not* included in the Superior Court Action. The claims in this lawsuit deal exclusively with Defendant's failure to install the cleats to secure the copper panels on the main roof – which is a separate building than the gate house and garage/studio. The basis of this claim is that the contract required that cleats be installed 9 inches on center for all copper runs and this was not done on the main house, resulting in a portion of the main house roof coming off during Hurricane Irma. In contrast, the claims that are being litigated in the Superior Court lawsuit deal with leaks in the roofs of the gate house and garage/studio caused by other breaches of the roofing contract and different deficiencies in Daybreak's work. (Complaint at ¶¶ 10, 12)

Plaintiffs allege that they did not learn that Daybreak had not installed the cleats to secure the roof until Hurricane Irma peeled the copper panels from the main house roof in September 2017. As permitted by 5 V.I.C. § 32b, Plaintiffs timely filed in this Court a separate action for damages caused by the latent defects in the main house roof. Plaintiffs claim that pursuant to 5 V.I.C. § 32b Plaintiffs' action for breach of contract was timely filed after the latent defect was discovered.

**Defendant's Affirmative Defenses:**

It is Defendant's position that the settlement agreement previously entered into by the parties in Virgin Islands Superior Court Case No. ST-10-CV-716 also settled the instant case because there is enough of an overlap of the allegations in both cases that this case should not have been brought. The settlement agreement only preserved the instant

case "to the extent that the District Court case does not encompass claims that were asserted" in the Superior Court.

Plaintiffs argued in the Superior Court that the roof on the main house was insufficient to withstand a hurricane and had been defectively installed and therefore the entire roof had to be replaced. Plaintiffs were ultimately prevented from pursuing the claim in Superior Court, but that was because their expert disclosure was untimely, not because the claim was not asserted in the Superior Court.

In the Superior Court, Plaintiff's expert removed ridge caps on the main house and unfolded a portion of the fold that runs along the ridge and joins the sheets of copper on either side of the ridge. He looked at the ridge and opined that there were no clips tying the top edge of the copper sheets to the ridge (the "ridge seam"). He also peeled back a smaller portion of a "standing seam" (runs perpendicular to the ridge and folds two adjacent sheets together) and opined that there were clips there.

After Hurricane Irma, Plaintiffs claimed that the main roof failed because the clips for the standing seams were spaced too far apart. They are trying to argue that this is a different claim because they weren't claiming in the first lawsuit that the standing seam clips were insufficiently spaced and were only challenging the lack of clips on the ridge seam. However, they clearly looked at that for purposes of the Superior Court case and they very clearly claimed that the entire roof needed to be replaced (even though they had not found insufficiently spaced clips on the standing seam when the expert looked at it in the Superior Court case).

With that in mind, Defendant's Affirmative Defenses are as follows:

Defendant claims that Plaintiffs waived their ability to bring this action due to it being untimely. Pursuant to VI ST T §31, Plaintiffs had six years from the date that the work was completed to bring this action. The parties entered into a contract on or about May 7, 2010 and the work was completed on or about July 2010. Thus, Plaintiffs' claims are time-barred and should not be allowed to proceed.

Defendant claims that the issues alleged in Plaintiffs' Complaint were already litigated, settled, and the case dismissed in the Superior Court of the Virgin Islands styled, Daybreak, Inc. dba Huber and Associates v. Thomas F. Friedberg, et al, Division of St. Thomas and St. John, Case No. ST-10-cv-716 and thus, Plaintiffs are barred by *res judicata*. Defendant states that the parties reached a settlement agreement in that case that includes the claims that Plaintiffs allege in this Complaint and thus, these claims are barred by accord and satisfaction.

Defendant states that Plaintiffs failed to mitigate their damages when they were informed by their expert in November 2014 of the very issues that they allege in this Complaint and did nothing to fix the issues.

Defendant states that Hurricane Irma was an Act of God and that Plaintiffs' claims are barred due to this intervening and/or supervening cause which was out of the control of Defendant.

Defendant states that Plaintiffs failed to timely assert this claim having known about the issue since at least November 2010 and thus are barred by *laches*. Defendant states that the Release signed by Plaintiffs in the Superior Court of the Virgin Islands

Case No. ST-10-cv-716 bars this action as the substance of the issues in that case were identical to the instant case.

Defendant affirmatively states that Defendant, at all times, adhered to the applicable building codes, plans and specifications.

Defendant states that Plaintiffs waived their right to bring this action when they failed to bring these claims until 2019 having already found issues in 2010 which was supported by an expert report in 2014.

Defendant states that Plaintiffs' damages claims should be reduced by any betterment of the property.

**(2)** A description of all discovery conducted by the party to date:

None.

**(3)** A description of all discovery problems encountered to date, the efforts undertaken by the party to remedy these problems, and the party's suggested resolution of the problems:

None.

**(4)** A description of the party's further discovery needs, including any special needs (e.g., videotape, telephone depositions, or problems with off island witnesses or documents, etc.):

Defendant may wish to hire an expert to perform an inspection of the property and render opinions as to Defendant's work on the project.

**(5)** The party's estimate of the time needed to complete discovery:

Six months.

**(6)** A statement regarding whether expert testimony will be necessary, and the party's anticipated schedule for retention of experts and submission of their reports:

Yes, possibly as Defendant would like to reserve the right to retain an expert to inspect the property, photos and documents involved in the project and offer opinions on same.

**(7)** a statement regarding whether there should be any limitation placed upon use of any discovery device and, if so, the reason the limitation is sought:

Defendant does not foresee a need for any limitation placed upon the use of any discovery device.

Date: November 6, 2024

        <u>s/ Jeffrey C. Cosby, Esq.</u>
        Jeffrey C. Cosby, Esq.
        Florida Bar No. 967981
        Service to: eservice@wlclaw.com
        Attorney for Defendant Daybreak Inc
        Williams, Leininger & Cosby, P.A.
        301 SE Ocean Blvd., Suite 205
        Stuart, FL  34994
        Telephone: 772-463-8402
        Facsimile: 772-463-4820

        <u>s/ Andrew C. Simpson, Esq.</u>
        Andrew C. Simpson, Esq.
        VI Bar 451
        Attorney for Defendant Daybreak Inc
        2191 Church Street, Ste. 5
        Christiansted, St. Croix
        U.S. Virgin Islands 00820
        Telephone No. (340)719-3900

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on November 6, 2024, we electronically filed the foregoing document via CM/ECF to the parties listed below:

<div style="margin-left: 2em;">

s/ Jeffrey C. Cosby, Esq.
Jeffrey C. Cosby, Esq.
Florida Bar No. 967981
Service to: eservice@wlclaw.com
Attorney for Defendant Daybreak Inc
Williams, Leininger & Cosby, P.A.
301 SE Ocean Blvd., Suite 205
Stuart, FL  34994
Telephone: 772-463-8402
Facsimile: 772-463-4820

s/ Andrew C. Simpson, Esq.
Andrew C. Simpson, Esq.
VI Bar 451
Attorney for Defendant Daybreak Inc
2191 Church Street, Ste. 5
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone No. (340)719-3900

</div>

**SERVICE LIST:**

Thomas Friedberg, Esq.
610 West Ash Street, Suite 1400
San Diego, CA 92166
tom@lawofficefb.com
Phone: 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
Attorney for the Plaintiffs