# IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| THOMAS F. FRIEDBERG & SARAH L. BUNGE,<br><br>       Plaintiffs,<br><br>v.<br><br>DAYBREAK, INC. dba HUBER & ASSOCIATES,<br><br>       Defendant. | CIVIL ACTION NO. 3:19-cv-0053<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFFS' RULE 16.1 DISCOVERY MEMORANDA

    Plaintiffs, THOMAS F. FRIEDBERG and SARAH L. BUNGE, hereby file the following Discovery Memoranda pursuant to Local Rule of Civil Procedure 16.1 and submit the following.

**I.**

### STATEMENT OF FACTS

    Plaintiffs filed this action against Defendant for breach of a specific contractual requirement in the contract for the installation of a copper roof at Plaintiffs' home in St. John, USVI. The home consists of 6 separate buildings – an upper portion of the property with a gate house and a garage/studio and a lower portion of the property with the main house, guest house, dining gazebo and a beach bar. The allegations of this lawsuit deal exclusively with the main house on the lower portion of Plaintiffs' property.

    The complaint alleges that the parties' contract required Daybreak to install cleats of a specific type and at specified locations to secure Plaintiffs' copper roof and enable the roof to withstand hurricane force winds. (Action for Damages—Breach of Contract and Demand for Jury Trial in this action [Document #:1] ("Complaint") at ¶ 7, Exhibit "A.")  The cleats, once

installed, are not visible to the naked eye because they are located underneath the copper panels that make up the copper pans that form the roof of the main house. (Complaint at ¶ 8.)

Plaintiffs did not learn that Daybreak failed to install the cleats on the main house as required by the contract until September 6, 2017, when Hurricane Irma struck the territory. High winds generated by the hurricane caused the copper pans at the ridge of Plaintiffs' main house to separate. It was only after the separation of the roof pans caused by the storm that Plaintiffs learned Daybreak did not install the cleats under the main house roof that would have held the copper roof pans in place. The copper roof on the main house failed in the areas where Daybreak did not place the cleats as required by the contract plans and specifications.

Daybreak's failure to install the cleats to secure the main house roof is a latent defect that was not discoverable prior to the separation of the copper pans during the September 6, 2017 hurricane. (Complaint at ¶ 11.) Within two years of discovering the latent defect, Plaintiffs filed this action for breach of contract that is directed solely at Daybreak's failure to install cleats securing the main house roof. Plaintiffs' Complaint for breach of contract is limited to the damages caused to the main house roof by Daybreak's failure to install cleats as required by the contract specifications. (Complaint at ¶ 12.)

Plaintiffs' claims in this lawsuit alleging that Defendant failed to install cleats to secure the main house roof are different from claims asserted in a prior Superior Court lawsuit, *Daybreak, Inc. dba Huber and Associates v. Thomas F. Friedberg, et al.*, Division of St. Thomas and St. John, Case No. ST-10-cv-716 (the "Superior Court Action"), which has now settled. Defendant's contention that the issues in this case are identical to those being litigated in the

F&B v. Daybreak
USCD Case No. 3:19-cv-0053-RAM-GAT
Rule 16.1 Discovery Memoranda
November 7, 2024
Page 3

---

Superior Court action is false. The claims, issues and damages at issue in the Superior Court Action are not identical to those in this action and are very different.

The Superior Court action consists of a claim by Daybreak that the entire bill for the roof was not paid and a counterclaim brought by Plaintiffs alleging construction defects that resulted in the roof leaking and resulting damage to Plaintiffs' home. The counterclaim is based on leaks to the roof. The claims in the Superior Court Action are limited to the two upper buildings—the gate house and the garage/studio. (Counterclaim in Superior Court Action ("Counterclaim") at ¶¶ 9, 12, 17, 20 [Document #: 12-2]. During the course of discovery, discovery responses stated that the cost of repair for three buildings was $210,000, which was based on an initial cost of repair estimate of $219,689.50. The scope of repair for this cost of repair was limited to repairing the copper roofs on the upper buildings. There was one line item for replacing caulk on the main house of $930.00.

In the Superior Court Action, after the initial cost of repair estimate was provided to Defendants, Plaintiffs' expert noted that there were cracks in some of the runs of the copper panels on the main house and a report was submitted to include a cost of repair of additional areas of the roof. These cracks are not the same as the separation of copper panels that were supposed to be held in place with cleats as alleged in the present lawsuit. Defendant disputed the additional repairs. Motion practice ensued. The Court eventually ruled that in the Superior Court Action, Plaintiffs' claims are limited to the cost of the repair for the upper buildings of $210,000, excluding any claims for leaks or other defects in the other buildings on the property. (Order dated April 26, 2017 in Superior Court Action at p. 2 [Document #: 12-4 at p. 2].)

F&B v. Daybreak
USCD Case No. 3:19-cv-0053-RAM-GAT
Rule 16.1 Discovery Memoranda
November 7, 2024
Page 4

---

Based on the Superior Court's rulings, Plaintiffs' claims in the Superior Court Action were limited to damages resulting from the roofs Daybreak installed on the gate house and garage/studio located on the upper portion of Plaintiffs' property, including damage from water leakage into those two buildings. The Superior Court Action, by limiting the damages for the cost of the repair to the two upper buildings *excludes* Plaintiffs claims for Daybreak's defective construction of the roof on any of the four other buildings on Plaintiffs' property, including the main house roof that is the subject of the Complaint in this action.

Plaintiffs' claims in this action are *not* included in the Superior Court Action. The claims in this lawsuit deal exclusively with Defendant's failure to install the cleats to secure the copper panels on the main roof – which is a separate building than the gate house and garage/studio. The basis of this claim is that the contract required that cleats be installed 9 inches on center for all copper runs and this was not done on the main house, resulting in a portion of the main house roof coming off during Hurricane Irma. In contrast, the claims that are being litigated in the Superior Court lawsuit deal with leaks in the roofs of the gate house and garage/studio caused by other breaches of the roofing contract and different deficiencies in Daybreak's work. (Complaint at ¶¶ 10, 12)

The cleats under the main roof were not visible when Plaintiffs filed their counterclaim in the Superior Court Action in 2010. For that reason, the latent defects in the main roof were not known to Plaintiffs at the time and were therefore not included in the Superior Court Action. Plaintiffs did not learn that Daybreak had not installed the cleats to secure the roof until Hurricane Irma peeled the copper panels from the main house roof in September 2017. As

F&B v. Daybreak
USCD Case No. 3:19-cv-0053-RAM-GAT
Rule 16.1 Discovery Memoranda
November 7, 2024
Page 5

permitted by 5 V.I.C. § 32b, Plaintiffs timely filed in this Court a separate action for damages caused by the latent defects in the main house roof.

Furthermore, Plaintiffs have alleged in their Complaint facts showing that Daybreak's failure to install cleats on the main house roof was a latent defect that was not apparent by reasonable inspection prior to September 6, 2017, when Hurricane Irma exposed the defects in the main house roof. (Complaint at ¶¶ 8, 10, 11.) Pursuant to 5 V.I.C. § 32b Plaintiffs' action for breach of contract was timely filed after the latent defect was discovered.

The Superior Court lawsuit is now settled. The language of the release specifically excludes this District Court lawsuit to the extent that it deals with separate claims. The operative language of the release is as follows:

> The settlement of the above-entitled Superior Court Lawsuit does not extinguish the claims in the District Court case number 3:19-cv-0053 to the extent that District Court case does not encompass claims that were asserted in the above-entitled Superior Court case.

## II.

## STATUS OF PLEADINGS

Plaintiffs' filed their Complaint for Damages on July 14, 2019 (Doc. 1). On October 7, 2019, Defendant filed a Motion to Stay and Motion to Dismiss (Doc. 12). Defendant asserted that this action was identical to a pending Superior Court action (ST-10-CV-716) relating to the roof installed by Defendant and requested that the District Court action be stayed. Defendant also asserted a statute of limitations defense. Plaintiffs filed their opposition on November 16, 2019 (Doc. 18).

F&B v. Daybreak
USCD Case No. 3:19-cv-0053-RAM-GAT
Rule 16.1 Discovery Memoranda
November 7, 2024
Page 6

---

On or about June 12, 2024, the Superior Court action resolved. The release in the Superior Court action carved out this District Court.

On October 14, 2024, Defendant filed its answer to the Complaint (Doc. 33).

### III.

### DISCOVERY CONDUCTED TO DATE

The parties will provide their Rule 26 Initial Disclosures by November 7, 2024. No other discovery has been conducted.

### IV.

### DISCOVERY

The case is at its inception and there are no known discovery impediments.

**Plaintiffs:**

1. Written discovery to Defendant.

2. Deposition of Barry Huber and other 30(b)(6) personnel from Daybreak regarding scope of work, contract to install roof, installation of roof and failure to install hurricane clips as per contract.

3. Depositions of contractors or other experts designated by Defendant.

### V.

### DISCOVERY PLAN

The parties have met and conferred in preparing a joint discovery plan. The presumptive limits of 10 depositions per side is proper for this case. Plaintiffs agree that the presumptive limit

*F&B v. Daybreak*
USCD Case No. 3:19-cv-0053-RAM-GAT
Rule 16.1 Discovery Memoranda
November 7, 2024
Page 7

---

of 25 interrogatories per party as set forth in Fed.R.Civ.P. 33(a) should apply and request that the limitation apply to each side as opposed to each party.

## VI.

## TIME TO COMPLETE DISCOVERY

Plaintiffs propose the following discovery deadlines:

1. Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will exchanged by November 7, 2024.

2. Additional parties must be added by December 7, 2024.

3. Fact discovery shall be completed by May 7, 2025.

4. Plaintiffs' expert disclosures in compliance with Fed. R. Civ. P. 26(a)(2) shall be completed June 1, 2025.

5. Defendant's expert disclosures, in compliance with Fed. R. Civ. P. 26(a)(2), shall be completed by July 15, 2025.

6. Mediation shall commence on or before August 15, 2025.

7. All discovery including expert depositions shall be completed by October 15, 2025.

8. The parties shall file their dispositive and *Daubert* motions no later than December 15, 2025.

F&B v. Daybreak
USCD Case No. 3:19-cv-0053-RAM-GAT
Rule 16.1 Discovery Memoranda
November 7, 2024
Page 8

---

9. This matter can be ready for trial by February 2026 provided no dispositive motions are pending.

10. Plaintiffs have demanded a jury. It is estimated that this is a 5 day jury trial.

## VII.

## EXPERT TESTIMONY

Plaintiffs currently intend to a copper roofing contactor and architect to address the failure of the roof, the contractual requirement for the hurricane clips and the costs of repair. Plaintiffs have suggested the expert disclosure dates listed above. Plaintiffs further suggest that mediation commence after Plaintiffs serve their expert disclosure and prior to the date for the Defendant's expert disclosures.

## VIII.

## LIMITATIONS ON DISCOVERY

None anticipated at the present time.

By: *s/ THOMAS F. FRIEDBERG, ESQ.*
THOMAS F. FRIEDBERG, ESQ.(VI#1006)
Attorneys for Plaintiffs THOMAS F. FRIEDBERG & SARAH L. BUNGE
**THE LAW OFFICES OF FRIEDBERG & BUNGE**
1005 ROSECRANS STREET, SUITE 202
PO BOX 6814
SAN DIEGO, CALIFORNIA 92166
TEL : (619)557-0101
FAX : (619)557-0560
E-mail : "tom@lawofficefb.com"

8

*F&B v. Daybreak*
*USCD Case No. 3:19-cv-0053-RAM-GAT*
*Rule 16.1 Discovery Memoranda*
*November 7, 2024*
*Page 9*

---

### CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November 2024, a true and correct copy of **JOINT STATUS REPORT** was filed on the Court's CM/ECF system, which shall provide notice to the following:

Jeffrey C. Cosby, Esq.
Florida Bar No. 967981
Service to: eservice@wlclaw.com
Attorney for Defendant Daybreak Inc
Williams, Leininger & Cosby, P.A.
301 SE Ocean Blvd., Suite 205
Stuart, FL   34994
Telephone: 772-463-8402
Facsimile: 772-463-4820

Andrew C. Simpson
**ANDREW C. SIMPSON, PC**
2191 Church St., Ste. 5
Christiansted, VI 00820
TEL : 340.719.3900
E-MAIL :asimpson@coralbrief.com

                                                      *s/ THOMAS F. FRIEDBERG*
                                                      **THOMAS F. FRIEDBERG**