IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| THOMAS F. FRIEDBERG & SARAH L. BUNGE,<br><br>    Plaintiffs,<br><br>v.<br><br>DAYBREAK, INC. dba HUBER & ASSOCIATES,<br><br>    Defendant. | CIVIL ACTION NO. 3:19-cv-0053<br><br>**JURY TRIAL DEMANDED** |

### REPORT ON PARTIES' RULE 26(f) CONFERENCE AND JOINT PROPOSED SCHEDULING PLAN

**COME NOW**, the Parties, by and through the undersigned counsel, and pursuant to the Court's Order entered October 11. 2024 (Doc. 32 and Rule 16.1 and 26(f) of the Local Rules of Civil Procedure, file their Joint Proposed Scheduling Plan in the above- captioned matter.

1. **Participants:** Pursuant to Fed.R.Civ.P. 26(f) counsel for the Plaintiff and counsel for Defendant participated in a Rule 26(f) conference via Zoom on October 24, 2024.

2. **Initial Disclosures:** The parties will produce their Rule 26 Initial Disclosures by November 7, 2024.

3. **Statement of the Facts Underlying the Claims and Defenses**

**Plaintiffs:**

Plaintiffs filed this action against Defendant for breach of a specific contractual requirement in the contract for the installation of a copper roof at Plaintiffs' home in St. John, USVI. The home consists of 6 separate buildings – an upper portion of the property with a gate house and a garage/studio and a lower portion of the property with the main house, guest house, dining gazebo and a beach bar. The allegations of this lawsuit deal exclusively with the main house

F&B v. Daybreak
USCD Case No. 3:19-cv-0053-RAM-GAT
Rule 26(f) Proposed Discovery Plan
November 7, 2024
Page 2

on the lower portion of Plaintiffs' property.

The complaint alleges that the parties' contract required Daybreak to install cleats of a specific type and at specified locations to secure Plaintiffs' copper roof and enable the roof to withstand hurricane force winds. (Action for Damages—Breach of Contract and Demand for Jury Trial in this action [Document #:1] ("Complaint") at ¶ 7, Exhibit "A.") The cleats, once installed, are not visible to the naked eye because they are located underneath the copper panels that make up the copper pans that form the roof of the main house. (Complaint at ¶ 8.)

Plaintiffs did not learn that Daybreak failed to install the cleats on the main house as required by the contract until September 6, 2017, when Hurricane Irma struck the territory. High winds generated by the hurricane caused the copper pans at the ridge of Plaintiffs' main house to separate. It was only after the separation of the roof pans caused by the storm that Plaintiffs learned Daybreak did not install the cleats under the main house roof that would have held the copper roof pans in place. The copper roof on the main house failed in the areas where Daybreak did not place the cleats as required by the contract plans and specifications.

Daybreak's failure to install the cleats to secure the main house roof is a latent defect that was not discoverable prior to the separation of the copper pans during the September 6, 2017 hurricane. (Complaint at ¶ 11.) Within two years of discovering the latent defect, Plaintiffs filed this action for breach of contract that is directed solely at Daybreak's failure to install cleats securing the main house roof. Plaintiffs' Complaint for breach of contract is limited to the damages caused to the main house roof by Daybreak's failure to install cleats as required by the contract specifications. (Complaint at ¶ 12.)

F&B v. Daybreak
USCD Case No. 3:19-cv-0053-RAM-GAT
Rule 26(f) Proposed Discovery Plan
November 7, 2024
Page 3

---

Plaintiffs' claims in this lawsuit alleging that Defendant failed to install cleats to secure the main house roof are different from claims asserted in a prior Superior Court lawsuit, *Daybreak, Inc. dba Huber and Associates v. Thomas F. Friedberg, et al.*, Division of St. Thomas and St. John, Case No. ST-10-cv-716 (the "Superior Court Action"), which has now settled. Defendant's contention that the issues in this case are identical to those being litigated in the Superior Court action is false. The claims, issues and damages at issue in the Superior Court Action are not identical to those in this action and are very different.

The Superior Court action consists of a claim by Daybreak that the entire bill for the roof was not paid and a counterclaim brought by Plaintiffs alleging construction defects that resulted in the roof leaking and resulting damage to Plaintiffs' home. The counterclaim is based on leaks to the roof. The claims in the Superior Court Action are limited to the two upper buildings—the gate house and the garage/studio. (Counterclaim in Superior Court Action ("Counterclaim") at ¶¶ 9, 12, 17, 20 [Document #: 12-2]. During the course of discovery, discovery responses stated that the cost of repair for three buildings was $210,000, which was based on an initial cost of repair estimate of $219,689.50. The scope of repair for this cost of repair was limited to repairing the copper roofs on the upper buildings. There was one line item for replacing caulk on the main house of $930.00.

In the Superior Court Action, after the initial cost of repair estimate was provided to Defendants, Plaintiffs' expert noted that there were cracks in some of the runs of the copper panels on the main house and a report was submitted to include a cost of repair of additional areas of the roof. These cracks are not the same as the separation of copper panels that were supposed to be

*F&B v. Daybreak*
*USCD Case No. 3:19-cv-0053-RAM-GAT*
*Rule 26(f) Proposed Discovery Plan*
*November 7, 2024*
Page  4

held in place with cleats as alleged in the present lawsuit. Defendant disputed the additional repairs. Motion practice ensued. The Court eventually ruled that in the Superior Court Action, Plaintiffs' claims are limited to the cost of the repair for the upper buildings of $210,000, excluding any claims for leaks or other defects in the other buildings on the property. (Order dated April 26, 2017 in Superior Court Action at p. 2 [Document #: 12-4 at p. 2].)

Based on the Superior Court's rulings, Plaintiffs' claims in the Superior Court Action were limited to damages resulting from the roofs Daybreak installed on the gate house and garage/studio located on the upper portion of Plaintiffs' property, including damage from water leakage into those two buildings.   The Superior Court Action, by limiting the damages for the cost of the repair to the two upper buildings *excludes* Plaintiffs claims for Daybreak's defective construction of the roof on any of the four other buildings on Plaintiffs' property, including the main house roof that is the subject of the Complaint in this action.

Plaintiffs' claims in this action are *not* included in the Superior Court Action.   The claims in this lawsuit deal exclusively with Defendant's failure to install the cleats to secure the copper panels on the main roof – which is a separate building than the gate house and garage/studio. The basis of this claim is that the contract required that cleats be installed 9 inches on center for all copper runs and this was not done on the main house, resulting in a portion of the main house roof coming off during Hurricane Irma.   In contrast, the claims that are being litigated in the Superior Court lawsuit deal with leaks in the roofs of the gate house and garage/studio caused by other breaches of the roofing contract and different deficiencies in Daybreak's work. (Complaint at ¶¶ 10, 12)

4

F&B v. Daybreak
USCD Case No. 3:19-cv-0053-RAM-GAT
Rule 26(f) Proposed Discovery Plan
November 7, 2024
Page 5

The cleats under the main roof were not visible when Plaintiffs filed their counterclaim in the Superior Court Action in 2010. For that reason, the latent defects in the main roof were not known to Plaintiffs at the time and were therefore not included in the Superior Court Action. Plaintiffs did not learn that Daybreak had not installed the cleats to secure the roof until Hurricane Irma peeled the copper panels from the main house roof in September 2017. As permitted by 5 V.I.C. § 32b, Plaintiffs timely filed in this Court a separate action for damages caused by the latent defects in the main house roof.

Furthermore, Plaintiffs have alleged in their Complaint facts showing that Daybreak's failure to install cleats on the main house roof was a latent defect that was not apparent by reasonable inspection prior to September 6, 2017, when Hurricane Irma exposed the defects in the main house roof. (Complaint at ¶¶ 8, 10, 11.) Pursuant to 5 V.I.C. § 32b Plaintiffs' action for breach of contract was timely filed after the latent defect was discovered.

The Superior Court lawsuit is now settled. The language of the release specifically excludes this District Court lawsuit to the extent that it deals with separate claims. The operative language of the release is as follows:

> The settlement of the above-entitled Superior Court Lawsuit does not extinguish the claims in the District Court case number 3:19-cv-0053 to the extent that District Court case does not encompass claims that were asserted in the above-entitled Superior Court case.

5

*F&B v. Daybreak*
*USCD Case No. 3:19-cv-0053-RAM-GAT*
*Rule 26(f) Proposed Discovery Plan*
*November 7, 2024*
*Page 6*

---

**Defendant:**

Defendant claims that Plaintiffs waived their ability to bring this action due to it being untimely. Pursuant to VI ST T §31, Plaintiffs had six years from the date that the work was completed to bring this action. The parties entered into a contract on or about May 7, 2010 and the work was completed on or about July 2010. Thus, Plaintiffs' claims are time-barred and should not be allowed to proceed.

Defendant claims that the issues alleged in Plaintiffs' Complaint were already litigated, settled, and the case dismissed in the Superior Court of the Virgin Islands styled, Daybreak, Inc. dba Huber and Associates v. Thomas F. Friedberg, et al, Division of St. Thomas and St. John, Case No. ST-10-cv-716 and thus, Plaintiffs are barred by *res judicata*. Defendant states that the parties reached a settlement agreement in that case that includes the claims that Plaintiffs allege in this Complaint and thus, these claims are barred by accord and satisfaction.

Defendant states that Plaintiffs failed to mitigate their damages when they were informed by their expert in November 2014 of the very issues that they allege in this Complaint and did nothing to fix the issues.

Defendant states that Hurricane Irma was an Act of God and that Plaintiffs' claims are barred due to this intervening and/or supervening cause which was out of the control of Defendant.

Defendant states that Plaintiffs failed to timely assert this claim having known about the issue since at least November 2010 and thus are barred by *laches*. Defendant states that the Release signed by Plaintiffs in the Superior Court of the Virgin Islands Case No. ST-10-cv-716 bars this

F&B v. Daybreak
USCD Case No. 3:19-cv-0053-RAM-GAT
Rule 26(f) Proposed Discovery Plan
November 7, 2024
Page 7

action as the substance of the issues in that case were identical to the instant case.

Defendant affirmatively states that Defendant, at all times, adhered to the applicable building codes, plans and specifications.

Defendant states that Plaintiffs waived their right to bring this action when they failed to bring these claims until 2019 having already found issues in 2010 which was supported by an expert report in 2014.

Defendant states that Plaintiffs' damages claims should be reduced by any betterment of the property.

**DISCOVERY PLAN:**

**Plaintiff's Discovery Needs:**

Plaintiff will discovery as to the following issues:

1. Written discovery to Defendant.

2. Deposition of Barry Huber and other 30(b)(6) personnel from Daybreak regarding scope of work, contract to install roof, installation of roof and failure to install hurricane clips as per contract.

3. Depositions of contractors or other experts designated by Defendant.

**Defendants' Discovery Needs:**

Defendant will need discovery as to the following issues:

1. Written Discovery to Plaintiff

2. Deposition of Thomas F. Friedberg and Sara L. Bunge

3. Deposition of Plaintiffs' Experts

F&B v. Daybreak
USCD Case No. 3:19-cv-0053-RAM-GAT
Rule 26(f) Proposed Discovery Plan
November 7, 2024
Page 8

4. Deposition of Plaintiff's Brother, Chris Bunge.

**Discovery Issues**

The Parties believe that mediation would be most advantageous after the close of fact discovery. Pursuant to the amendments to the Federal Rules of Civil Procedure, the Parties have agreed to a protocol for the informal resolution of discovery disputes by first meeting and conferring in an attempt to resolve any discovery disputes. In the event that the Parties are unable to resolve their discovery disputes, the Parties agree to contact the Magistrate Judge's office to schedule a discovery conference prior to filing any Motions to Compel.

The Parties do not anticipate the need for Electronically Stored Information (ESI) in this case. The Parties agree that in the event of inadvertent disclosure of documents, they shall return the inadvertently disclosed documents to the sending party and that the inadvertently disclosed documents shall not constitute a waiver of privilege.

The Parties believe that they will not need to take more than 10 depositions per side. The Parties agree that the presumptive limit of 25 interrogatories per party as set forth in FRCP 33(a) shall apply.

The parties propose the following discovery deadlines:

1. Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will exchanged by November 7, 2024.

2. Additional parties must be added by December 7, 2024.

3. Fact discovery shall be completed by May 7, 2025.

*F&B v. Daybreak*
USCD Case No. 3:19-cv-0053-RAM-GAT
Rule 26(f) Proposed Discovery Plan
November 7, 2024
Page 9

4. Plaintiffs' expert disclosures in compliance with Fed. R. Civ. P. 26(a)(2) shall be completed June 1, 2025.

5. Defendant's expert disclosures, in compliance with Fed. R. Civ. P. 26(a)(2), shall be completed by July 15, 2025.

6. Mediation shall commence on or before August 15, 2025.

7. All discovery including expert depositions shall be completed by October 15, 2025.

8. The parties shall file their dispositive and *Daubert* motions no later than December 15, 2025.

9. This matter can be ready for trial by February 2026 provided no dispositive motions are pending.

10. Plaintiffs have demanded a jury. It is estimated that this is a 5 day jury trial.

Respectfully submitted,

/s/ Thomas F. Friedberg, Esq.
Thomas F. Friedberg
VI Bar 1006
*Attorney for Plaintiffs*
1005 Rosecrans Street, Suite 202
P.O. Box 6814
San Diego, CA, 92166
(619)557-0101
tom@lawofficefb.com

/s / Jeffrey C. Cosby, Esq.
Jeffrey C. Cosby, Esq.
Florida Bar No. 967981
Service to: eservice@wlclaw.com

*F&B v. Daybreak*
*USCD Case No. 3:19-cv-0053-RAM-GAT*
*Rule 26(f) Proposed Discovery Plan*
*November 7, 2024*
*Page 10*

---

Attorney for Defendant Daybreak Inc
Williams, Leininger & Cosby, P.A.
301 SE Ocean Blvd., Suite 205
Stuart, FL   34994
Telephone: 772-463-8402
Facsimile: 772-463-4820

Andrew C. Simpson, Esq.
VI Bar 451
*Attorney for Defendant Daybreak Inc.*
2191 Church Street, Ste. 5
Christiansted, St. Croix
U.S. Virgin Islands 00820
(340)719-3900
asimpson@coralbrief.com

10

*F&B v. Daybreak*
*USCD Case No. 3:19-cv-0053-RAM-GAT*
*Rule 26(f) Proposed Discovery Plan*
*November 7, 2024*
*Page 11*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of November 2024, a true and correct copy of **REPORT ON PARTIES' RULE 26(f) CONFERENCE AND JOINT PROPOSED SCHEDULING PLAN** was filed on the Court's CM/ECF system, which shall provide notice to the following:

Jeffrey C. Cosby, Esq.
Florida Bar No. 967981
Service to: eservice@wlclaw.com
Attorney for Defendant Daybreak Inc
Williams, Leininger & Cosby, P.A.
301 SE Ocean Blvd., Suite 205
Stuart, FL   34994
Telephone: 772-463-8402
Facsimile: 772-463-4820

Andrew C. Simpson
**ANDREW C. SIMPSON, PC**
2191 Church St., Ste. 5
Christiansted, VI 00820
TEL : 340.719.3900
E-MAIL :asimpson@coralbrief.com

                                                    */s/ THOMAS F. FRIEDBERG*
                                                    **THOMAS F. FRIEDBERG**