IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| THOMAS F. FRIEDBERG & SARAH L. BUNGE, <br><br> Plaintiffs, <br><br> v. <br><br> DAYBREAK, INC. dba HUBER & ASSOCIATES, <br><br> Defendant. | ACTION NO. 3:19-cv-0053-RAM-EAH <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DEPOSITION OF CHIRS BUNGE AND IN OPPOSITION TO MOTION TO EXTEND FACT DISCOVERY CUT OFF**

Plaintiffs, Thomas F. Friedberg and Sarah L. Bunge, hereby file the following Opposition to Defendant's Motion to Compel the Deposition of Chris Bunge and in Opposition to Motion to Extend the Fact Discovery Cut Off (Doc. 56). The basis of this opposition is that 1) neither non-party Chris Bunge nor Plaintiffs are available on April 24, 2025, but are available on April 26, 2025; and 2) that there is no good cause to modify the Scheduling Order.

**I.**

**INTRODUCTION/FACTUAL BACKGROUND**

This is a single cause of action claim for a garden variety breach of contract arising from Defendant's failure to install cleats to secure the metal roof in breach of a specific contract term. The breach was discovered after Hurricane Irma when a portion of the metal roof was affected by wind damage which loosened and exposed the absence of cleats in the area where the roof panels loosened. (See Doc. 1). Plaintiffs' complaint was filed on July 14, 2019.

*F&B v. Daybreak*
*USCD Case No. 3:19-cv-0053-RAM-EAH*
*Plaintiffs' Opposition to Motion to Compel/Extend Fact Discovery Deadline*
*April 19, 2025*
*Page 2*

---

On October 7, 2019, Defendant file a Motion to Dismiss or Stay this action due to pending litigation in the Superior Court with the same parties. (Doc. 12). On September 24, 2025, the parties filed a joint status report advising the Court that the Superior Court case resolved. (Doc.30). On September 25, 2024, the Court issued an Order that the Motion to Dismiss/Stay was moot. (Doc. 31).

The Court held a Rule 16 Trial Management Conference on November 14, 2024, and entered a Scheduling Order the same date. (Doc. 42). The Court set the fact discovery cut off for May 7, 2025.

Between November 14, 2024, and early March 2025 Defendant did not notice or request any depositions. On March 17, 2025, Defendant was scheduled to take the deposition of Plaintiffs, Thomas Friedberg and Sarah Bunge. Defendant completed the deposition of Thomas Friedberg, but due to the length of the deposition was unable to start the deposition of Sarah Bunge. The deposition of Sarah Bunge was rescheduled to May 2, 2025.

On April 16, 2025, for the first time Defendant requested the deposition of non-party Chris Bunge, who worked for Plaintiffs at their St. John property through May 2024. Chris Bunge is Sarah Bunge's brother. Chris Bunge now resides in Okabena, Minnesota. Chirs Bunge is not a party to this lawsuit and, to date, has not been served with a subpoena for his deposition. Plaintiffs had a pre-planned business trip to Minnesota for meetings and other business obligations relating to the family farm business for which Sarah Bunge is the trustee. Plaintiffs are scheduled to fly to Minnesota on April 21, 2025, and returning to California on April 26, 2025.

*F&B v. Daybreak*
*USCD Case No. 3:19-cv-0053-RAM-EAH*
*Plaintiffs' Opposition to Motion to Compel/Extend Fact Discovery Deadline*
*April 19, 2025*
*Page 3*

---

On April 16, 2025, when the defense counsel's office requested the deposition, I initially stated that April 24, 2025 would work. I failed to check at that time with either Chris Bunge or with Sarah Bunge regarding the meetings pertaining to the family farm which was the very reason why we were flying to Minnesota. Within 1 to 2 hours of that conversation, I advised the defense counsel that April 24, 2025 would not work due to pre-planned meetings regarding the family farm. I then advised defense counsel that I would change our flight to April 27, 2025, and the deposition could take place on April 26, 2025.

I also spoke to Chris Bunge who advised me that he had prior commitments between April 22 through 25, 2025, but would make himself available for deposition on April 26, 2025. This date was offered to defense counsel who declined to accept insisting that the deposition go forward on April 24, 2025.

The parties met and conferred on April 17, 2025. The offer to go forward with the deposition on April 26, 2025, was again extended. Defense counsel has refused and insists that the deposition of non-party Chris Bunge go forward on April 24, 2025. Defense counsel did not offer a reason as to why April 26, 2025, would not work other than to state that he did not want to take the deposition on this date.

The defense counsel has now filed a Motion to Compel seeking to compel non-party Chris Bunge to attend his deposition on April 24, 2025, a date which is not available for either Chris Bunge or Plaintiffs. The date of April 26, 2025, is still available if defense counsel wants to depose

*F&B v. Daybreak*
USCD Case No. 3:19-cv-0053-RAM-EAH
Plaintiffs' Opposition to Motion to Compel/Extend Fact Discovery Deadline
April 19, 2025
Page 4

---

Chris Bunge. Plaintiffs oppose the deposition of non-party Chris Bunge going forward on April 24, 2025, due to the unavailability of Chris Bunge and Plaintiffs.

The defense counsel is also requesting that the Court modify the Scheduling Order to extend the fact discovery cut off for the deposition of Chris Bunge to July 1, 2025. This request is objected to since there has been no showing of good cause to modify the Scheduling Order. First, defense counsel waited over 4 months after the Scheduling Order was entered to even request the deposition of non-party Chris Bunge. Second, the request for the deposition was made 3 weeks prior to the close of fact discovery. Third, the defense counsel has been provided a confirmed date for the deposition of April 26, 2025, which can either be taken in person or by zoom.

There has not been any showing of good cause why defense counsel did not seek to take the deposition earlier to accommodate the fact discovery cut off or why defense counsel cannot take the deposition on the April 26, 2025, date that non-party witness Chris Bunge is available. Defense counsel instead seeks a Court Order compelling non-party Chris Bunge (who has not been subpoenaed) to appear on April 24, 2025, a date that is not available for Chris Bunge or Plaintiffs.

**II.**

**DEFENDANT'S HAVE FAILED TO ESTABLISH GOOD CAUSE FOR THE RELIEF REQUESTED**

Defendant's seek to 1) compel the deposition of non-party Chris Bunge for a date when he is not available despite offering a date just 2 days later; and 2) Defendant's seek to Modify the Scheduling Order to extend the fact discovery cut off due even though non-party Chris Bunge has

4

*F&B v. Daybreak*
USCD Case No. 3:19-cv-0053-RAM-EAH
*Plaintiffs' Opposition to Motion to Compel/Extend Fact Discovery Deadline*
April 19, 2025
Page 5

---

agreed to make himself available for deposition on April 26, 2025, within the fact discovery period. These requests should be denied since defense counsel has failed to show good cause.

Under Fed.R.Civ.P. 16(b)(4) a schedule may be modified only for good cause and with the judge's consent. Here, defense counsel fails to even mention in its motion that non-party Chris Bunge is not available on April 24, 2025, but is available 2 days later on April 26, 2025. Defense counsel has further failed to state anything in its motion why the deposition cannot be taken on Apil 26, 2025. Defense counsel is hanging its hat on the fact that on April 16, 2025, the date of April 24, 2025 was mistakenly agreed to by Plaintiffs' counsel but was corrected within 1 to 2 hours when Plaintiffs' counsel advised defense counsel that April 24, 2025, was not an available date and April 26, 2025, was proposed. The date of April 26, 2025, is still available if defense counsel wants to take the deposition of non-party Chris Bunge. Defense counsel's motion fails to even address the April 26, 2025, date, let alone set forth any facts to establish good cause why the deposition cannot go forward on April 26, 2025.

Defense counsel then also wants to extend the fact discovery cut off to July 1, 2025. This request is opposed for the following reasons: 1) no good cause has been shown why the fact discovery cut off should be extended; 2) the currently open fact discovery matters can be completed prior to the deadline of May 7, 2025; 3) a modification of the fact discovery deadline would affect the remaining items on the Scheduling Order, including the mediation now set before David Nichols on June 3, 2025 – mediation commencement deadline is June 6, 2025, Rule 26 expert reports for Plaintiffs due July 15, 2025, Rule 26 expert reports for the defense due August

5

*F&B v. Daybreak*
USCD Case No. 3:19-cv-0053-RAM-EAH
Plaintiffs' Opposition to Motion to Compel/Extend Fact Discovery Deadline
April 19, 2025
Page 6

---

15, 2025; and 4) the remaining discovery consisting of 3 other depositions and the site inspection will be completed prior to the deadline. The deposition of Barry Huber is set for April 28, 2025, the deposition of Sarah Bunge scheduled for May 2, 2025, and the site inspection is scheduled for May 6, 2025. The only other deposition to be taken is Micha Cady, one of Defendant's workers which is tentatively set for May 2, 2025, prior to the deposition of Sarah Bunge, and can be completed prior to May 7, 2025.

Defense counsel represented that he could complete the deposition of Chris Bunge in 1 ½ hours. As an accommodation, Plaintiffs counsel and Chris Bunge will agree to the April 24, 2025, date if the deposition can start by 8:00 am and be completed no later than 10:00 am so that Plaintiffs' counsel and Chris Bunge's previously scheduled meetings can still take place on April 24, 2025. If this hard stop time is not agreeable, then April 26, 2025, is the other option.

### III.

### CONCLUSION

WHEREFORE, Plaintiffs request that the Court deny Defendant's Motion to Compel the deposition of non-party Chris Bunge and further deny the request to modify the Scheduling Order to extend the fact discovery cut off.

Plaintiffs further request that in the event the Court sets a hearing, that the Court be aware Plaintiffs are traveling from California to Minnesota on April 21, 2025, and not available for either a remote or in person appearance. Plaintiffs also request that in the event the Court does schedule

6

*F&B v. Daybreak*
*USCD Case No. 3:19-cv-0053-RAM-EAH*
*Plaintiffs' Opposition to Motion to Compel/Extend Fact Discovery Deadline*
*April 19, 2025*
*Page 7*

---

a hearing on this matter, that Plaintiffs be allowed to appear remotely since they will be in Minnesota and unable to travel to St. Croix.

Dated: April 19, 2025  **LAW OFFICES OF FRIEDBERG & BUNGE**

By: */s/ THOMAS F. FRIEDBERG, ESQ.*
THOMAS F. FRIEDBERG, ESQ.(VI#1006)
Attorneys for Plaintiffs THOMAS F. FRIEDBERG & SARAH L. BUNGE
**THE LAW OFFICES OF FRIEDBERG & BUNGE**
1005 ROSECRANS STREET, SUITE 202
PO BOX 6814
SAN DIEGO, CALIFORNIA 92166
TEL : (619)557-0101
FAX : (619)557-0560
E-mail : "tom@lawofficefb.com"

*F&B v. Daybreak*
USCD Case No. 3:19-cv-0053-RAM-EAH
*Plaintiffs' Opposition to Motion to Compel/Extend Fact Discovery Deadline*
*April 19, 2025*
*Page  8*

_____

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of April 2025, a true and correct copy of **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DEPOSITION OF CHIRS BUNGE AND IN OPPOSITION TO MOTION TO EXTEND FACT DISCOVERY CUT OFF** was filed the CM/ECF system which will provide notice to the following:

Jeffrey C. Cosby, Esq.
Florida Bar No. 967981
Service to: eservice@wlclaw.com
Attorney for Defendant Daybreak Inc
Williams, Leininger & Cosby, P.A.
301 SE Ocean Blvd., Suite 205
Stuart, FL   34994
Telephone: 772-463-8402
Facsimile: 772-463-4820


Andrew C. Simpson
**ANDREW C. SIMPSON, PC**
2191 Church St., Ste. 5
Christiansted, VI 00820
TEL : 340.719.3900
E-MAIL :asimpson@coralbrief.com



                                                             /s/ *THOMAS F. FRIEDBERG*
                                                            **THOMAS F. FRIEDBERG**

8