# IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| THOMAS F. FRIEDBERG & SARAH L. BUNGE, | CIVIL ACTION NO. 3:19-cv-0053 |
| Plaintiffs, | |
| v. | |
| DAYBREAK, INC. dba HUBER & ASSOCIATES, | |
| Defendant. | |

**PLAINTIFFS' RESPONSES TO DEFENDANT'S INTERROGATORIES**

PROPOUNDING PARTY    :    Defendant, DAYBREAK, INC dba HUBER & ASSOCIATES

RESPONDING PARTY    :    Plaintiffs, THOMAS F. FRIEDBERG & SARAH L. BUNGE

SET NO.    :    ONE

**PRELIMINARY STATEMENT**

These responses are made solely for the purposes of, and in relation to, this action. Each answer is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility) which would require the exclusion of any statement contained herein if the interrogatory were asked of, or any response were made by, a witness present and testifying in court. All such objections and grounds therefor are reserved and may be interposed at the time of trial. Plaintiff has not yet fully completed investigation of the facts relating to this case, has not fully completed discovery in this action, and has not completed preparations for trial. These answers are based only upon such information and

Exhibit "A"

documents which are presently available to and specifically known to responding party and they disclose only those contentions which presently occur to responding party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and/or variations in these responses.

The following interrogatory responses are given without prejudice to plaintiff's right to produce evidence of any subsequently discovered facts which plaintiff may later recall. Plaintiff accordingly reserves the right to produce evidence of any subsequently discovered facts and the right to change any and all responses as additional facts are ascertained, analyses and contentions are made and legal research is completed. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal conclusions as is presently known, but should in no way be to the prejudice of responding party in relation to further discovery, research or analysis.

## GENERAL OBJECTIONS

The propounding party prefaces the interrogatories with certain instructions and definitions. Objection is made to these instructions and definitions insofar as they purport to relate to persons and entities not under the control of the responding party. Objection is further made to the entire set of interrogatories on the grounds that boiler plate definitions and instructions make the interrogatories overboard, burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the scope of definitions and instructions causes the interrogatories to impermissibly seek information that is subject to the attorney-client and attorney

work product privileges. Objection is also made to the definitions and instructions insofar as they purport to expand the requirements of the Federal Code of Civil Procedure.

Objection is further made to the interrogatories for requiring information protected by the attorney-client privilege and the work product doctrine.

## RESPONSES AND SPECIFIC OBJECTIONS

Subject to the above preliminary statement and notwithstanding the above general objections, and without waiving those objections, plaintiff responds as follows:

### INTERROGATORY NO. 1:

What is the name and address of the person answering these interrogatories, and, if applicable, the person' official position or relationship with the party to whom the interrogatories are directed?

### RESPONSE TO INTERROGATORY NO. 1:

Thomas F. Friedberg, 1005 Rosecrans Street, Suite 202, PO Box 6814, San Diego, California 92166.

### INTERROGATORY NO. 2:

List all former names and when you were known by those names, all addresses where you have lived for the past 10 years, the dates you lived at each address, your Social Security number, your date or birth, and, if you are or have ever been married, the name of your spouse or spouses.

    a.    Former names:
    b.    Past addresses with dates:
    c.    Social Security Number:
    d.    Driver License Number:
    e.    Date of Birth:
    f.    Name(s) of spouse(s):

**RESPONSE TO INTERROGATORY NO. 2:**

a. Not applicable.

b. Objection: The requested information is neither relevant to the subject matter nor is it reasonably calculated to lead to the discovery of admissible evidence. Further, the requested information is an invasion of Plaintiff's right to privacy. The requested information is also not proportional to the needs of the case.

c. Objection: The requested information is neither relevant to the subject matter nor is it reasonably calculated to lead to the discovery of admissible evidence. Further, the requested information is an invasion of Plaintiff's right to privacy. The requested information is also not proportional to the needs of the case.

d. Objection: The requested information is neither relevant to the subject matter nor is it reasonably calculated to lead to the discovery of admissible evidence. Further, the requested information is an invasion of Plaintiff's right to privacy. The requested information is also not proportional to the needs of the case.

e. June 3, 1958.

f. Sarah L. Bunge.

**INTERROGATORY NO. 3:**

Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence, breach of contract, or breach of any duty, or that was a contributing legal cause of your alleged damages.

**RESPONSE TO INTERROGATORY NO. 3:**

The basis of this claim is that the contract required that cleats be installed 9 inches on center for all copper runs and this was not done on the main house, resulting in a portion of the main

house roof coming off during Hurricane Irma. In contrast, the claims that are being litigated in the Superior Court lawsuit deal with leaks in the roofs of the gate house and garage/studio caused by other breaches of the roofing contract and different deficiencies in Daybreak's work. (Complaint at ¶¶ 10, 12)

The cleats under the main roof were not visible when Plaintiffs filed their counterclaim in the Superior Court Action in 2010. For that reason, the latent defects in the main roof were not known to Plaintiffs at the time and were therefore not included in the Superior Court Action. Plaintiffs did not learn that Daybreak had not installed the cleats to secure the roof until Hurricane Irma peeled the copper panels from the main house roof in September 2017. As permitted by 5 V.I.C. § 32b, Plaintiffs timely filed in this Court a separate action for damages caused by the latent defects in the main house roof.

Furthermore, Plaintiffs have alleged in their Complaint facts showing that Daybreak's failure to install cleats on the main house roof was a latent defect that was not apparent by reasonable inspection prior to September 6, 2017, when Hurricane Irma exposed the defects in the main house roof. (Complaint at ¶¶ 8, 10, 11.) Pursuant to 5 V.I.C. § 32b Plaintiffs' action for breach of contract was timely filed after the latent defect was discovered.

**INTERROGATORY NO. 4:**

Describe each item for which you are claiming damages in this case, specifying the nature of the item, and the amount of damages you are seeking and which of the claims relate to the work of this Defendant.

**RESPONSE TO INTERROGATORY NO. 4:**

Repair/replacement of the roof of the main house due to separation of the pans which were not properly secured by the cleats as required by the contract. The cost of repair/replacement as of 2018 is contained in the documents provided in Plaintiff's Initial Rule 26 disclosures.

**INTERROGATORY NO. 5:**

List each item of expense or damage that you claim to have incurred as a result of the incidents described in the Complaint, giving for each item the date incurred, the name and business address of the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred.

**RESPONSE TO INTERROGATORY NO. 5:**

The itemized cost of repair/replacement as of 2018 is contained in the documents provided in Plaintiff's Initial Rule 26 disclosures along with the persons/entities that provided the costs of repair/replacement.

**INTERROGATORY NO. 6:**

Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories and if so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

**RESPONSE TO INTERROGATORY NO. 6:**

No.

**INTERROGATORY NO. 7:**

List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the allegations in the Complaint and specify the subject matter about which the witness has knowledge.

**RESPONSE TO INTERROGATORY NO. 7:**

1. Thomas F. Friedberg, c/o The Law Offices of Friedberg & Bunge, 1005 Rosecrans Street, Suite 202, PO Box 6814, San Diego, California 92166. Mr. Friedberg is a Plaintiff and owner of the property at 168 Chocolate Hole, St. John, Virgin Islands. Mr. Friedberg will testify as to the matters alleged in the Complaint and the contract with Defendant and the damage from Hurricane Irma.

2. Sarah L. Bunge, c/o The Law Offices of Friedberg & Bunge, 1005 Rosecrans Street, Suite 202, PO Box 6814, San Diego, California 92166. Ms. Bunge is a Plaintiff and owner of the property at 168 Chocolate Hole, St. John, Virgin Islands. Ms. Bunge will testify as to the matters alleged in the Complaint and the contract with Defendant and the damage from Hurricane Irma.

3. Arthur Sanders, AIA, Hoffman Architects, Inc., 2321 Whitney Avenue, Hamden, Connecticut 06518. Mr. Hoffman inspected the roof prior to Hurricane Irma and after Hurricane Irma and is expected to testify as to the pre-storm and post-storm condition of the roof, the failure to follow the contractual requirements regarding spacing of hurricane clips/cleats, the failure of the roof panels due to the improper installation of the roof clips/cleats and the costs of repair.

4. Richard Maiocio, F.J. Dahill Co., Inc., 176 Forbes Avenue, PO Box 9578, New Haven, Connecticut 06575. Mr. Maiocio inspected the roof following hurricane Irma as is expected to testify as to the post-storm condition of the roof, the failure to follow the contractual requirements regarding spacing of hurricane clips/cleats, the failure of the roof panels due to the improper installation of the roof clips/cleats and the costs of repair.

5.	Barry Huber.

6.	Employees of Daybreak, Inc., who installed the roof and include: Ron Baker; Micah Cady; Ralph Laverdure; Peter Laughlin; Timothy Petersen; Austin Schlimmer and Brandon Novak

**INTERROGATORY NO. 8:**

Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit and if so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiffs and Defendant have not communicated regarding this loss nor have they communicated after Hurricane Irma.

**INTERROGATORY NO. 9:**

State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plans, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**RESPONSE TO INTERROGATORY NO. 9:**

The individuals listed in response to interrogatory number 7 (1 through 5).

**INTERROGATORY NO. 10:**

Do you intend to call any expert witnesses at the trial of this case and if so, state as each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the

facts and opinions to which the witness is expected to testify and a summary of the grounds for each opinion.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection: Attorney work product privilege. The date for disclosure of experts and Rule 26 expert reports is governed by the Court's Trial Management Order.

**INTERROGATORY NO. 11:**

Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued for in this case and if so, state the terms of the agreement and the parties to it.

**RESPONSE TO INTERROGATORY NO. 11:**

No.

**INTERROGATORY NO. 12:**

Describe in detail all actions taken by you to prevent or correct the items complained of in this action, including all actions taken by you to mitigate your losses.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiffs had Dahill visit the site after Hurricane Irma and temporary repairs were made to secure the roof.

**INTERROGATORY NO. 13:**

Please state if you have ever been a party, either Plaintiff or Defendant, in a lawsuit other than the present matter, and, if so, state whether you were Plaintiff or Defendant, the nature of the action, and the date and court in which such suit was filed.

**RESPONSE TO INTERROGATORY NO. 13:**

The requested information is neither relevant to the subject matter nor is it reasonably calculated to lead to the discovery of admissible evidence. Further, the requested information is also not proportional to the needs of the case.

**INTERROGATORY NO. 14:**

Describe in detail how any work performed by or on behalf of the parties was not performed according to any applicable code, law, architectural drawings, or specification(s).

**RESPONSE TO INTERROGATORY NO. 14:**

See response to interrogatory number 3.

**INTERROGATORY NO. 15:**

List the names, addresses and telephone numbers of each person who has inspected or examined the property described in your Complaint since the beginning of your relationship with the Defendant, Daybreak, Inc, and state the date of the inspection or examination, identify what was inspected or examined, whether a report was generated, whether the inspector or examiner performed any work at the property, and the result(s) of any inspection(s).

**RESPONSE TO INTERROGATORY NO. 15:**

Objection: Attorney work product privilege. Any inspections were conducted by Plaintiffs' consulting experts. The date for disclosure of experts and Rule 26 expert reports is governed by the Court's Trial Management Order.

**INTERROGATORY NO. 16:**

State whether the work performed by Daybreak, Inc was inspected by any city, county, state or other governmental official(s), and, if so, state the date of inspection, the name and address of the inspector, and state whether the work passed inspection. If said work failed any inspection, state the specific nature of the failure.

**RESPONSE TO INTERROGATORY NO. 16:**

No.

**INTERROGATORY NO. 17:**

Please give the name and address of your principal site representative(s) primarily assigned during the course of work on the project which is the subject matter of this litigation.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiffs were jointly the site representatives during the course of the work performed by Defendant.

**INTERROGATORY NO. 18:**

Describe in detail all communications with the parties relating to the design, construction, or demolition of the project at issue, the date of the conversation, and state the name of the representative of the party that you communicated with.

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiffs and Defendant's principal had numerous conversations prior to and during the project which have been detailed in prior discovery in the Superior Court action and are equally available to both parties. Since the date of the damage from Hurricane Irma, there have been no communications between Plaintiffs and Defendant's principal.

**INTERROGATORY NO. 19:**

Describe in detail all communications with the parties relating to alleged construction defects concerning the project at issue, the date of the communication, and state the name of the representative of the party that you communicated with.

**RESPONSE TO INTERROGATORY NO. 19:**

Plaintiffs and Defendant's principal had numerous conversations prior to and during the project which have been detailed in prior discovery in the Superior Court action and are equally available to both parties. Since the date of the damage from Hurricane Irma, there have been no

communications between Plaintiffs and Defendant's principal. Prior to the work being commenced, Defendant modified the contract and charged additional amounts to provide and install the cleats alleged above to be installed at specified intervals. The cleats were not installed pursuant to the contract.

**INTERROGATORY NO. 20:**

Have you made any claim with your insurance company for the damage to the roof that occurred during Hurricane Irma? If so, what is the claim number for the claim?

**RESPONSE TO INTERROGATORY NO. 20:**

There was not a claim for the main roof.

**INTERROGATORY NO. 21:**

What is the name, phone number, address, and any other contact information for any insurance company that insures the subject property?

**RESPONSE TO INTERROGATORY NO. 21:**

The property was insured at the time the work was performed with Island Heritage, policy number IHG54145.

**INTERROGATORY NO. 22:**

Please describe any remedial work preformed to repair the roof that was damaged during Hurricane Irma including the name and contact information for anyone who made the repairs.

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiffs had Dahill visit the site after Hurricane Irma and temporary repairs were made to secure the roof.

**INTERROGATORY NO. 23:**

What is the name and contact information for the individual or company that performed the investigation as alleged in the complaint?

**RESPONSE TO INTERROGATORY NO. 23:**

Objection: Attorney work product privilege. Any inspection was conducted by Plaintiff's consulting experts. The date for disclosure of experts and Rule 26 expert reports is governed by the Court's Trial Management Order.

**INTERROGATORY NO. 24:**

Please describe what claims you allege were covered in the Superior Court of the Virgin Islands Court Case No. ST-10-cv-716 settlement that was reached by the parties.

**RESPONSE TO INTERROGATORY NO. 24:**

Objection: Attorney work product privilege. However, without waiver, the Superior Court action consists of a claim by Daybreak that the entire bill for the roof was not paid and a counterclaim brought by Plaintiffs alleging construction defects that resulted in the roof leaking and resulting damage to Plaintiffs' home. The counterclaim is based on leaks to the roof. The claims in the Superior Court Action are limited to the two upper buildings—the gate house and the garage/studio. (Counterclaim in Superior Court Action ("Counterclaim") at ¶¶ 9, 12, 17, 20 [Document #: 12-2]. During the course of discovery, discovery responses stated that the cost of repair for three buildings was $210,000, which was based on an initial cost of repair estimate of $219,689.50. The scope of repair for this cost of repair was limited to repairing the copper roofs on the upper buildings. There was one line item for replacing caulk on the main house of $930.00.

In the Superior Court Action, after the initial cost of repair estimate was provided to Defendants, Plaintiffs' expert noted that there were cracks in some of the runs of the copper panels on the main house and a report was submitted to include a cost of repair of additional areas of the roof. These cracks are not the same as the separation of copper panels that were supposed to be held in place with cleats as alleged in the present lawsuit.

**INTERROGATORY NO. 25:**

Please provide an explanation of how the claims filed in this action differ from the claims filed in Virgin Islands Court Case No. ST-10-cv-716.

**RESPONSE TO INTERROGATORY NO. 25:**

Objection: Attorney work product privilege. However, without waiver, the Superior Court action consists of a claim by Daybreak that the entire bill for the roof was not paid and a counterclaim brought by Plaintiffs alleging construction defects that resulted in the roof leaking and resulting damage to Plaintiffs' home. The counterclaim is based on leaks to the roof. The claims in the Superior Court Action are limited to the two upper buildings—the gate house and the garage/studio. (Counterclaim in Superior Court Action ("Counterclaim") at ¶¶ 9, 12, 17, 20 [Document #: 12-2]. During the course of discovery, discovery responses stated that the cost of repair for three buildings was $210,000, which was based on an initial cost of repair estimate of $219,689.50. The scope of repair for this cost of repair was limited to repairing the copper roofs on the upper buildings. There was one line item for replacing caulk on the main house of $930.00.

In the Superior Court Action, after the initial cost of repair estimate was provided to Defendants, Plaintiffs' expert noted that there were cracks in some of the runs of the copper panels on the main house and a report was submitted to include a cost of repair of additional areas of the roof. These cracks are not the same as the separation of copper panels that were supposed to be held in place with cleats as alleged in the present lawsuit.

By: /s/ THOMAS F. FRIEDBERG, ESQ.
THOMAS F. FRIEDBERG, ESQ.(VI#1006)
Attorneys for Plaintiffs THOMAS F.
FRIEDBERG & SARAH L. BUNGE
**THE LAW OFFICES OF FRIEDBERG & BUNGE**
1005 ROSECRANS STREET, SUITE 202

PO BOX 6814
SAN DIEGO, CALIFORNIA 92166
TEL : (619)557-0101
FAX : (619)557-0560
E-mail : "tom@lawofficefb.com"

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of December 2024, a true and correct copy of **PLAINTIFFS' RESPONSES TO INTERROGATORIES** was e-mailed to the following:

Jeffrey C. Cosby, Esq.

Florida Bar No. 967981

Service to: eservice@wlclaw.com

Attorney for Defendant Daybreak Inc

Williams, Leininger & Cosby, P.A.

301 SE Ocean Blvd., Suite 205

Stuart, FL  34994

Telephone: 772-463-8402

Facsimile: 772-463-4820


Andrew C. Simpson

**ANDREW C. SIMPSON, PC**

2191 Church St., Ste. 5

Christiansted, VI 00820

TEL : 340.719.3900

E-MAIL :asimpson@coralbrief.com


　　　　　　　　　　　　　　　　　　　　　　 /s/ THOMAS F. FRIEDBERG

　　　　　　　　　　　　　　　　　　　　　　**THOMAS F. FRIEDBERG**