Exhibit "C"

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| THOMAS F. FRIEDBERG & SARAH L. BUNGE,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAND HERITAGE INSURANCE COMPANY, LTD.<br><br>Defendant. | CIVIL CASE NO. –0000489<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

RECEIVED 19 AUG 23 PM 2: [illegible] SUPERIOR COURT

Plaintiffs, THOMAS F. FRIEDBERG and SARAH L. BUNGE, hereby allege as follows:

### JURISDICTION AND VENUE

1. Plaintiffs, THOMAS F. FRIEDBERG and SARAH L. BUNGE, are residents of the County of San Diego, State of California

2. Defendant, ISLAND HERITAGE INSURANCE COMPANY, LTD., (hereinafter "ISLAND HERITAGE") is, and was, an insurance company based in the Cayman Islands and, at all times herein mentioned, was authorized and licensed to do business as a casualty insurance company within the Territory of the United States Virgin Islands.

3. This Court is the proper venue to bring this action since the subject matter of the controversy occurred within the Territory of the United States Virgin Islands, St. Thomas and St. John Division.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

4. Plaintiffs realleges paragraphs 1 through 3, and incorporates the same be reference as a part hereof as though fully set forth herein.

5. Plaintiffs are the owners of 168 Chocolate Hole, St. John, Virgin Islands, which is a residential home (hereinafter referred to as "The Property"). Starting in or about 2003 and continuing

each and every year through December 2018, Plaintiffs purchased a policy of homeowners insurance which included windstorm, property and casualty insurance in the amount of $1,000,000, policy number IHG54145 (hereinafter referred to as "The Policy"). The policy has been renewed annually each and every year and was in full force and effect between December 19, 2016 through December 19, 2017. A true and correct copy of the coverage renewal summary for the period of time between December 19, 2016 through December 19, 2017, is attached hereto as Exhibit "A," and incorporated herein by this reference.

6. On or about September 6, 2017, while The Policy was in full force and effect, the United States Virgin Islands was struck by Hurricane Irma. The Property sustained damage, which was covered under The Policy.

7. On October 27, 2017, Plaintiffs in writing timely notified ISLAND HERITAGE of the loss to The Property through their agent, Theodore Tunick and Company and requested that an adjuster evaluate and adjust the damage to The Property.

8. Defendant ISLAND HERITAGE failed and refused to acknowledge the existence of the policy or that The Property was covered by The Policy. Defendant ISLAND HERITAGE failed and refused to timely assign an adjuster to assess or adjust the loss to The Property.

9. Plaintiffs thereafter hired an architect to evaluate the damage and estimate the cost of repair to the buildings on The Property. On or about September 1, 2018, Plaintiffs provided Defendant, ISLAND HERITAGE, with a Proof of Loss and a comprehensive report of the architect regarding the nature, extent and cost of repair to the buildings on The Property. Plaintiffs requested that Defendant, ISLAND HERITAGE, pay for the loss as set forth in the damage assessment reports.

10. Instead of paying any of the claimed losses to the buildings on The Property, Defendant ISLAND HERITAGE took the position that The Policy did not cover all of the buildings on The Property. Defendant, ISLAND HERITAGE, failed and refused to pay for any damage to any of the buildings on The Property.

10. Plaintiffs requested the basis for Defendant's assertion that The Policy did not cover the entire property and for Defendant to cite the specific policy language that they were relying on in asserting that The Policy did not cover all structures on The Property. Defendant eventually stated

that there was no specific policy language within The Policy to support their position, but rather is was their belief that The Policy should not cover all of the buildings on The Property. Plaintiffs thereafter requested an advance on The Policy to reimburse Plaintiffs for actual out of pocket expenses that were incurred. At all times, Defendant, ISLAND HERITAGE, has refused to any advance or reimbursement for repairs actually undertaken.

11. At all times herein mentioned, Defendant, ISLAND HERITAGE, has refused to issue any payment whatsoever or even agree that any sum or sums are due under The Policy.

12. At all times herein mentioned, Defendant, ISLAND HERITAGE, were under the obligation and had the duty to: (a) act in "good faith, abstain from deception and practice honesty and equity in all insurance matters" (22 V.I.C. § 2); (b) avoid misrepresenting the nature and extent of the policy coverages provided (22 V.I.C. § 1209); (c) refrain from false representations and unfair practices (22 V.I.C. §§ 1201, 1204); and (d) had an affirmative duty to adequately, properly and timely adjust Plaintiffs' losses and damages.

13. Pursuant to 22 V.I.C. § 228, Defendant, ISLAND HERITAGE, as insurers doing business in the Virgin Islands is required within 30 calender days from the date on which a Proof of Loss has been submitted to them to pay or reject the claim.

14. The 30 day period for Defendant, ISLAND HERITAGE, to pay or reject the claim expired on or about October 1, 2018. To date, Defendant, ISLAND HERITAGE, has not paid any portion of Plaintiffs' claim or rejected Plaintiffs' claim within the statutory time frame.

15. As of this date, Plaintiffs have not received an offer towards settlement or completed adjustment for the buildings on The Property that were damaged by Hurricane Irma, despite being provided with a comprehensive cost and scope of repair.

16. Plaintiffs are informed and believes, and based thereupon alleges, that Defendant's acts and omissions, as hereinabove alleged, are, and were, intentional and calculated to deprive Virgin Islands policyholders, including Plaintiffs herein, or their rights and privileges under polices underwritten by Defendant and in violation of Virgin Islands law and the duly promulgated regulations and orders governing insurance in the Virgin Islands.

17. Defendant's refusal to properly assess, adjust and pay Plaintiffs, in accordance with

its policy obligations and Virgin Islands law is a breach of its fiduciary duties and obligations it owes to its policyholders, including Plaintiffs.

18. Defendant failed to adequately and properly investigate, assess and adjust Plaintiffs' claims, and its initial failure to adequately and properly investigate, assess and adjust Plaintiffs' claims after being put on notice of the claims violates the orders of the Virgin Islands Lt. Governor in his capacity as the Commissioner of Insurance regarding the timely adjustment and resolution of Hurricane Irma claims.

19. Defendant's statement that all of the buildings on The Property were not covered by The Policy was a known misrepresentation of the language of The Policy. At the time Defendant made the statement that all of the buildings on The Property were not covered by The Policy, Defendant had known that this was untrue. Defendant had been collecting an average premium from Plaintiffs of $20,000 per year for approximately 15 years for all of the buildings on The Property to prior Hurricane Irma striking, for total premiums paid of approximately $300,000 over the time that Plaintiffs had been paying premiums to Defendant, ISLAND HERITAGE, through its local agent, Theodore Tunick & Company.

20. Defendant, ISLAND HERITAGE, has been charging and collecting its premiums for coverage of all of the buildings on The Property and has reaped the benefits of its premiums for years while it has been charging premiums which include the risk of hurricane damage without having to pay out on windstorm claims since there has not been any significant wind storms or hurricanes for over two decades. Since Hurricane Irma stuck the Territory and caused significant damage, Defendant ISLAND HERITAGE has willfully, deliberately and intentionally refused to comply with the terms and conditions of their insurance policy with Plaintiffs, and have failed and refused to comply with the provisions of the Virgin Islands Insurance Code and the regulations and orders of the Virgin Islands Lt. Governor in his capacity as Commissioner of Insurance.

21. Plaintiffs are informed and believe, and based thereupon alleges, the Defendant, ISLAND HERITAGE, has not made a good faith effort to adjust Plaintiffs' claims for Hurricane Irma damages and losses, and as a result, Plaintiffs have suffered and continue to suffer damages and losses, including economic losses for which Defendant is jointly and severally liable.

22. Plaintiffs are informed and believe, and based thereupon allege, that Defendant, ISLAND HERITAGE's actions have been intentional, willful, wanton, deliberate and/or reckless and have been made in a bad faith attempt to deprive Plaintiffs of their rights under The Policy.

23. As a result of the foregoing, as herein alleged, Defendant is liable to Plaintiffs for compensatory and consequential damages, including but not limited to delay damages, and punitive damages for their outrageous, willful and wanton misconduct, as well as for costs, expenses, attorneys' fees and for pre-judgment interest from the date of the lost to the date of judgment.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

24. Plaintiffs realleges paragraphs 1 through 23, and incorporates the same be reference as a part hereof as though fully set forth herein.

25. At all times herein mentioned, Defendant, ISLAND HERITAGE, had entered into a contractual relationship with Plaintiffs by offering The Policy for all of the buildings on The Property, which Plaintiffs accepted and paid in full.

26. Plaintiffs have made a demand upon Defendant, ISLAND HERITAGE, to provide payments pursuant to The Policy in order to effect repairs on The Property, but to date, Defendant has failed and refused, and continues to fail and refuse to provide the costs of repair as well as other policy benefits under The Policy. As a result of Defendant's refusal to provide payment for the cost of repair on The Property, Plaintiffs have sustained damages and losses.

27. Plaintiffs have duly complied with all the terms and conditions of The Policy to be performed on their part, and in accordance with the terms and conditions of The Policy, gave Defendant timely notice of the loss, and are legally entitled to recover pursuant to the provisions of The Policy from Defendant.

28. Plaintiffs have demanded that Defendants provide payments under the terms and conditions of The Policy, but Defendant has failed and refused, and continues to fail and refuse, to provide Plaintiffs benefits pursuant to the terms and conditions of The Policy, and there is now due and owing from Defendant to Plaintiffs, a sum to be proven at time of trial.

29. Notwithstanding Defendant's knowledge of their obligation to pay Plaintiffs under

1  the terms and conditions of The Policy, Defendant has failed and refused, and continues to fail and
2  refuse to pay Plaintiffs pursuant to provisions of The Policy; and as a result thereof, the conduct of
3  Defendant, as hereinabove alleged, constitutes a breach of the hereinabove described insurance
4  contract.

5      30. As a direct and proximate result of the breach of contract on the part of Defendant,
6  as hereinabove alleged, Plaintiffs have been damaged in a sum to be proven at time of trial, and have
7  incurred incidental and consequential damages together with interest on such sums at the maximum
8  legal rate from the date of breach to the present, and to be proven at time of trial.

## SECOND CAUSE OF ACTION
## (BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

11      31. Plaintiffs reallege paragraphs 1 through 30 and incorporates the same by reference as
12  a part hereof as though fully set forth herein.

13      32. Plaintiffs are informed and believe, and based hereupon allege, that implied in The
14  Policy entered into by and between Plaintiffs and Defendant, there was a covenant by Defendant that
15  they would act in good faith and deal fairly with Plaintiffs, and that Defendant would perform their
16  obligations and agree to pay Plaintiffs the benefits under The Policy.

17      33. Plaintiffs are informed and believe, and based thereupon allege, that Defendant has
18  breached their covenant of good faith and fair dealing which was implied in the insurance contract
19  entered into by and between Plaintiffs and Defendant, by failing and refusing to pay Plaintiffs' cost
20  of repair the damage to the buildings on The Property, and by reason thereof, Plaintiffs have incurred
21  a substantial amount of expenses which has not been covered by Defendant. Plaintiffs are informed
22  and believe, and based thereupon alleges, that the conduct of Defendant in not paying Plaintiffs'
23  benefits under The Policy constitutes a breach of the covenant of good faith and fair dealing, which
24  have caused Plaintiffs substantial injuries and damages, as herein alleged.

25      34. As a direct and proximate result of the breach of the implied covenant of good faith
26  and fair dealing by Defendant, Plaintiffs have been damaged in an amount to be proven at time of
27  trial, together with interest thereon, at the maximum legal rate from the date of the breach of the
28  covenant of good faith and fair dealing to present.

35. As a further direct and proximate result of the wrongful conduct of Defendant, as hereinabove alleged, Plaintiffs have sustained damages and losses, including, and other related damages, all in an amount to be proven at time of trial.

36. The aforementioned acts of Defendant, in doing the things hereinabove alleged, and in breaching the implied covenant of good faith and fair dealing was despicable, wanton, malicious and oppressive, and justifies an award of exemplary and punitive damages, all in an amount to be proven at time of trial.

### THIRD CAUSE OF ACTION
### (DECLARATORY RELIEF)

37. Plaintiffs reallege paragraphs 1 through 36, and incorporates the same by reference as part hereof as though fully set forth herein.

38. A dispute has arisen and an actual controversy now exists between Plaintiffs and Defendant, as to whether Defendant breached The Policy contract entered into by and between Plaintiffs and Defendants, and whether Defendant should pay for the cost of repair to the buildings damaged by Hurricane Irma on The Property as well as other benefits under the insurance policy. Plaintiffs are informed and believe, and based thereupon allege, that Defendant contend they are not so liable for such benefits.

39. A declaration of rights, responsibilities and obligations between Plaintiffs and Defendant is necessary and proper at this time, and essential to determine the respective rights, duties and obligations in connection with The Policy. Plaintiffs have no adequate or speedy remedy at law of any kind other than the instant action.

///
///
///
///
///
///
///

WHEREFORE, Plaintiffs prays judgment against Defendant, as follows:

1. For damages for breach of contract in an amount to be proven at time of trial, together with interest thereon at the maximum legal rate, all in an amount to be proven at time of trial;

2. For incidental and consequential damages, together with legal interest thereon at the maximum legal rate, all in an amount to be proven at time of trial;

3. For general damages, all in an amount to be proven at time of trial;

4. For incidental and consequential damages, , all in an amount to be proven at time of trial;

5. For exemplary and punitive damages on the second cause of action, all in an amount to be proven at time of trial;

6. For a judicial determination with regard to the rights, duties, obligations and liabilities of all respective parties and that Defendant is responsible for paying Plaintiffs the cost of repair to the buildings on The Property;

7. For attorneys' fees;

8. For a jury trial;

9. For costs of suit incurred herein; and,

10. For such other and further relief as this Court deems just and proper.

DATED: August 19, 2019                **LAW OFFICES OF FRIEDBERG & BUNGE**

BY: _____
THOMAS F. FRIEDBERG, ESQ.
Attorneys for Plaintiffs
Law Offices of Friedberg & Bunge
755 West A Street, Suite 100
PO Box 6814
San Diego, California 92166
TEL : (619) 557-0101
FAX : (619)557-0560
E-MAIL : "tom@lawofficefb.com"

///

///

///

**DEMAND FOR JURY**

Plaintiffs hereby demand a jury trial.

DATED: August 19, 2019          **LAW OFFICES OF FRIEDBERG & BUNGE**

BY: _____
THOMAS F. FRIEDBERG, ESQ.
Attorneys for Plaintiffs
Law Offices of Friedberg & Bunge
755 West A Street, Suite 100
PO Box 6814
San Diego, California 92166
TEL : (619) 557-0101
FAX : (619)557-0560
E-MAIL : "tom@lawofficefb.com"