# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **THOMAS F. FRIEDBERG and SARAH L. BUNGE,**<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>**DAYBREAK, INC. d/b/a HUBER & ASSOCIATES,**<br><br>　　　　　　　Defendant.<br>_____ | 3:19-cv-00053-RAM-EAH |

**TO:** Thomas F. Friedberg, Esq.
　　　Jeffrey C. Cosby, Esq.
　　　Andrew C. Simpson, Esq.

## ORDER

**THIS MATTER** comes before the Court on the Motion to Extend the Fact Discovery Deadline, filed on May 27, 2025 by Attorneys Jeffrey Cosby and Andrew Simpson on behalf of Defendant Daybreak, Inc. Dkt. No. 63. This lawsuit stems from damages that were allegedly sustained after a roof collapsed during Hurricane Irma due to a construction defect. *Id*. In the motion, Defendant states that it requested discovery from Plaintiffs regarding possible insurance or other collateral source payments for the damages claimed, but Plaintiffs said they made no insurance claims for the roof. *Id*. However, according to Defendant, during the March 17, 2025 deposition of Plaintiff Thomas Friedberg, Mr. Friedberg admitted that he made an insurance claim, sued his insurer, and entered into a settlement with the insurance company. *Id*. Defendant argues that Plaintiffs have failed to provide any documents regarding several issues, including their insurance claims. *Id*. Consequently, Defendant is seeking an extension of the lapsed discovery deadline from May 7, 2025 to July 7, 2025, to allow Defendant to subpoena records regarding Plaintiffs' insurance policy and

*Friedberg v. Daybreak*
3:19-cv-00053-RAM-EAH
Order
Page 2

reimbursements. Defendant argues that Plaintiffs' failure to disclose his insurance policies and to update his discovery disclosures after his deposition constitutes good cause for the extension, particularly since the extension will not affect any other deadlines. Defendant represents that opposing counsel does not agree with the motion or the relief requested.

The instant motion raises several questions: for example, it is unclear whether Defendant made any discovery requests of Plaintiffs following the March 17, 2025 deposition. Moreover, Defendant fails to explain why this motion for an extension is coming weeks after the close of discovery rather than as soon as Defendant realized more discovery would be necessary. Accordingly, the Court will set a hearing on the motion. However, given the need to resolve this matter quickly if discovery is only to be extended through July 7, the Court will set an expedited briefing schedule.

The premises considered, it is hereby **ORDERED:**

1. Plaintiffs shall file any response to the Motion for Extension by **June 2, 2025**.

2. Defendant shall file any reply by **June 4, 2025**.

3. The Court will hold a hearing on Defendant's Motion to Extend the Fact Discovery Deadline, Dkt. No. 63, alongside the Status Conference already set for **June 9, 2025 at 10:00 a.m. in STX Courtroom 3.** Counsel may appear remotely.

ENTER:

Dated: May 28, 2025

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE