# IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| THOMAS F. FRIEDBERG & SARAH L. BUNGE,<br><br>         Plaintiffs,<br><br>v.<br><br>DAYBREAK, INC. dba HUBER & ASSOCIATES,<br><br>         Defendant. | ACTION NO. 3:19-cv-0053-RAM-EAH<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO EXTEND FACT DISCOVERY CUT OFF

Plaintiffs, Thomas F. Friedberg and Sarah L. Bunge, hereby file the following Opposition to Defendant's Motion to Extend the Fact Discovery Cut Off (Doc. 63). Defendant's Motion is being brought after the May 7, 2025, close of fact discovery. Plaintiffs oppose the requested relief on the basis that 1) Defendant has failed to establish good cause for not complying with the fact discovery cut off contained in the scheduling order and 2) the existence of windstorm insurance in 2017 is neither relevant nor proportional to the issue as to whether Defendant breached its contractual obligation to install cleats when roofing the home in 2010.

This case is a single cause of action for breach of contract with respect to just one material term of the contract. The caption of the complaint identified the claim as "breach of contract."(Doc. 1). The contract at issue is a contract between Plaintiffs and Defendant to manufacture and install a cooper roof on Plaintiffs' home at 168 Chocolate Hole, St John in 2010. The home consists of 6 separate buildings. The only building at issue in this breach of contract claim is the main house pavilion. The gravamen of the complaint is that Defendant failed to install cleats to secure the cooper panels on a portion of the main roof causing seems to open on portions of the main house

*F&B v. Daybreak*
*USCD Case No. 3:19-cv-0053-RAM-EAH*
*Plaintiffs' Opposition to Motion to Extend Fact Discovery Deadline*
*June 1, 2025*
*Page 2*

---

pavilion. The basis of the claim is that Plaintiffs' and Defendant specifically bargained for cleats to be installed at an average of 9.5" on center in order to secure the cooper panels to the roof. The written contract specified an additional fee for the cleats to be spaced at 9.5" on center. After Hurricane Irma it was discovered that Defendant failed to install cleats on certain portions of the main house and this resulted in damage to the cooper roof. Plaintiff are not alleging a tort claim for construction defect or any tort claim damages. There was no roof collapse. Plaintiffs' claim is a garden variety breach of contract claim. Plaintiffs simply allege that Defendant agreed in its contract to cleat the cooper panels at 9.5" on center and did not do so in certain areas of the main roof, causing damage to the cooper panels in 2017 during Hurricane Irma. Plaintiffs are seeking the benefit of the bargain negotiated in the contract and the normal measure of damages for a contractual remedy.

Defendant, by its motion, characterizes the claim as a construction defect case, thereby suggesting that the claim is brought in tort and not in contract.[1] The gist of the claim is for breach of contract and not in tort. This is an important distinction since the very discovery Defendant is seeking – discovery of insurance claims to allege a potential set off – is not available in a breach of contract case.

---

[1] This will be addressed *supra*. Defendant is trying to claim that this is a tort claim to support its argument as to why it is entitled to discovery collateral source insurance information. In a breach of contact claim, the existence of an underlying insurance policy is neither relevant nor proportional to the claim since the injured party is entitled to the benefit of the bargain of the contract without any set off for collateral insurance payments. Here the benefit of the bargain is that the cooper roof would be secured by cleats at 9.5" on center to secure the cooper panels. Defendant did not comply with this contract term. Plaintiffs' allege that the roof was damaged and they are seeking the benefit of their bargain – namely a cooper roof properly secured with cleats at 9.5" on center.

2

F&B v. Daybreak
USCD Case No. 3:19-cv-0053-RAM-EAH
Plaintiffs' Opposition to Motion to Extend Fact Discovery Deadline
June 1, 2025
Page 3

---

There is no good cause to justify a modification of the Scheduling Order. The basis for Defendant's request for relief is factually incorrect because 1) the insurance information pertaining to the property was disclosed in responses to written interrogatories; 2) three months prior to the Friedberg deposition, the correct carrier and policy number were disclosed in written interrogatory responses; 3) the windstorm claim reports in Plaintiffs' were produced in the initial Rule 26 disclosures; 4) that the information requested is not discoverable as a potential collateral source set off; and 5) that granting the extension will adversely affect current deadlines. Plaintiffs' oppose the request since Defendant has misrepresented the state of the evidence in an effort to manufacture a good cause argument why this request is being brought at all, let alone, for the first time *after* the close of fact discovery.

I.

**DEFENDANT CANNOT ESTABLISH GOOD CAUSE**

The Trial Management Order set a fact discovery cut off of May 7, 2025. Defendant was well aware of this date since as late as March 2025, there were discussions regarding scheduling the remaining discovery prior to May 7, 2025, including the deposition of Chris Bunge (April 24, 2025), Sarah Bunge (May 2, 2025) and a site inspection (May 6, 2025). These were all set with specific discussions between the parties to comply with the fact discovery cut off date. Defendant made no effort to subpoena or otherwise obtain information from Plaintiffs' disclosed insurer or insurance broker at any time prior to the fact discovery cut off.

*F&B v. Daybreak*
*USCD Case No. 3:19-cv-0053-RAM-EAH*
*Plaintiffs' Opposition to Motion to Extend Fact Discovery Deadline*
*June 1, 2025*
*Page 4*

---

Defendant sent Plaintiffs a draft motion to extend the discovery cut off on May 9, 2025. Upon receipt of the draft motion, a detailed safe harbor e-mail was sent on May 10, 2025, setting forth Plaintiffs objections and outlining the failure to provide any basis to justify Defendant's delinquency and lack of due diligence. (See Exhibit "A"). On or about May 22, 2025, a modified draft motion was sent and a detailed e-mail objecting to the draft motion was sent to defense counsel on May 22, 2025. (See Exhibit "B").

Defendant has filed the present Motion to Extend the Discovery Cut Off and has made blatant misstatements.

A. The identity of the insurance carrier and policy number were disclosed in responses to Interrogatories:

On December 8, 2024, Plaintiffs' responses to interrogatory number 21 identified Island Heritage, policy number IHG54145, as the insurer of the property located at 168 Chocolate Hole. (See Exhibit "C"). The Defendant, however, contends that Plaintiffs stated that they did not have insurance. This is obviously not correct. Response number 20 referencing insurance states that "there was not a claim made for the main roof." The only claim in the present lawsuit pertains to the main roof. Defendant was put on notice in December 2024 that there was an Island Heritage policy, the policy number and that a claim was made for windstorm, but not for the main roof. Defendant's statement in its motion that Plaintiffs stated that there was no insurance on the property is a misstatement that plainly contradicts the discovery responses.

*F&B v. Daybreak*
*USCD Case No. 3:19-cv-0053-RAM-EAH*
*Plaintiffs' Opposition to Motion to Extend Fact Discovery Deadline*
*June 1, 2025*
*Page 5*

---

    B. The identity of the insurance broker was properly identified in the Deposition of Friedberg

Defendant next contends that Friedberg stated the wrong insurance carrier in his deposition taken on March 17, 2025. During the deposition, Friedberg testified that the insurance broker was Tunick Insurance on St. John. While the testimony did state that Friedberg thought the underwriter was through Lloyds, this should not be determinative since on December 8, 2024, Island Heritage and the policy number were disclosed in written interrogatory responses and the broker which procured the insurance – Tunick- was properly identified. Defendant's contention in its motion that it had no way of knowing the correct insurance carrier flies in the face of the fact Defendant attempted to issue a subpoena duces tecum on May 8, 2025, that specifically named Island Heritage **and** Tunick. Defendant had this information all along, and as early as December 8, 2024, yet did not even try to conduct discovery to these entities within the 6 months that Defendant could have done so. Defendant did not even suggest that it wanted further discovery and made no attempt to secure any further fact discovery on this issue. Yet Defendant is now making false statements in an attempt blame Plaintiffs and to manufacture good cause to excuse its failure to conduct discovery during this 5 month period of time from December 8, 2024 to the end of May 2025. The only support Defendant sets forth is that Attorney Friedberg mislead the Defendant. This was clearly not the case. Defendant simply failed to act diligently and now is casting aspersions on opposition counsel to justify its unjustifiable failure to comply with the fact discovery cut off.

5

*F&B v. Daybreak*
*USCD Case No. 3:19-cv-0053-RAM-EAH*
*Plaintiffs' Opposition to Motion to Extend Fact Discovery Deadline*
*June 1, 2025*
*Page 6*

---

    C.  Defendant was provided with the claim documentation for the Island Heritage claim.

Defendant next makes the bold assertion that Plaintiffs have failed to produce documents to support the claims made in the insurance case. Paragraph 6 of the Motion states that there were no documents produced to support the insurance claims. This is not correct. On October 16, 2025, Plaintiffs disclosed a 48 page report from their forensic architectural expert detailing the damage to the roofs of all buildings from Hurricane Irma, including the main roof, which included a cost of repair. (See Notice of Service of Plaintiffs' Initial Rule 26 Disclosures, Doc. 34). To state, in a Court filing, that no documents were produced is a blatant misstatement.

Paragraph 8 of the motion states that there is good cause to extend the discovery cut off for "Plaintiffs failure to disclose his insurance policies for the property and by failing to update their Disclosures after the deposition of Thomas Friedberg." The factual basis of these statements are incorrect since the identity of the carrier, Island Heritage, and the policy number, were disclosed in the interrogatory responses dated December 8, 2024. There was nothing to update after the Friedberg deposition regarding the insurer for the property since the name of the carrier and the policy number, as well as the name of the insurance broker that procured the policy, had been disclosed many months earlier.

The deadlines set forth in the trial management order are not suggestions. The dates are binding. Defendant is now seeking to modify the scheduling order *after* the deadline has passed. Defendant was aware of the deadline well before May 7, 2025 and had ample time to timely conduct whatever discovery it desired. Defendant is now casting aspersions on opposing counsel

6

F&B v. Daybreak
USCD Case No. 3:19-cv-0053-RAM-EAH
Plaintiffs' Opposition to Motion to Extend Fact Discovery Deadline
June 1, 2025
Page 7

---

claiming that certain information was not disclosed as justification for Defendant's failure to meet the deadlines. The suggestion that Defendant were not told in written discovery the name of the carrier and policy number on December 8, 2024, is absolutely false.

When there is a scheduling order in place, that order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(a)(4). *See Unlimited Holdings, Inc. v. Bertram Yachts, Inc.,* 2008 U.S. Dist. LEXIS 82142, at *22, 50 V.I. 727 (D.V.I. Oct. 15, 2008)(court scheduling orders are not "mere suggestions.") To establish 'good cause' under Rule 16(b)(4), 'the moving party must demonstrate that a more diligent pursuit of discovery was impossible. In addition, courts consider whether the granting the extension would prejudice the non-moving party." *Id. at *19(*quoting *Crossley v. Elliot,* 2008 U.S. Dist. LEXIS 56441, at *2 (D.V.I. Jul. 25, 2008)). In determining whether good cause exists, the must party must show that it exercised due diligence. *See Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 2020 U.S. App. LEXIS 25539, at *5 (3d Cir. Aug. 12, 2020)("[W]e have repeatedly recognized-and we reaffirm today-that whether 'good cause' exists under Rule 16(b)(4) depends in part on a plaintiff's diligence."). Additionally, where an act is required to be done by a certain time, a court may extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect. Fed.R.Civ.P. 6(b)(1)(B). Excusable neglect is a broad inquiry and "determining whether neglect is excusable is an 'equitable' determination that 'takes account of all relevant circumstances surrounding the party's omission.'" *In re O'Brien Ently. Energy, Inc.*, 188 F.3d 116, 125 (3d Cir. 1999)(quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395

7

*F&B v. Daybreak*
USCD Case No. 3:19-cv-0053-RAM-EAH
*Plaintiffs' Opposition to Motion to Extend Fact Discovery Deadline*
June 1, 2025
Page 8

---

(1983). In *Pioneer*, the Supreme Court articulated four "excusable neglect" factors: "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." 507 U.S. at 395. The moving party carries the burden of demonstrating excusable neglect. *Glasgow v. Veolia Water North America Operating Servs. LLC*, 2011 U.S. Dist. LEXIS 87292, at *10 (D.V.I. Aug.5, 2011)(citing 10 Wright & Arthur R. Miller, Federal Practice and Procedure Civil 1165 at 621-22 (3d ed. 2011)). *Clarke v. Marriott Int'l*, 2012 U.S. Dist. LEXIS 83963, at *7-8 (D.V.I. June 18, 2012)

Defendant was well aware of the fact discovery cut off in sufficient time to conduct any necessary discovery. The deadline was discussed during the Friedberg deposition on March 17, 2025, and again during the deposition of Chris Bunge on April 24, 2025 and during the deposition of Sarah Bunge on May 2, 2025. Defense counsel stated on the record during Chris Bunge's deposition that there was no time left to depose any other persons. (Chris Bunge depo. 15:18-20, Ex. "E"). The deadline was further discussed when scheduling the site visit for May 6, 2025. At no time prior to the expiration of the deadline on May 7, 2025, did Defendant ever raise the issue that you wanted to issue subpoenas or conduct other discovery after May 7, 2025.

By this Motion, Defendant is manufacturing an argument for good cause and inexcusable neglect by casting aspersions on Plaintiffs' counsel stating that the identity of the property insurer was being withheld. This is false and contrary to the evidence. The evidence is that Defendant was put on notice of the insurer and policy number 6 months ago, but failed to act after the discovery

8

*F&B v. Daybreak*
USCD Case No. 3:19-cv-0053-RAM-EAH
*Plaintiffs' Opposition to Motion to Extend Fact Discovery Deadline*
June 1, 2025
Page 9

---

cut off. Now Defendant is claiming that they should be excused from the deadlines by misstating the evidence.

Plaintiffs are prejudiced by the request to modify the scheduling order to extend discovery for 2 months. This would affect the remaining other dates in the scheduling order, including the expert disclosure dates and expert discovery cut off. Further, there may be a need to conduct further discovery depending on Island Heritage or Tunick may produce. No reason has been provided by as to why there was a failure to act prior to the expiration of the discovery cut off. No reason has been provided that the failure to conduct additional discovery prior to the expiration of the discovery cut off was outside Defendant's reasonable control. And certainly, no reason has been offered that Defendant acted in good faith – other than false facts. Defense counsel has not exercised the due diligence necessary to establish good cause.

**II.**

**DEFENDANT IS NOT ENTITLED TO THE DISCOVERY IT SEEKS SINCE THIS IS A BREACH OF CONTRACT CLAIM AND NOT A TORT CLAIM**

Defendant's motion is flawed and misrepresents to the Court the nature of the action. This is a breach of contact action and not a tort action for construction defect. This is material since the scope of discovery is controlled by the nature of the action.

Defendant states in his motion that he seeks insurance or other collateral source payments presumably to claim a set off for damages in this case. While under a tort theory this may be correct, there are no collateral source set offs under a breach of contract claim. The gist of the

9

*F&B v. Daybreak*
*USCD Case No. 3:19-cv-0053-RAM-EAH*
*Plaintiffs' Opposition to Motion to Extend Fact Discovery Deadline*
*June 1, 2025*
*Page 10*

---

lawsuit against Defendant sounds in breach of contract and not tort. While there is a statutory limitation regarding the collateral source rule for tort cases (5 V.I.C. 427), this rule only applies where there are damages based on bodily injury. *See Pedro v. Higgins,* 53.V.I.98, 2010 V.I. LEXIS 18(V.I. Super.Ct. 2010).

When interpreting the use of collateral source payments to limit damages, the courts have specifically rejected evidence of collateral source payments and refused to allow offset in breach of contact cases. While no Virgin Islands case could be found, in *Caroline-A-Contracting, LLC v. J. Scott Campell Construction Company*, the Court of Appeals in North Carolina (COA20-60 2021), explained the rationale for the distinction between contract and tort cases. In a construction case, the Court held that the defendant is not entitled to a collateral source set off.  As the Court stated, it would be unfair to allow the breaching defendant contractor to avoid the full cost of damages caused by the breach merely because the plaintiff recovered insurance proceeds from an unrelated (or collateral) source.  In accordance with nationwide precedent, the Court in *Caroline* reasoned that plaintiff paid for the insurance protection and is entitled to the benefit of that bargain.  The plaintiff is also entitled to the benefit of the bargain he made with the defendant.  The defendant contractor did not contribute to the insurance premium and is not entitled to a windfall benefit from plaintiff's insurance contract.  The plaintiff should not be punished for his prudence in contracting with an insurer and is entitled to the benefit to the bargain he purchased from each independent contractor.  Plaintiff is entitled to the insurance protection he purchased and that recovery does not excuse the defendant's breach nor reduce his liability for

*F&B v. Daybreak*
USCD Case No. 3:19-cv-0053-RAM-EAH
*Plaintiffs' Opposition to Motion to Extend Fact Discovery Deadline*
June 1, 2025
Page 11

---

damages. As the *Caroline* Court noted in its conclusion, to the extent such payments overlap and allow a double recovery, "in this situation, the injured party…not the tortfeasor…should reap any such windfall."

Other courts have consistently held that in a breach of contract case, the aggrieved party is entitled to any collateral source benefits and the wrongdoer is not entitled to any set off.[2] This is because the aggrieved party, in a breach of contact claim, is entitled to the benefit of the bargain. If there are insurance payments, the aggrieved party is also entitled to these as well without any set off.

### III.

### CONCLUSION

Defendant's entire motion is based on a series of misrepresentations in an effort to create an argument for good cause and to attempt to justify why Defendant failed to meet the required deadlines. Defendant was on notice of the name and policy number of Island Heritage since December 2024. Defendant was aware of the fact discovery cut off ordered by the Court. Yet, Defendant made no effort whatsoever to subpoena these records or conduct further discovery on this issue prior to the close of fact discovery. Defendant has offered no explanation for their extensive delay and failure to conduct discovery other than to suggest that the insurer was not disclosed, which is false. Further, even if Defendant had requested a subpoena on a timely basis, a Motion for Protective Order would have been filed since any evidence of insurance payments

---

[2] See *The Collateral Source Rule in Contact Cases*, attached as Exhibit "F".

11

*F&B v. Daybreak*
*USCD Case No. 3:19-cv-0053-RAM-EAH*
*Plaintiffs' Opposition to Motion to Extend Fact Discovery Deadline*
*June 1, 2025*
*Page 12*

cannot be a set off to the damages that Defendant will have to pay.

This Motion should clearly be denied. Defendant is trying to complicate a simple beach of contract case with red herrings. Defendant has not set forth a single truthful basis to support its Motion. Defendant has not established good cause or any cause for their delay. The requested information is not proportional to the issues in this breach of contact case. Re-opening discovery, even on a limited basis, will delay the case. The case will also be delayed since the expert report deadline and expert discovery cut off date will also need to be continued. Further, there may be the need to conduct fact discovery based on the content of the records from Island Heritage. To suggest, as Defendant has, that allowing the belated discovery will not affect the other deadlines or prejudice Plaintiff by having to potentially engage in other discovery is simply not correct. If, however, the Court is inclined to consider Defendant's request, then Plaintiff should be allowed to conduct further fact discovery with regard to the Island Heritage issues and Defendant should have to pay the cost and attorneys' fees that Plaintiffs will incur in taking further depositions regarding the Island Heritage.

Dated: June 1, 2025            **LAW OFFICES OF FRIEDBERG & BUNGE**
By: */s/ THOMAS F. FRIEDBERG, ESQ.*
THOMAS F. FRIEDBERG, ESQ.(VI#1006)
Attorneys for Plaintiffs THOMAS F. FRIEDBERG & SARAH L. BUNGE
**THE LAW OFFICES OF FRIEDBERG & BUNGE**
1005 ROSECRANS STREET, SUITE 202
PO BOX 6814
SAN DIEGO, CALIFORNIA 92166
TEL : (619)557-0101
FAX : (619)557-0560
E-mail : "tom@lawofficefb.com"

12

*F&B v. Daybreak*
*USCD Case No. 3:19-cv-0053-RAM-EAH*
*Plaintiffs' Opposition to Motion to Extend Fact Discovery Deadline*
June 1, 2025
Page 13

---

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June 2025, a true and correct copy of **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO EXTEND FACT DISCOVERY CUT OFF** was filed the CM/ECF system which will provide notice to the following:

Jeffrey C. Cosby, Esq.
Florida Bar No. 967981
Service to: eservice@wlclaw.com
Attorney for Defendant Daybreak Inc
Williams, Leininger & Cosby, P.A.
301 SE Ocean Blvd., Suite 205
Stuart, FL   34994
Telephone: 772-463-8402
Facsimile: 772-463-4820


Andrew C. Simpson
**ANDREW C. SIMPSON, PC**
2191 Church St., Ste. 5
Christiansted, VI 00820
TEL : 340.719.3900
E-MAIL :asimpson@coralbrief.com


                                                */s/ THOMAS F. FRIEDBERG*
                                                **THOMAS F. FRIEDBERG**