**tom@lawofficefb.com**

| | |
|---|---|
| **From:** | tom@lawofficefb.com |
| **Sent:** | Saturday, May 10, 2025 11:09 AM |
| **To:** | 'Mellisa Mcdaniel' |
| **Cc:** | 'Molly'; 'Jeff Cosby'; 'Sarah Bunge Esq' |
| **Subject:** | RE: Friedberg and Bunge v. Daybreak – 3:19-cv-0053 |

Good day – I have reviewed your proposed motion. This e-mail is to advise you that there are material misstatements regarding the facts set forth in your proposed motion and to put you on notice that we will pursue Rule 11 sanctions if you file the motion with these misstatements. This e-mail is being sent to you as a safe harbor to provide you with notice of the Rule 11 violations.

These misstatements are as follows:

1. Paragraph 3 of your motion states that the interrogatory responses disclosed there was no insurance on the property. This is not correct. On December 8, 2024, interrogatory response number 28 disclosed the insurer for the property as Island Heritage , policy number IHG54145.

2. Paragraphs 4 and 5 of your motion state that the name of the insurer was stated incorrectly during the deposition taken on March 17, 2025. This is incorrect. The testimony states that there was insurance on the property obtained through Tunick Insurance on St. John and that the actual carrier was believed to be part of the Lloyd's underwriting group. The identity of the underwriting group and policy number had previously been disclosed in responses to written interrogatories on December 8, 2024 .To suggest that this information was not conveyed is not correct.     Q4: 16-24

3. Paragraph 6 of your motion states that no documents supporting the insurance claim were produced in this litigation. This is not correct. In the initial Rule 26 disclosures, served on October 16, 2024, the report of Arthur Sanders, AIA, identifying the damage to the property was produced (Bates P00012 – P00060). Mr. Sanders report is dated July 30, 2018, and details damage to the property from Hurricane Irma. To state that no documents were produced which document the damage from Irma is a blatant misstatement.

4. Paragraph 8 of your motion states that there is good cause to extend the discovery cut off for "Plaintiffs failure to disclose his insurance policies for the property and by failing to update their Disclosures after the deposition of Thomas Friedberg." The factual basis of your statement is incorrect since the identity of the carrier, Island Heritage, and the policy number, were disclosed in the interrogatory responses dated December 8, 2024. There was nothing to update after my deposition regarding the insurer for the property since the name of the carrier and the policy number, as well as the name of the insurance broker that procured the policy, had been disclosed many months earlier.

This is not the first time your office has made material misstatements in pleadings. The motion to compel Chris Bunge's deposition incorrectly stated that no other deposition dates had been provided other than April 24, 2025, when in fact April 26, 2025, was also provided. Now in your proposed motion, you are misstating the state of the record to create an argument for good cause to otherwise justify your failure to timely engage in discovery. Over the past several months, you made several requests to extend the discovery cut off to which I did not agree. You were well aware of the May 7, 2025, discovery cut off as you mentioned this during the April 24, 2025, deposition of Chris Bunge and again, when you were scheduling the site inspection.

The deadlines set forth in the trial management order are not suggestions. The dates are binding. You are now seeking to modify the scheduling order *after* the deadline has passed. You were aware of the deadline well before May 7, 2025

1

and had ample time to timely conduct whatever discovery you desired. You are now casting aspersions on me claiming that certain information was not disclosed as justification for your failure to meet the deadlines. The suggestion that you were not told in written discovery the name of the carrier and policy number on December 8, 2024, is false.

When there is a scheduling order in place, that order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(a)(4). *See Unlimited Holdings, Inc. v. Bertram Yachts, Inc.,* 2008 U.S. Dist. LEXIS 82142, at *22, 50 V.I. 727 (D.V.I. Oct. 15, 2008)(court scheduling orders are not "mere suggestions.") To establish 'good cause' under Rule 16(b)(4), 'the moving party must demonstrate that a more diligent pursuit of discovery was impossible. In addition, courts consider whether the granting the extension would prejudice the non-moving party." *Id. at *19*(quoting *Crossley v. Elliot,* 2008 U.S. Dist. LEXIS 56441, at *2 (D.V.I. Jul. 25, 2008)). In determining whether good cause exists, the must party must show that it exercised due diligence. *See Premier Comp Sols., LLC v. UPMC,* 970 F.3d 316, 2020 U.S. App. LEXIS 25539, at *5 (3d Cir. Aug. 12, 2020)("[W]e have repeatedly recognized-and we reaffirm today-that whether 'good cause' exists under Rule 16(b)(4) depends in part on a plaintiff's diligence."). Additionally, where an act is required to be done by a certain time, a court may extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect. Fed.R.Civ.P. 6(b)(1)(B). Excusable neglect is a broad inquiry and "determining whether neglect is excusable is an 'equitable' determination that 'takes account of all relevant circumstances surrounding the party's omission.'" *In re O'Brien Ently. Energy, Inc.,* 188 F.3d 116, 125 (3d Cir. 1999)(quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395 (1983). In *Pioneer*, the Supreme Court articulated four "excusable neglect" factors: "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." 507 U.S. at 395. The moving party carrier the burden of demonstrating excusable neglect. *Glasgow v. Veolia Water North America Operating Servs. LLC,* 2011 U.S. Dist. LEXIS 87292, at *10 (D.V.I. Aug.5, 2011)(citing 10 Wright & Arthur R. Miller, Federal Practice and Procedure Civil 1165 at 621-22 (3d ed. 2011)). *Clarke v. Marriott Int'l,* 2012 U.S. Dist. LEXIS 83963, at *7-8 (D.V.I. June 18, 2012)

You were well aware of the fact discovery cut off in sufficient time to conduct any necessary discovery. The deadline was discussed during my deposition on March 17, 2025, and again during the deposition of Chris Bunge on April 24, 2025 and during the deposition of Sarah Bunge on May 2, 2025. You stated on the record during Chris Bunge's deposition that there was no time left to depose any other persons. (Chris Bunge depo. 15:18-20). The deadline was further discussed when scheduling the site visit for May 6, 2025. At no time prior to the expiration of the deadline on May 7, 2025, did you ever raise the issue that you wanted to issue subpoenas or conduct other discovery after May 7, 2025.

Now you are manufacturing an argument for good cause and your inexcusable neglect by casting aspersions on me stating that the identity of the property insurer was being withheld. This is false and contrary to the evidence. The evidence is that you were put on notice of the insurer and policy number 6 months ago, but failed to act after the discovery cut off. Now you are claiming that you should be excused from the deadlines by misstating the evidence. Defendants are prejudiced by your request to modify the scheduling order to extend discovery for 2 months. This would affect the remaining other dates in the scheduling order, including the expert disclosure dates and expert discovery cut off. No reason has been provided by you as to why you failed to act prior to the expiration of the discovery cut off. No reason has been provided that the failure to conduct additional discovery prior to the expiration of the discovery cut off was outside your reasonable control. And certainly, no reason has been offered that you acted in good faith – other than false facts. Your have not exercised the due diligence necessary to establish good cause.

Finally, your proposed motion suggest that certain pages from my deposition will be filed with the court. You were put on notice that the settlement amount with Island Heritage was confidential and you requested the reporter not to include any dollar amounts in the transcript. The reporter failed to follow this request. Do not violate the CM/ECF rules by intentionally filing a document with confidential information.

I am available today if you would like to discuss telephonically. As you were already advised, we will be flying to Portugal on May 12, 2025 and May 13, 2025. I will be able to respond to e-mails starting May 14, 2025.

Thanks Tom

Thomas F. Friedberg, Esq.
**LAW OFFICES OF FRIEDBERG & BUNGE**
1005 Rosecrans Street, Suite 202
P.O. Box 6814
San Diego, California 92166-0814
Telephone : (619)557-0101
Facsimile : (619)557-0560
Tom@lawofficefb.com

**VIRGIN ISLANDS OFFICE:**

**LAW OFFICES OF FRIEDBERG & BUNGE**
The Marketplace, Office Suites II, Suites 101 C&D
5000 Estate Enighed, PMB 158
St. John, USVI 00830
Telephone: (340) 693-0331
Facsimile : (340) 693-0332

**From:** Mellisa Mcdaniel <Mellisa@WLCLAW.com>
**Sent:** Friday, May 9, 2025 9:20 AM
**To:** Tom Friedberg <tom@lawofficefb.com>
**Cc:** Molly <molly@lawofficefb.com>; Jeff Cosby <Jcosby@wlclaw.com>
**Subject:** Friedberg and Bunge v. Daybreak - 3:19-cv-0053

Good afternoon,

Please see the Notice of withdraw attached. We would like to schedule a phone conference with you to discuss the attached proposed Motion to Extend Discovery Deadlines. Please advise if you are available on the following dates:

    May 12th anytime prior to 1pm or after 1:30pm
    May 13th anytime after 11am
    May 14th anytime

Thank you,
**Mellisa Mcdaniel**
Case Management Paralegal


WILLIAMS
LEININGER
COSBY

Williams, Leininger & Cosby, P.A.
301 SE Ocean Blvd. Suite 205