**tom@lawofficefb.com**

| | |
|---|---|
| **From:** | tom@lawofficefb.com |
| **Sent:** | Thursday, May 22, 2025 6:47 AM |
| **To:** | 'Mellisa Mcdaniel' |
| **Cc:** | 'Molly'; 'Jeff Cosby'; 'Sarah Bunge Esq' |
| **Subject:** | RE: Friedberg and Bunge v. Daybreak - 3:19-cv-0053 |

Good day – this e-mail is again to put you on notice of your Rule 11 violations and to provide you with a safe harbor opportunity to withdraw your motion. I do note that the Clerk rejected your filing and advise you to re-file. If you elect to re-file, we will pursue Rule 11 sanctions. You have been put on notice of your prior misrepresentations when I responded to your subpoena and initial draft motion to extend the deadline. I wrote you a lengthy e-mail detailing your misrepresentations set forth in your draft motion and inviting you to meet and confer. You instead filed your motion with even more misrepresentations and did not bother to meet and confer. The Court has rejected your filing. If you now re-file after being put on notice of your continued misrepresentations, your conduct will be deemed willful.

Your motion materially misrepresents the nature of this action by stating that it is a construction defect case. You should know better. The gist of this action is a garden variety breach of contract case based on a single specified material contractual term in a written contract. This is not a tort action and does not seek a tort remedy. This is material since you are not entitled to claim set offs to the benefit of the bargain remedy applicable in a breach of contract case such as this. The first sentence of your motion misleads the court as to the nature of this action in an effort to argue you are entitled to a collateral source set off. This is a blatant misrepresentation to the Court. We have addressed this issue with you repeatedly.

You are attempting to establish good cause to extend the deadline by blaming me for not disclosing insurance or claim documents. This is absolutely false and yet you continue to present these blatant falsehoods to the Court. The interrogatory responses served in December 2024, which you filed in an attempt support your motion, identified the carrier as Island Heritage and provided the policy number (No. 21). The interrogatory responses further stated that there were no claims made for the main roof. (No. 20). You have intentionally misrepresented to the Court the content of these responses to manufacture a false and misleading argument for good cause.

You were further advised in my deposition that the broker was Tunick who was the agent for the insurer. I did state in my deposition that I thought the underwriter was through Lloyds. While Island Heritage may not be affiliated with Lloyds, you were clearly on notice in December 2024 by the interrogatory responses that the underwriter was Island Heritage and you were correctly advised during my deposition that the broker who procured the insurance was Tunick Insurance which I testified was still in existence. (Depo, 84:16-24). The suggestion that I misstated the insurer or that I testified there was no insurance is blatantly false and is a misrepresentation to the Court.

You also state that no documents related to the storm damage were produced. This is yet another misrepresentation. You were provided with the 2014 report by Arthur Sanders documenting the condition of the roof after construction and prior to the 2017 hurricane event. You were also provided an April 2018 report by Arthur Sanders documenting the damage to the roof from Hurricane Irma and providing a cost

1

of repair. Despite being provided these documents in our Rule 26 disclosures, you made the bold statement that there were no documents provided. This is wholly false and misrepresents the state of the evidence to the Court.

You further suggest that your client may be entitled to collateral source set offs. While under a tort theory this may be correct, there are no collateral source set offs under a breach of contract claim. The gist of the lawsuit against your client sounds in breach of contract and not tort. While there is a statutory limitation regarding the collateral source rule for tort cases (5 V.I.C. 427), this rule only applies where there are damages based on bodily injury. See *Pedro v. Higgins*, 53.V.I.98, 2010 V.I. LEXIS 18(V.I. Super.Ct. 2010).

When interpreting the use of collateral source paymenst to limit damages, the courts have specifically rejected evidence of collateral source payments and refused to allow offset in breach of contact cases. In *Caroline-A-Contracting, LLC v. J. Scott Campell Construction Company*, the Court of Appeals in North Carolina (COA20-60 2021), the Court explained the rationale for the distinction between contract and tort cases. In a construction case, the Court held that the defendant is not entitled to a collateral source set off. As the Court stated, it would be unfair to allow the breaching defendant contractor to avoid the full cost of damages caused by the breach merely because the plaintiff recovered insurance proceeds from an unrelated (or collateral) source. In accordance with nationwide precedent, the Court reasoned that plaintiff paid for the insurance protection and is entitled to the benefit of that bargain. The plaintiff is also entitled to the benefit of the bargain he made with the defendant. The defendant contractor did not contribute to the insurance premium and is not entitled to a windfall benefit from plaintiff's insurance contract. The plaintiff should not be punished for his prudence in contracting with an insurer and is entitled to the benefit to the bargain he purchased from each independent contractor. Plaintiff is entitled to the insurance protection he purchased and that recovery does not excuse the defendant's breach nor reduce his liability for damages. As the court noted in its conclusion, to the extent such payments overlap and allow a double recovery, "in this situation, the injured party...not the tortfeasor...should reap any such windfall."

Other courts have consistently held that in a breach of contract case, the aggrieved party is entitled to any collateral source benefits and the wrongdoer is not entitled to any set off. This is because the aggrieved party, in a breach of contact claim, is entitled to the benefit of the bargain. If there are insurance payments, the aggrieved party is also entitled to these as well without any set off.

You have made these misrepresentations in an effort to justify why you failed to meet the required deadlines and to shift blame to me. You were on notice of the name and policy number of Island Heritage since December 2024 and made no effort whatsoever to subpoena their records prior to the close of fact discovery. You offered no explanation for your extensive delay and failure to conduct discovery other than to suggest that the insurer was not disclosed, which is false. Further, even if you had requested a subpoena on a timely basis, we would have filed a Motion for Protective Order since any evidence of insurance payments cannot be a set off for damages that your client will have to pay.

Finally, I advised you on May 10, 2025, that I was leaving for Portugal on May 12 and would be able to respond to e-mails starting May 14. I am still in Portugal and will be here until the end of May. I sent you a detailed meet and confer e-mail on May 10, 2025, and invited you to meet and confer with you. You declined and instead filed your motion with material misrepresentations.

I am available to meet and confer by e-mail while I am in Portugal. If you want to speak on the phone, let me know your scheduled on May 23 and next week. I have a number of meetings here and will need work around these meetings and the time change.

Thanks Tom


**From:** tom@lawofficefb.com <tom@lawofficefb.com>
**Sent:** Saturday, May 10, 2025 11:09 AM
**To:** 'Mellisa Mcdaniel' <Mellisa@WLCLAW.com>
**Cc:** 'Molly' <molly@lawofficefb.com>; 'Jeff Cosby' <Jcosby@wlclaw.com>; 'Sarah Bunge Esq' <slb@lawofficefb.com>
**Subject:** RE: Friedberg and Bunge v. Daybreak - 3:19-cv-0053

Good day – I have reviewed your proposed motion. This e-mail is to advise you that there are material misstatements regarding the facts set forth in your proposed motion and to put you on notice that we will pursue Rule 11 sanctions if you file the motion with these misstatements. This e-mail is being sent to you as a safe harbor to provide you with notice of the Rule 11 violations.

These misstatements are as follows:

1. Paragraph 3 of your motion states that the interrogatory responses disclosed there was no insurance on the property. This is not correct. On December 8, 2024, interrogatory response number 28 disclosed the insurer for the property as Island Heritage , policy number IHG54145.

2. Paragraphs 4 and 5 of your motion state that the name of the insurer was stated incorrectly during the deposition taken on March 17, 2025. This is incorrect. The testimony states that there was insurance on the property obtained through Tunick Insurance on St. John and that the actual carrier was believed to be part of the Lloyd's underwriting group. The identity of the underwriting group and policy number had previously been disclosed in responses to written interrogatories on December 8, 2024 .To suggest that this information was not conveyed is not correct.

3. Paragraph 6 of your motion states that no documents supporting the insurance claim were produced in this litigation. This is not correct. In the initial Rule 26 disclosures, served on October 16, 2024, the report of Arthur Sanders, AIA, identifying the damage to the property was produced (Bates P00012 – P00060). Mr. Sanders report is dated July 30, 2018, and details damage to the property from Hurricane Irma. To state that no documents were produced which document the damage from Irma is a blatant misstatement.

4. Paragraph 8 of your motion states that there is good cause to extend the discovery cut off for "Plaintiffs failure to disclose his insurance policies for the property and by failing to update their Disclosures after the deposition of Thomas Friedberg." The factual basis of your statement is incorrect since the identity of the carrier, Island Heritage, and the policy number, were disclosed in the interrogatory responses dated December 8, 2024. There was nothing to update after my deposition regarding the insurer for the property since the name of the carrier and the policy number, as well as the name of the insurance broker that procured the policy, had been disclosed many months earlier.

This is not the first time your office has made material misstatements in pleadings. The motion to compel Chris Bunge's deposition incorrectly stated that no other deposition dates had been provided other than April 24, 2025, when in fact April 26, 2025, was also provided. Now in your proposed motion, you are misstating the state of the record to create an argument for good cause to otherwise justify your failure to timely engage in discovery. Over the past several months, you made several requests to extend the discovery cut off to which I did not agree. You were well aware of