# IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| THOMAS F. FRIEDBERG & SARAH L. BUNGE,<br><br>      Plaintiffs,<br><br>v.<br><br>DAYBREAK, INC. dba HUBER & ASSOCIATES,<br><br><br>      Defendant. | CIVIL ACTION NO. 3:19-cv-0053 |

## DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO ITS MOTION TO EXTEND THE FACT DISCOVERY DEADLINE

COMES NOW the Defendant, DAYBREAK, INC., dba HUBER & ASSOCIATES, by and through its undersigned counsel, and hereby replies to Plaintiffs' Response to its Motion to Extend the Fact Discovery Deadline and states as follows:

1.   Plaintiffs brought this action for alleged damages they sustained when Plaintiffs claim the roof on the main building failed during Hurricane Irma. Plaintiffs, within their response, claim that this is only a breach of contract claim. However, their case is based upon a construction defect claim as the allegations are that Defendant did not install enough cleats on the roof which ultimately caused damage to the copper roof during Hurricane Irma. Specifically, in Plaintiffs' response to interrogatory #3 they describe "different deficiencies in Daybreak's work" and "latent defects" which are terms used in construction defect cases.

2. Defendant delayed filing its Motion to Extend the Fact Discovery Deadline as we attempted to obtain those documents from prior counsel for Defendant in Superior Court of the Virgin Islands Case No. ST-10-CV-716.

3. Defendant's need for Plaintiffs' insurance records from the claims related to Hurricane Irma is not purely for the purposes of collateral source payments. Those records likely contain the insurance company's evaluation of the roofing system, why it failed, possible repairs, etc. which are very pertinent to the issues in this case.

4. Plaintiffs are misstating how they answered their interrogatories. They only provided the name of the insurance company "at the time the work was performed." They did not provide the insurance company information for the period of time when Hurricane Irma caused the damage. Who the insurer was in 2010 has no relevant relationship to the subject lawsuit as Plaintiffs are not alleging damage going back to 2010 in this subject lawsuit. Plaintiffs have not been straightforward with Defendant on their insurance, their insurance claims, and whether those claims are relevant to this lawsuit.

5. Additionally, Plaintiffs never provided any documents related to their Hurricane Irma insurance claims for which Plaintiffs filed suit against their homeowner's insurance company. Plaintiffs have not provided a single document regarding the insurance lawsuit despite the ongoing duty to provide relevant documents under the Fed. R. Civ. P. 26. Defendant admits Plaintiffs provided their expert report.

6. This case is not set to go to trial until April 2026 and Plaintiffs will not be prejudiced if the date for the fact discovery is extended for Defendant to issue its subpoenas to Plaintiffs' insurance agent and carrier. If Plaintiffs statements regarding its claim not

including the roof which is subject of this lawsuit are true, it is unclear why Plaintiffs have not been forthcoming regarding their Hurricane Irma insurance claim. Whether those documents will be admissible at trial will need to be determined at a future date.

7. Plaintiffs' claim that this extension would delay the expert disclosures is not accurate. Expert disclosures are due on from Plaintiff on July 15, 2025 and from Defendant on August 15, 2025. Plaintiff has had access to these documents since the inception of this case, and it should not affect their expert's report. Defendant's expert will have enough time to review those documents to include them in his report.

8. Defendants will be prejudiced if it is not allowed to proceed with its subpoenas to Plaintiffs' insurance carrier and agent as those claims documents may hold information on the true cause of any alleged damaged to the subject roof.

Date: June 4, 2025

<u>s/ Jeffrey C. Cosby, Esq.</u>
Jeffrey C. Cosby, Esq.
Florida Bar No. 967981
Service to: eservice@wlclaw.com
Attorney for Defendant Daybreak Inc
Williams, Leininger & Cosby, P.A.
301 SE Ocean Blvd., Suite 205
Stuart, FL  34994
Telephone: 772-463-8402
Facsimile: 772-463-4820


<u>s/ Andrew C. Simpson, Esq.</u>
Andrew C. Simpson, Esq.
VI Bar 451
Attorney for Defendant Daybreak Inc
2191 Church Street, Ste. 5
Christiansted, St. Croix
U.S. Virgin Islands 00820

Telephone No. (340)719-3900

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on June 4, 2025, we electronically served the foregoing document via CM/ECF system to the parties listed below:

s/ Jeffrey C. Cosby, Esq.
Jeffrey C. Cosby, Esq.
Florida Bar No. 967981
Service to: eservice@wlclaw.com
Attorney for Defendant Daybreak Inc
Williams, Leininger & Cosby, P.A.
301 SE Ocean Blvd., Suite 205
Stuart, FL  34994
Telephone: 772-463-8402
Facsimile: 772-463-4820

s/ Andrew C. Simpson, Esq.
Andrew C. Simpson, Esq.
VI Bar 451
Attorney for Defendant Daybreak Inc
2191 Church Street, Ste. 5
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone No. (340)719-3900

**SERVICE LIST:**

Thomas Friedberg, Esq.
610 West Ash Street, Suite 1400
San Diego, CA 92166
tom@lawofficefb.com
Phone: 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
Attorney for the Plaintiffs