**EXHIBIT 13**

1

2

3    **IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

4    **DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| THOMAS F. FRIEDBERG & SARAH L. BUNGE, | **CIVIL CASE NO. 3:19-cv-0053** |
| Plaintiffs, | **ACTION FOR DAMAGES - BREACH OF CONTRACT AND DEMAND FOR JURY TRIAL** |
| v. | |
| DAYBREAK, INC., dba HUBER & ASSOCIATES, | **Action Filed : July 14, 2019**<br>**Trial Date  : Not set** |
| Defendant. | |

13    Plaintiffs, THOMAS F. FRIEDBERG and SARAH L. BUNGE, allege as follows:

14    **<u>JURISDICTION/VENUE</u>**

15        1.      Plaintiffs, THOMAS F. FRIEDBERG and SARAH L. BUNGE, (hereinafter

16    "Plaintiffs") are, and at all times herein, citizens and residents of the County of San Diego, State of

17    California.

18        2.      Plaintiffs are informed and believes, and based thereupon alleges, that Defendant,

19    DAYBREAK, INC., dba HUBER & ASSOCIATES (hereinafter "DAYBREAK"), is a Florida

20    Corporation with its principal place of business within the State of Florida.

21        3.      At all times herein mentioned, Defendant DAYBREAK was operating as a cooper

22    roofing manufacturer, contractor, fabricator and installer of a cooper roof for a residence located at

23    168 Chocolate Hole, St. John, Virgin Islands, and was performing construction work to make and

24    install a cooper roof within the Territory of the United States Virgin Islands.

25        4.      Subject matter jurisdiction is proper since the citizenship of Plaintiffs and Defendant

26    is diverse and the amount in controversy, exclusive of interests and costs, exceeds the sum of

27    Seventy-Five Thousand Dollars ($75,000.00). Therefore, this Court has jurisdiction over the matter

28    pursuant to 28. U.S.C.§ 1332.

5.     Personal jurisdiction over Defendant, DAYBREAK, is proper under 5 V.I.C. § 4903 since Defendant transacted business and contracted to supply goods and services within the Territory of the Virgin Islands.

6.     On or about May 7, 2010, Plaintiffs entered into a written contract with Defendant to manufacture and install a standing seam copper roof, including all underlayments, flashings, crickets, including supplying all necessary equipment, materials and supplies, at Plaintiff's home located at 168 Chocolate Home, St. John, United States Virgin Islands. A copy of the contract has been attached to Plaintiff's Complaint as Exhibit "A."

7.     A material term and specific contract condition required that the work include cleats be installed at an average of 9.5 inches on center with 2 ring shanks per cleat. The cleats are used to secure the copper panels and to hold the cooper panels that form the cooper pans in place. The cooper panels and the cooper pans were to be secured with cleats installed at an average of 9.5 inches on center. The reason for the spacing of 9.5 inches on center was to insure that the cooper panels and cooper pans would be secured and able to withstand hurricane force winds. Defendant charged an additional amount for the specific spacing requirement under the terms and conditions of the contract.

8.     The cleats, once installed, are not visible to the naked eye. The cleats are covered with the cooper panels as each panel is installed to make up a cooper pan. The cooper pans are then secured with cleats and a ridge cap is riveted at the intersection of each cooper pan. The cleats that are installed at the intersection of the cooper pans is similarly not visible to the naked eye since the cleats are underneath the cooper panels and cooper pans.

9.     Pursuant to the terms and conditions of the contract, work began on or about June 2010 and was substantially completed by on or about mid July 2010.

10.    On or about September 7, 2017, the Hurricane Irma struck the Territory. The cooper pans at the ridge of the main house separated. After the storm, investigation revealed that Defendant did not install cleats at the intersection of the cooper panels that form the cooper pan at 9.5 inches on center as required by the terms and conditions of the contract. The areas of the failure of the cooper roof at the main house coincided to the areas where Defendant did not place cleats at 9.5

inches on center.

11.    The failure to install cleats at 9.5 inches on center was a breach of a material term of the contract. The failure to install the cleats at 9.5 inches on center was a latent defect that was not discoverable prior to September 7, 2017, since the cleats were to have been placed underneath the cooper panels and cooper pans and their existence or non-existence would not have been visible to the naked eye or upon reasonable inspection since the cleats are concealed. The failure to install the cleats became discoverable after the intersection of the cooper pans separated where there were no cleats. The failure to install the cleats in accordance with the plans and specifications of the contract is a breach of the construction contract and constitutes a latent defect under 5 V.I.C. § 32b since the failure to install the cleats was not apparent by reasonable inspection prior to September 7, 2017.

12.    As a direct and proximate result of Defendant's breach of contract, Plaintiffs have been damaged in a sum in excess of $75,000.00 for the damage to the main roof due to the failure to install the cleats at 9.5 inches on center.

13.    As a direct and proximate result of Defendant's breach of contract, Plaintiffs have incurred damages, including incidental and consequential damages, in an amount in excess of $75,000.00.

14.    As a direct and proximate result of the breach of contract by Plaintiffs have and will incur reasonable attorneys' fees and costs.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

- 3 -

WHEREFORE, Plaintiffs pray as follows:

1.     For breach of contract damages in an amount in excess of $75,000.00;

2.     For incidental and consequential damages in an amount to be proven at time of trial;

3.     For interest at the maximum legal rate in an amount to be proven at time of trial;

4.     For attorney's fees in an amount to be proven;

5.     For a trial by jury pursuant to Rule 38, Federal Rules of Practice;

6.     For costs of suit incurred herein; and

7.     For such other and further relief, including equitable relief, as this Court deems just and proper.

Dated : July 14, 2019            **LAW OFFICES OF FRIEDBERG & BUNGE**

By: *s/ THOMAS F. FRIEDBERG, ESQ.*
THOMAS F. FRIEDBERG, ESQ. (VI # 1006)
Attorneys for Plaintiffs, THOMAS F. FRIEDBERG
and SARAH L. BUNGE
610 West Ash Street, Suite 1400
P.O. Box 6814
San Diego, California 92101
TEL : (619)557-0101
FAX: (619)557-0560
" tom@lawofficefb.com"

## DEMAND FOR JURY

Plaintiffs hereby demands a jury trial pursuant to Rule 38, of the Federal Rules of Practice.

Dated : July 14, 2019            **LAW OFFICES OF FRIEDBERG & BUNGE**

By: *s/ THOMAS F. FRIEDBERG, ESQ.*
THOMAS F. FRIEDBERG, ESQ. (VI # 1006)
Attorneys for Plaintiffs, THOMAS F. FRIEDBERG
and SARAH L. BUNGE
610 West Ash Street, Suite 1400
P.O. Box 6814
San Diego, California 92101
TEL : (619)557-0101
FAX: (619)557-0560
"tom@lawofficefb.com"

- 4 -

# EXHIBIT "A"



May 7, 2010

## PROPOSAL FOR THE ROOFING AT THE
## FRIEDBERG/BUNGE RESIDENCE
## S t .   J o h n ,       U S V I

**We propose the following:**

**SECTION I. GENERAL CONDITIONS.**

1) Provide job set up. Go over job schedule and plan with owner prior to start up.
2) Provide General Liability and Workman's Compensation Insurance.
3) Provide scaffolding or other means of safe roof access.
4) Provide for material handling necessary for roof loading.
5) Provide project close out. Remove all surplus tools, equipment, materials and debris.
6) This bid includes travel to and from St. John, USVI only.  NO rental cars, food, lodging or freight.
7) This pricing may be withdrawn, if not accepted within 21 days of the above date.

**SECTION II. WORK:**

&#8478; COPPER STANDING SEAM ROOF (APPRX 8,400 SF)
   1) Provide and install Rosin slip sheet over modified underlayment.
   2) Install 16oz. Red Copper standing seam roof system:
      - Installed in accordance with *Revere Copper & Common Sense & SMACNA.*
      - Panels to be roll formed in <u>15" O.C. panel widths</u> with 1" double locked standing seam.
      - Cleats installed at an average of <u>9.5" O.C.</u> with 2 ring shank nails per cleat.
         o NOTE:  See Alternate A. for screws in lieu of nails.
      - Includes traditional style single rib ridge finish.
&#8478; COPPER FLASHING
   1) Provide and install necessary 16 oz. Red copper flashings per industry standards, as listed above, in all areas where needed.

**SECTION III. COST AND TERMS.**

*HUBER & ASSOCIATES*
*496 SW Ring Court, Lake City, FL 32025*
*Ph: (386) 487-1040 – Fax: (386) 755-3233*
1   of   3



&#8478; PRICE BREAKDOWN  NOTE: Price reduce due to Owner providing majority of copper for roofing and flashings.

| | | |
|---|---|---:|
| 1) | **Copper Roofing & Flashing previous quote:** | **$214,800.00** |
| | **Less copper believed to be in stock from Owner** | **-$28,091.00** |
| | **Add for smaller panels and cleat spacing** | **+$10,735.00** |
| | **Updated Cost** | **$197,444.00** |

*Additional copper, as, or if needed, to be provided by Owner or Contractor (see additional work note below).  Shipping costs from Owner's supply to our shop to be billed separately at cost (invoice provided).*

Cost for work as described above $197,444.00 (One Hundred Ninety Seven Thousand Four Hundred Forty Four Dollars) to be paid in progress payments per schedule of values with balance due upon completion. 33% Deposit required upon acceptance.

[Any additional work or material needed would be billed per the following:

    a.  A per man hour rate of $ 63.35 (average rate for Supervisor, Mechanic, Roofer & Laborers)

    b.  15% above the cost of materials or equipment]

### SECTION IV. ACCEPTANCE:

**Owner or Owner's Agent**                    **Huber & Associates**

By: _____          By: _____

Print Name: _____          Print Name: _____

Title: _____          Title: _____

Date: _____/_____/ 2010          Date: _____/_____/ 2010



---

**SECTION VI. ROOF PLANS:**



*Main House*          *Guest House & Gazebo*

          

*Gatehouse*          *Garage*



*Beach Bar*

**HUBER & ASSOCIATES**
*496 SW Ring Court, Lake City, FL 32025*
*Ph: (386) 487-1040 – Fax: (386) 755-3233*
*3  of  3*