# EXHIBIT "C"

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| DAYBREAK, INC., dba HUBER AND ASSOCIATES,<br><br>     Plaintiff,<br><br>     v.<br><br>THOMAS F. FRIEDBERG, SARAH BUNGE, LAW OFFICES OF FRIEDBERG & BUNGE, AND MERRILL LYNCH CREDIT CORPORATION.<br><br>     Defendants. | CIVIL CASE NO. ST-10-cv-716<br><br>**ANSWER TO ACTION FOR DEBT, BREACH OF CONTRACT AND TO ENFORCE CONSTRUCTION LIEN** |
| THOMAS F. FRIEDBERG and SARAH L. BUNGE,<br><br>     Counterclaimants,<br><br>     v.<br><br>DAYBREAK, INC, dba HUBER AND ASSOCIATES,<br><br>     Counterdefendants. | **COUNTERCLAIM FOR BREACH OF CONTRACT, BREACH OF WARRANTY, NEGLIGENCE AND FRAUD**<br><br>**JURY TRIAL DEMANDED** |
| THOMAS F. FRIEDBERG and SARAH L. BUNGE,<br><br>     Third Party Plaintiffs,<br><br>     v.<br><br>BARRY R. HUBER,<br><br>     Third Party Defendant. | **THIRD PARTY CLAIM FOR FRAUD**<br><br>**JURY TRIAL DEMANDED** |



EXHIBIT

B

Daybreak, Inc. vs. Friedberg, et al.                    Civ. No. ST-10-cv-716
Answer, Counterclaim and Third Party Claim

## DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

**COMES NOW** Defendants, THOMAS F. FRIEDBERG, SARAH BUNGE, LAW OFFICES OF FRIEDBERG & BUNGE, AND MERRILL LYNCH CREDIT CORPORATION, through the undersigned counsel, and respond to Plaintiff's complaint as follows:

## JURISDICTION

1. Paragraph 1 of the Complaint states a conclusion of law to which no response is required.

## PARTIES

2. Defendants are without knowledge of the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies.

3. Insofar as the allegations contained in Paragraph 3 of Plaintiff's Complaint pertain to Thomas F. Friedberg and Sarah L. Bunge, these Defendants admit that they are the owners of Parcel No. 168, Estate Chocolate Hole, No. 11 Cruz Bay Quarter, St. John ("The Property") and deny the remaining portions of the paragraph.

4. Insofar as the allegations contained in Paragraph 4 of Plaintiff's Complaint pertain to The Law Offices of Friedberg & Bunge, this Defendant admits that the principal place of business of The Law Offices of Friedberg & Bunge are in San Diego, California and this Defendant has a branch office in St. John, U.S. Virgin Islands.

5. Insofar as the allegations contained in Paragraph 5 of Plaintiff's Complaint pertain to Thomas F. Friedberg and Sarah L. Bunge and The Law Offices of Friedberg & Bunge, these Defendants admit that they are the attorneys that comprise The Law

2

Daybreak, Inc. vs. Friedberg, et al.                                    Civ. No. ST-10-cv-716
Answer, Counterclaim and Third Party Claim

Offices of Friedberg & Bunge, but deny that The Law Offices of Friedberg & Bunge

was a party to the contract that Plaintiff sues upon.

6.  Insofar as the allegations contained in Paragraph 6 of Plaintiff's Complaint pertain to

Defendant Merrill Lynch Credit Corporation ("MLCC"), this entity is no longer in

existence and therefore Defendant denies the allegations of this paragraph.  Defendant

states that on June 30, 2011, MLCC merged into "Bank of America, National

Association,"  a Delaware corporation with its principal place of business in

Charlotte, North Carolina.

## FACTUAL ALLEGATIONS GIVING RISE TO COMPLAINT

7.  Insofar as the allegations contained in Paragraph 7 of Plaintiff's Complaint pertain to

Thomas F. Friedberg and Sarah L. Bunge, and/or The Law Offices of Friedberg &

Bunge, these Defendants admit that they entered into a contract for Plaintiff to

perform a turn key installation of a copper standing seam roof for all the roofs on The

Property, including the Gate House, Garage, Main House, Guest House, Dining

Gazebo and Beach Bar and Beach Bar Shower. Defendants deny the remaining

portions of the paragraph.

8.  Insofar as the allegations contained in Paragraph 8 of Plaintiff's Complaint pertain to

Thomas F. Friedberg and Sarah L. Bunge, and/or The Law Offices of Friedberg &

Bunge, these Defendants admit that the total contract price for the turn key

installation of a copper standing seam roof for all of the roofs on The Property was set

a $187,839, which included all labor and materials.

9. Insofar as the allegations contained in Paragraph 9 of Plaintiff's Complaint pertain to Thomas F. Friedberg and Sarah L. Bunge, and/or The Law Offices of Friedberg & Bunge, these Defendants deny that "Chris" an agent of the Defendants supplies the approximate size of the roofs and that the roofs were measured by Plaintiffs prior to the bidding on The Project and again prior to starting work.

10. Insofar as the allegations contained in Paragraph 10 of Plaintiff's Complaint pertain to Thomas F. Friedberg and Sarah L. Bunge, and/or The Law Offices of Friedberg & Bunge, these Defendants deny that the actual square footage of the roof was approximately 12% greater than that specified on the plans.

11. Insofar as the allegations contained in Paragraph 11 of Plaintiff's Complaint pertain to Thomas F. Friedberg and Sarah L. Bunge, and/or The Law Offices of Friedberg & Bunge, these Defendants deny the allegations of this paragraph. As a further response, these answering Defendants state that Plaintiff failed to take into account necessary waste in the manufacture of a standing seam copper roof on octagonal structures and that Plaintiff was negligent in manufacturing the copper panels, resulting in an inordinate amount of waste for his Defendants are not responsible.

12. Insofar as the allegations contained in Paragraph 12 of Plaintiff's Complaint pertain to Thomas F. Friedberg and Sarah L. Bunge, and/or The Law Offices of Friedberg & Bunge, these Defendants deny the allegations in this paragraph.

13. Insofar as the allegations contained in Paragraph 13 of Plaintiff's Complaint pertain to Thomas F. Friedberg and Sarah L. Bunge, and/or The Law Offices of Friedberg & Bunge, these Defendants deny the allegations in this paragraph.

Daybreak, Inc. vs. Friedberg, et al.                                    Civ. No. ST-10-cv-716
Answer, Counterclaim and Third Party Claim

14. Insofar as the allegations contained in Paragraph 14 of Plaintiff's Complaint pertain
    to Thomas F. Friedberg and Sarah L. Bunge, and/or The Law Offices of Friedberg &
    Bunge, these Defendants deny the allegations in this paragraph.

15. Insofar as the allegations contained in Paragraph 15 of Plaintiff's Complaint pertain
    to Thomas F. Friedberg and Sarah L. Bunge, and/or The Law Offices of Friedberg &
    Bunge, these Defendants deny the allegations in this paragraph.

16. Insofar as the allegations contained in Paragraph 16 of Plaintiff's Complaint pertain
    to Thomas F. Friedberg and Sarah L. Bunge, and/or The Law Offices of Friedberg &
    Bunge, these Defendants deny the allegations in this paragraph.

17. Insofar as the allegations contained in Paragraph 17 of Plaintiff's Complaint pertain
    to Thomas F. Friedberg and Sarah L. Bunge, and/or The Law Offices of Friedberg &
    Bunge, these Defendants deny the allegations in this paragraph.

18. Insofar as the allegations contained in Paragraph 18 of Plaintiff's Complaint pertain
    to Thomas F. Friedberg and Sarah L. Bunge, and/or The Law Offices of Friedberg &
    Bunge, these Defendants deny the allegations in this paragraph.

## COUNT ONE – BREACH OF CONTRACT/ANTICIPATORY BREACH OF CONTRACT

19. Insofar as the allegations contained in Paragraph 19 of Plaintiff's Complaint pertain
    to Thomas F. Friedberg and Sarah L. Bunge, and/or The Law Offices of Friedberg &
    Bunge, these Defendants deny the allegations in this paragraph. As a further response,
    Defendants state that certain allegations of this paragraph states conclusions of law to
    which no response is required, but to the extent a response is required, Defendants
    deny these allegations.

Daybreak, Inc. vs. Friedberg, et al.                         Civ. No. ST-10-cv-716
Answer, Counterclaim and Third Party Claim

20. Insofar as the allegations contained in Paragraph 20 of Plaintiff's Complaint pertain to Thomas F. Friedberg and Sarah L. Bunge, and/or The Law Offices of Friedberg & Bunge, these Defendants deny the allegations in this paragraph. As a further response, Defendants state that certain allegations of this paragraph states conclusions of law to which no response is required, but to the extent a response is required, Defendants deny these allegations.

## COUNT TWO – ACTION FOR DEBT

21. Insofar as the allegations contained in Paragraph 21 of Plaintiff's Complaint pertain to Thomas F. Friedberg and Sarah L. Bunge, and/or The Law Offices of Friedberg & Bunge, these Defendants deny the allegations in this paragraph. As a further response, Defendants state that certain allegations of this paragraph states conclusions of law to which no response is required, but to the extent a response is required, Defendants deny these allegations.

22. Insofar as the allegations contained in Paragraph 22 of Plaintiff's Complaint pertain to Thomas F. Friedberg and Sarah L. Bunge, and/or The Law Offices of Friedberg & Bunge, these Defendants deny the allegations in this paragraph. As a further response, Defendants state that certain allegations of this paragraph states conclusions of law to which no response is required, but to the extent a response is required, Defendants deny these allegations.

Daybreak, Inc. vs. Friedberg, et al.                                    Civ. No. ST-10-cv-716
Answer, Counterclaim and Third Party Claim

## COUNT THREE – ENFORCEMENT OF CONSTRUCTION LIEN

23. Insofar as the allegations contained in Paragraph 23 of Plaintiff's Complaint pertain
    to Thomas F. Friedberg and Sarah L. Bunge, Defendants admit that they are the
    owners of the Property.

24. Insofar as the allegations contained in Paragraph 24 of Plaintiff's Complaint pertain
    to Defendant MLCC, this entity is no longer in existence and has merged into Bank of
    America, National Association, which admits that it is the lender on a promissory
    note for The Property.

25. Insofar as the allegations contained in Paragraph 25 of Plaintiff's Complaint pertain
    to Defendant MLCC, this entity is no longer in existence and has merged into Bank of
    America, National Association, which admits that has a promissory note for The
    Property.

26. Insofar as the allegations contained in Paragraph 26 of Plaintiff's Complaint pertain
    to Defendant MLCC, this entity is no longer in existence and has merged into Bank of
    America, National Association, which admits that it is the lender on a revolving line
    of credit debt secured by a mortgage on The Property.

27. Insofar as the allegations contained in Paragraph 27 of Plaintiff's Complaint pertain
    to Defendant MLCC, this entity is no longer in existence and has merged into Bank of
    America, National Association, which admits that it asserts a lien securing repayment
    of the revolving line of credit debt.

28. Defendants deny this paragraph.

29. Defendants deny this paragraph.

30. Defendants deny this paragraph.

Daybreak, Inc. vs. Friedberg, et al.
Answer, Counterclaim and Third Party Claim

Civ. No. ST-10-cv-716

31. Defendants deny this paragraph.

32. Defendants deny this paragraph

33. Defendants deny this paragraph. As a further response, Defendants state that certain allegations of this paragraph states conclusions of law to which no response is required, but to the extent a response is required, Defendants deny these allegations.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. This Court may lack subject matter jurisdiction over Plaintiff's Claims.

3. Plaintiff's claims are barred by the doctrine of payment.

4. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

5. Plaintiff's claims are barred by the doctrine of failure of consideration.

6. Plaintiff was comparatively negligent in the manufacture and installation of the copper roof, which constitutes an absolute bar to recovery, or in the alternative, if it does not constitute an absolute bar to recovery, constitutes a partial bar to recovery.

7. Plaintiff breached its warranty obligations.

8. Without conceding that Plaintiff has suffered any damages or that Defendants have any liability to Plaintiff as a result of any conduct by Defendants, Plaintiffs may not have mitigated or minimized their alleged damages as required by law.

9. Plaintiff's claims may be barred in whole or in part by the doctrine of latches.

10. Plaintiff's' claims may be barred in whole or in part by the doctrine of unclean hands, waiver or estoppel.

Daybreak, Inc. vs. Friedberg, et al.  Civ. No. ST-10-cv-716
Answer, Counterclaim and Third Party Claim

11. The Complaint, or portions thereof, may be barred in whole or in part Plaintiff's own actions, inaction and/or the negligence or intentional acts of Plaintiff and/or third parties.

12. Plaintiff's alleged damages, if any, was a result of Plaintiff's own miscalculations as to the size of the roof and/or Plaintiff's failure to take into account necessary waste in the manufacture, construction and installation of a standing seam copper roof on octagonal structures with numerous hips.

13. Defendants specifically reserve the right to assert additional defenses, affirmative defenses, claims, counterclaims, third party claims or causes of action that may become appropriate based upon investigation or other discovery that may occur during the course of litigation.

**WHEREFORE**, Defendants, THOMAS F. FRIEDBERG, SARAH BUNGE, LAW OFFICES OF FRIEDBERG & BUNGE, AND MERRILL LYNCH CREDIT CORPORATION, respectfully pray that the Court:

1. Enter judgment dismissing the Complaint with prejudice;

2. Deny the demands and prayer for relief contained within the Complaint;

3. Award Defendants reasonable attorney's fees and costs incurred in defending this action;

4. For a trial by Jury;

5. Grant such other and further relief as the Court deems just and proper.

Daybreak, Inc. vs. Friedberg, et al.                                      Civ. No. ST-10-cv-716
Answer, Counterclaim and Third Party Claim

Dated: September 30, 2012                              Respectfully submitted:

                                                      **LAW OFFICES OF FRIEDBERG &**
                                                      **BUNGE**

                                                      By: _[signature]_
                                                      THOMAS F. FRIEDBERG, ESQ.
                                                      (VI BAR #1006)
                                                      610 West Ash Street, Suite 1400
                                                      PO Box 6814
                                                      San Diego, California 92166-0814
                                                      TEL : (619) 557-0101
                                                      FAX: (619) 557-0560
                                                      E-MAIL : tom@lawofficefb.com
                                                      *Attorneys for Defendants,* THOMAS F.
                                                      FRIEDBERG, SARAH BUNGE, LAW
                                                      OFFICES OF FRIEDBERG & BUNGE,
                                                      AND MERRILL LYNCH CREDIT
                                                      CORPORATION

## COUNTERCLAIM

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.  Counterclaimants, Thomas F. Friedberg and Sarah L. Bunge, are, and at all
    times herein mentioned were, residents of the County of San Diego, State
    of California and maintain their principal place of business, including their
    law practice, within the State of California.

2.  Counterclaimants are informed and believe, and based thereupon allege
    that Counterdefendant, Daybreak, Inc., dba Huber and Associates, are
    business entities organized and with their principal place of business within
    the State of Florida.

Daybreak, Inc. vs. Friedberg, et al.                                Civ. No. ST-10-cv-716
Answer, Counterclaim and Third Party Claim

3.  The citizenship of the Counterclaimants and Counterdefendant is diverse and the amount in controversy of the Counterclaim, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

4.  There is personal jurisdiction over Counterdefendant since it Counterdefendants either transacted business, contracted to supply goods and/or committed tortious acts or omissions within the territory of the Virgin Islands.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

5.  Counterclaimants reallege paragraphs 1 through 4, and incorporation the same herein as though fully set forth herein.

6.  On or about May 7, 2010, Counterclaimants entered into a contract with Counterdefendants to manufacture and install a standing seam copper roof, including all underlayments, flashings, crickets, including supplying all necessary equipment, materials and supplies, on Counterclaimants home located at 168 Chocolate Home, St. John, United States Virgin Islands. The contract had a total price of $187,839.00. A copy of the contract has been attached to Plaintiff's Complaint as Exhibit "A."

7.  Prior to commencing work on Counterclaimants home, Counterdefendants measured the roof and agreed to do everything necessary and proper in order to manufacture and install the custom standing seam copper roof.

8.  Pursuant to the terms and conditions of the contract, Counterclaimants paid Counterdefendants $230,854.97, which was in excess of the contract price.

11

Daybreak, Inc. vs. Friedberg, et al.
Answer, Counterclaim and Third Party Claim

Civ. No. ST-10-cv-716

9.  Notwithstanding Counterclaimants fully paying Counterdefendants in excess of the contract price, Counterdefendants breached the contract by failing to complete the work and by walking off the job prior to the final walk through and leaving certain portions of the roofs uncompleted. As a result of Counterdefendants conduct in failing to complete their job, the roofs leak and have resulted in damage to Counterclaimants home.

10. Counterclaimants have fully performed under the terms and conditions of the contract.

11. Counterdefendants have been afforded an opportunity to complete the contract, but have failed to do so, and are in breach of contract.

12. As a direct and proximate result of Counterdefendants breach of contract, Counterclaimants have been damaged in a sum in excess of $75,000.00 for necessary expenses incurred to complete the roof installation and for damages done to the home as a result of improper roof installation techniques, including the necessity of now having to re-roof the gate house.

13. As a direct and proximate result of Counterdefendants breach of contract, Counterclaimants, have incurred damages, including incidental and consequential damages, in an amount in excess of $75,000.00.

14. As a direct and proximate result of the breach of contract by Counterdefendants, Counterclaimants have and will incur reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION – BREACH OF WARRANTY**

Daybreak, Inc. vs. Friedberg, et al.                                    Civ. No. ST-10-cv-716
Answer, Counterclaim and Third Party Claim

15. Counterclaimants reallege paragraphs 1 through 14, and incorporation the same herein as though fully set forth herein.

16. Pursuant to the Contract entered into between Counterclaimants and Counterdefendants, Counterdefendants agreed to manufacture and install the standing seam copper roof of Counterclaimants home in accordance the Revere Copper & Common Sense & SMACNA and to comply with the applicable standard of the industry in the manufacture and installation of the standing seam copper roof, and impliedly warranted that the manufactured roof panels were of merchantable quality and were fit for their intended purpose, namely, as watertight roof for Counterclaimants' St. John home.

17. The roof panels, specifically on the gate house, leak and are not of merchantable quality nor fit for their intended purpose. Counterclaimants timely notified Counterdefendant, that the roof was non-conforming, since it leaked and was not of merchantable quality nor fit for their intended purpose, namely, as a watertight standing seam metal roof that was custom designed for Counterclaimants' St. John home. Counterclaimants further provided Counterdefendant a reasonable opportunity to inspect the non-conforming goods and cure the defects, but Counterdefendant has refused, and continues to refuse to do so.

18. Counterdefendant has to date failed to seasonably cure the non-conformity with the roof. As a result of Counterdefendant's refusal and failure to cure the non-conformity with the roof, the goods delivered by defendants to

Daybreak, Inc. vs. Friedberg, et al.                    Civ. No.  ST-10-cv-716
Answer, Counterclaim and Third Party Claim

Counterclaimants are defective and Counterclaimants are seeking damages
in an amount in excess of $75,000, to  cure and repair the non-conformity
and  defects  in  the  roof,  together  with  incidental  and  consequential
damages,  interest  thereon  from  the  date  of  payment  to  present  at  the
maximum statutory rate, and attorneys' fees and costs, all in an amount to
be proven at time of trial.

### THIRD CAUSE OF ACTION – NEGLIGENCE

19. Counterclaimants  reallege  paragraphs  1  through  18,  and  incorporation  the
    same herein as though fully set forth herein.

20. During   the   installation   of   the   standing   seam   copper   roof,
    Counterdefendant's  employees  were  negligent  and  careless  in  installing
    flashing over the plaster and the installation of copper panels, resulting in
    cracking and damaging the custom colored plaster that was in place prior to
    the installation by Counterdefendant. As a result of the negligence and
    carelessness of Counterdefendant's employees, the roof now leaks. In order
    to  properly  repair  the  roof,  the  standing  seam  copper  roof  need  to  be
    removed  and  the  damaged  area  needs  to  be  replastered,  together  with
    replastering the surrounding areas of the home to match the custom color of
    the plaster.

21. The  cost  of  repair  as  a  result  of  negligence  and  carelessness  of
    Counterdefendant's employees is in excess of $75,000.00.

Daybreak, Inc. vs. Friedberg, et al.                    Civ. No. ST-10-cv-716
Answer, Counterclaim and Third Party Claim

## FOURTH CAUSE OF ACTION – FRAUD

22. Counterclaimants reallege paragraphs 1 through 21, and incorporation the same herein as though fully set forth herein.

23. Prior to the time of entering into the Contract attached to the Complaint as Exhibit "A," Counterdefendant, through its President, Barry R. Huber, met with Counterclaimants in St. John for the purpose of measuring and bidding on The Project to install a standing seam copper roof. At that time, Counterclaimants advised Counterdefendant that an essential requirement of the bid and contract was that it was for a fixed price and that there would be no "hidden charges" and that the amount of copper quoted would be sufficient to complete the job. At all times herein mentioned, Counterdefendant, by and through its President, Barry R. Huber, represented that he had personally measured the roof and had "take off" numbers and that the quoted price    was accurate and included waste due to the fact that the roofs on The Project were octagonal and had many hips.

24. As an inducement to enter into the contract with Counterdefendants, it was represented to Counterclaimants by the President for Counterdefendant, Barry R. Huber, that the contract took into account the industry standard calculations of waste and that Counterdefendants would be able to complete the custom standing seam copper roof based on the measurements taken by Barry R. Huber.

25. At all times herein mentioned, the various roofs have a combined approximate measurement of 8,400 square feet. The industry standard for

15

waste for standing seam octagonal roofs is between 12% to 15%. These facts were known to Counterdefendant at the time of bidding and preparing the contract for The Project and Counterdefendant represented that it could complete the project for the price quoted in the contract.

26. In truth and in fact, Counterdefendant fraudulently induced Counterclaimants to enter into the subject contract by misleading Counterclaimants and bidding the contract as a no waste contract and then extorting Counterclaimants to pay more than the contract price for additional materials and labor due to Counterdefendants knowing and fraudulent calculations regarding the size of the roof and the failure to include waste. As an alternative, Counterclaimants allege that in the event the trier of fact does not find the requisite scienter, then Counterclaimants allege that Counterdefendant negligently represented these facts to Counterclaimants.

27. Had Counterclaimants known the true facts, that is – that Counterdefendant was basing his calculations on no waste and that it would have been impossible to complete the contract for less than 12% to 15% waste – Counterclaimants would not have entered into the contract with Counterdefendant. As a result of Counterdefendant's misrepresentations of material facts, Counterclaimants have incurred damages in excess of $75,000.00.

28. As a direct and proximate result of the fraud, misrepresentations and deceit of Counterdefendants, and each of them, Counterclaimants have suffered

Daybreak, Inc. vs. Friedberg, et al.                          Civ. No. ST-10-cv-716
Answer, Counterclaim and Third Party Claim

general damages as well as special damages for cost of repair and/or replacement of the roof.

29. Counterclaimants are further informed and believe, and based thereupon allege, that the conduct of Counterdefendants, and each of them, in doing the acts hereinabove alleged, was wanton, reckless, oppressive, deceitful and despicable, and therefore justifies an award of exemplary and punitive damages, all in an amount to be proven at time of trial.

**WHEREFORE**, Third Party Plaintiffs pray as follows:

1. For breach of contract damages in an amount in excess of $75,000.00;

2. Incidental and consequential damages as a result of the breach of contract by Counterdefendant all in an amount to be proven at time of trial;

3. For interest at the maximum legal rate from the date of Counterdefendants breach of contract, all in an amount to be proven at time of trial;

4. For general damages in an amount in excess of $75,000.00;

5. For punitive and exemplary damages, all in an amount to be proven at time of trial;

6. For attorneys' fees and costs, all in an amount to be proven at time of trial;

7. For a trial by jury;

8. For costs of suit incurred herein; and,

9. For such other and further relief as the Court deems just and proper.

17

Daybreak, Inc. vs. Friedberg, et al.                                    Civ. No. ST-10-cv-716
Answer, Counterclaim and Third Party Claim


Dated: September 30, 2012                              Respectfully submitted:

                                                      **LAW OFFICES OF FRIEDBERG &
                                                      BUNGE**
                                                      By:
                                                      THOMAS F. FRIEDBERG, ESQ.
                                                      (VI BAR #1006)
                                                       610 West Ash Street, Suite 1400
                                                      PO Box 6814
                                                      San Diego, California 92166-0814
                                                      TEL : (619) 557-0101
                                                      FAX: (619) 557-0560
                                                      E-MAIL : tom@lawofficefb.com
                                                      *Attorneys for CounterClaimants,*
                                                      THOMAS F. FRIEDBERG, SARAH
                                                      BUNGE


## DEMAND FOR JURY

Counterclaimants hereby demand a trial by jury.

Dated: September 30, 2012                              Respectfully submitted:

                                                      **LAW OFFICES OF FRIEDBERG &
                                                      BUNGE**
                                                      By:
                                                      THOMAS F. FRIEDBERG, ESQ.
                                                      (VI BAR #1006)
                                                       610 West Ash Street, Suite 1400
                                                      PO Box 6814
                                                      San Diego, California 92166-0814
                                                      TEL : (619) 557-0101
                                                      FAX: (619) 557-0560
                                                      E-MAIL : tom@lawofficefb.com
                                                      *Attorneys for CounterClaimants,*
                                                      THOMAS F. FRIEDBERG, SARAH
                                                      BUNGE

Daybreak, Inc. vs. Friedberg, et al.                                    Civ. No. ST-10-cv-716
Answer, Counterclaim and Third Party Claim

## THIRD PARTY COMPLANT

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Third Party Plaintiffs, Thomas F. Friedberg and Sarah L. Bunge, are, and at all times herein mentioned were, residents of the County of San Diego, State of California and maintain their principal place of business within the State of California.

2. Third Party Plaintiffs are informed and believe, and based thereupon allege Third Party Defendant, Barry R. Huber, is a resident of the State of Florida and was soliciting business on the island of St. John, United States Virgin Islands.

3. The citizenship of the Third Party Plaintiffs and Third Party Defendant is diverse and the amount in controversy of the Counterclaim, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

4. There is personal jurisdiction over Third Party Defendant since Third Party Defendant either transacted business, contracted to supply goods and/or committed tortious acts or omissions within the territory of the Virgin Islands.

## FIRST CAUSE OF ACTION – FRAUD

5. Third Party Plaintiffs reallege paragraphs 1 through 4, and incorporation the same herein as though fully set forth herein.

19

Daybreak, Inc. vs. Friedberg, et al.                         Civ. No. ST-10-cv-716
Answer, Counterclaim and Third Party Claim

6.  Prior to the time of entering into the Contract attached to the Complaint as
    Exhibit "A," Third Party Defendant, Barry R. Huber, in his individual
    capacity, solicited work from Third Party Plaintiffs over the course of
    approximately 5 years, by stopping by the St. John home of Third Party
    Plaintiffs and representing that he could install for a fixed price a standing
    seam copper roof. In or about the beginning of 2010, Third Party
    Plaintiffs spoke with Third Party Defendant Barry R. Huber and he again
    represented that he would personally measure the roof and provide a fixed
    price contract for manufacture and installation of a custom standing seam
    metal roof. Through all of the discussions, Third Party Plaintiffs advised
    Third Party Defendant that an essential requirement of the bid and contract
    was that it was for a fixed price and that there would be no "hidden
    charges" and that the amount of copper quoted would be sufficient to
    complete the job. At all times herein mentioned, Third Party Defendant,
    Barry R. Huber, in his individual capacity, represented that he had
    personally measured the roof and had "take off" numbers and that the
    quoted price was accurate and included waste due to the fact that the roofs
    on The Project were octagonal and had many hips.

7.  As an inducement to enter into the contract with Third Party Defendant's
    company, Daybreak, Inc., Third Party Defendant, Barry R. Huber, in his
    individual capacity represented that the contract took into account the
    industry standard calculations of waste and that his company would be

Daybreak, Inc. vs. Friedberg, et al.  Civ. No. ST-10-cv-716
Answer, Counterclaim and Third Party Claim

able to complete the custom standing seam copper roof based on the measurements taken by Barry R. Huber.

8.  At all times herein mentioned, the various roofs have a combined approximate measurement of 8,400 square feet. The industry standard for waste for standing seam octagonal roofs is between 12% to 15%. These facts were known to Third Party Defendant Barry R. Hubert at the time of bidding and preparing the contract for The Project and Barry R. Huber represented that his company could complete the project for the price quoted in the contract.

9.  In truth and in fact, Third Party Defendant, Barry R. Huber, fraudulently induced Third Party Plaintiffs to enter into the subject contract by misleading Third Party Plaintiffs and bidding the contract as a no waste contract and then extorting Third Party Plaintiffs to pay more than the contract price for additional materials and labor due to Third Party Defendant Barry R. Huber's knowing and fraudulent calculations regarding the size of the roof and the failure to include waste. As an alternative, Third Party Plaintiffs allege that in the event the trier of fact does not find the requisite scienter, then Third Party Plaintiffs allege that Third Party Defendant, Barry R. Huber, negligently represented these facts to Third Party Plaintiffs.

10.  Had Third Party Plaintiffs known the true facts, that is – that Barry R. Huber was basing his calculations on no waste and that it would have been impossible to complete the contract for less than 12% to 15% waste –

Daybreak, Inc. vs. Friedberg, et al.                                    Civ. No. ST-10-cv-716
Answer, Counterclaim and Third Party Claim

Third Party Plaintiffs would not have entered into the contract with
Daybreak. As a result of Barry R. Huber's misrepresentations of material
facts, Third Party Plaintiffs have incurred damages in excess of
$75,000.00.

11. As a direct and proximate result of the fraud, misrepresentations and
deceit of defendants, and each of them, Third Party Plaintiffs have
suffered general damages as well as special damages for cost of repair
and/or replacement of the roof.

12. Third Party Plaintiffs are further informed and believe, and based
thereupon allege, that the conduct of Barry R. Huber, and each of them, in
doing the acts hereinabove alleged, was wanton, reckless, oppressive,
deceitful and despicable, and therefore justifies an award of exemplary
and punitive damages, all in an amount to be proven at time of trial.

**WHEREFORE**, Third Party Plaintiffs pray as follows:

1.       For breach of contract damages in an amount in excess of $75,000.00;

2.       Incidental and consequential damages as a result of the breach of contract by
Third Party Defendant, all in an amount to be proven at time of trial;

3.       For interest at the maximum legal rate from the date of defendants breach of
contract, all in an amount to be proven at time of trial;

4.       For general damages, all in an amount to be proven at the time of trial;

5.       For punitive and exemplary damages, all in an amount to be proven at time of
trial;

Daybreak, Inc. vs. Friedberg, et al.                                      Civ. No. ST-10-cv-716
Answer, Counterclaim and Third Party Claim

6.      For attorneys' fees for defendants breach of contract, all in an amount to be

proven at time of trial;

7.      For a trial by jury pursuant to Rule 38, Federal Rules of Practice;

8.      For costs of suit incurred herein; and

9.      For such other and further relief, including equitable relief, as this Court deems

just and proper.

Dated:  September 30, 2012                          Respectfully submitted:

                                                   **LAW OFFICES OF FRIEDBERG &
                                                   BUNGE**

                                                   By:
                                                   THOMAS F. FRIEDBERG, ESQ.
                                                   (VI BAR #1006)
                                                    610 West Ash Street, Suite 1400
                                                   PO Box 6814
                                                   San Diego, California 92166-0814
                                                   TEL : (619) 557-0101
                                                   FAX: (619) 557-0560
                                                   E-MAIL : tom@lawofficefb.com
                                                   *Attorneys for Third Party Plaintiffs,*
                                                   THOMAS F. FRIEDBERG, SARAH
                                                   BUNGE

Daybreak, Inc. vs. Friedberg, et al.                                    Civ. No. ST-10-cv-716
Answer, Counterclaim and Third Party Claim

## DEMAND FOR JURY

Third Party Plaintiffs hereby demand a trial by jury.

Dated: September 30, 2012                         Respectfully submitted:

**LAW OFFICES OF FRIEDBERG &**
**BUNGE**

By:
THOMAS F. FRIEDBERG, ESQ.
(VI BAR #1006)
 610 West Ash Street, Suite 1400
PO Box 6814
San Diego, California 92166-0814
TEL : (619) 557-0101
FAX: (619) 557-0560
E-MAIL : tom@lawofficefb.com
*Attorneys for Third Party Plaintiffs,*
THOMAS F. FRIEDBERG, SARAH
BUNGE

Daybreak, Inc. vs. Friedberg, et al.                    Civ. No.  ST-10-cv-716
Answer, Counterclaim and Third Party Claim

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of September, 2012, a true and correct

copy of the Answer to Complaint, Counterclaim and Third Party Claim was sent by U.S.

mail, postage prepaid to:


Andrew C. Simpson, Esq.
**ANDREW C. SIMPSON, P.C.**
2191 Church Street, Suite 5
Chirstiansted, St. Croix, VI 00820
TEL : (340) 719-3900
FAX: (340) 719-3903
"asimpson@coralbrief.com"