# EXHIBIT "S"

**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMANT CLAIMS**

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Settlement Agreement" or "Agreement") is made and entered into this day of January, 2024 ("Effective Date"), by **BARRY HUBER and DAYBREAK, INC. d/b/a HUBER AND ASSOCIATES ("PLAINTIFFS", "COUNTERDEFENDANTS" and/or "THIRD PARTY DEFENDANTS"),** on the one hand and **THOMAS F. FREIDBERG, SARAH BUNGE, LAW OFFICES OF FRIEDBERG & BUNGE and MERRILL LYNCH CREDIT CORPORATION ("DEFENDANTS", "COUNTERCLAIMANTS", and/or "THIRD PARTY PLAINTIFFS"),** (PLAINTIFFS, COUNTERDEFENDANTS, THIRD PARTY DEFENDANTS, DEFENDANTS, COUNTERCLAIMANTS and THIRD PARTY PLAINTIFFS shall be collectively referred to as the "Parties").

**RECITALS**

1.  This lawsuit was initially filed by Daybreak, Inc. d/b/a Huber and Associates against Thomas Friedberg and Sarah Bunge for failure to pay $31,480.29 in fees associated with the installation of a metal roof at the Friedberg residence. Defendants then filed a Counterclaim against Daybreak and Mr. Huber personally for breach of contract; breach of warranty; negligence; and fraud, for failure to complete the work by "walking off the job prior to the final walk through and leaving certain portions of the roof uncompleted". The allegations as described above will collectively be referred to as "The Claims";

2.  The lawsuit is currently pending IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS, DIVISION OF ST. THOMAS and ST. JOHN, Case No.: ST-10-CV-716 (the "Lawsuit");

3.  COUNTERDEFENDANTS do not admit, in any respect, the allegations of negligence or set forth in the Lawsuit or concede responsibility for any damages COUNTERPLAINTIFFS may have suffered; DEFENDANTS do not admit, in any respect, the allegations of breach of contract set forth in the Lawsuit or concede responsibility in any manner whatsoever.

4.  In the spirit of compromise, and in order to avoid the uncertainties and expense of litigation, the Parties desire to set forth in this Agreement, without establishing precedent, the terms, and conditions of, and consideration for, the settlement of the Lawsuit and any other potential claims arising out of or relating to the Lawsuit (collectively, the "Claims") in exchange for the consideration described herein. The settlement of the above entitled Superior Court Lawsuit does not extinguish the claims in the District Court case number 3:19-cv-0053 to the extent that District Court case does not encompass claims that were asserted in the above entitled Superior Court case.

5.  NOW THEREFORE, for and in consideration of the promises and mutual covenants and agreements herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree to the following:

1

## SETTLEMENT AGREEMENT AND RELEASE TERMS

1. <u>Recitals Incorporated</u>. All of the foregoing Recitals are hereby incorporated by reference as part of this Agreement.

2. <u>Consideration for Settlement</u>.

   a. As consideration for this Agreement, PLAINTIFFS, for their benefit, including all of their respective agents, directors, officers, employees, assigns, heirs, insurance carriers, plan administrators, and attorneys, shall pay to the DEFENDANTS, a collective sum of ██████████████████████████████████████ ("Settlement Proceeds").

   b. The Settlement Proceeds shall be paid to DEFENDANTS within thirty (30) days of the full execution of this Agreement.

   c. The Settlement Proceeds shall be made payable to "Thomas F. Frieberg and Sarah L. Bunge and shall be delivered to: Thomas F. Friedberg at PO Box 6814, San Diego, CA 92166.

3. <u>DEFENDANTS' Release</u>. Except as otherwise provided herein, DEFENDANTS, do hereby release, remise, acquit, and forever discharge PLAINTIFFS and each of them, and their respective assigns, heirs, executors, insurers, successors, predecessor and successor corporations, parent corporations, subsidiaries, affiliates, incorporators, officers (past and present), directors (past and present), members (past and present), employers (past and present), employees (past and present), independent agents (past and present), agents (past and present), attorneys (past and present), partners (past and present), shareholders (past and present), insurers (past and present), and any and all sureties and other insurers, including specifically without limitation CENTURY SURETY INSURANCE COMPANY (the "Released Parties"), none of whom admit any liability and all of whom expressly deny any liability, from any and all claims, grievances, medical payment benefits, contracts, reckonings, sums of money, bonds, bills, covenants, contracts, controversies, agreements, promises, debts, demands, damages, attorney's fees (including appellate attorney's fees), costs, debts, actions, causes of action, and suits of any kind or nature whatsoever, including, but not limited to additional insured claims, on account of all damages, including compensatory, economic, non-economic, punitive, and all other damages, known and unknown, foreseen and unforeseen, both to person and property, of and from any and all rights, claims, demands, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, claims and demands of whatsoever kind or nature, in law or in equity, which DEFENDANT ever had, now has, or which DEFENDANT or DFEFENDANT's successors or assigns may hereinafter acquire against the Released Parties related to or arising out of the Claims. Further, DEFENDANTS acknowledge that this release and settlement agreement includes and extends to, but is not limited to, all such claims, all unknown, unforeseen, unanticipated, and unsuspected injuries, damages, including compensatory and punitive damages, losses, and liabilities

2

and the consequences thereof including those asserted in the lawsuit, claims, actions, etc. that might result from, arise from, and/or relate to the Claims. The settlement of the above-entitled Superior Court Lawsuit does not extinguish the claims in the District Court case number 3:19-cv-0053 to the extent that District Court case does not encompass claims that were asserted in the above-entitled Superior Court case.

4. DEFENDANTS fully understand and agree that this Agreement includes, but is not limited to, any and all claims, damages, including compensatory and punitive damages, costs, attorneys' fees from any source including proposals for settlement, potential or available sanctions, actions and causes of action alleged or which could have been alleged or brought under the laws, codes, and statutes of any and all state, federal, foreign, local or territorial jurisdictions. Further, this Agreement extends and applies to and also covers and includes, all unknown, unforeseen, unanticipated, and unsuspected injuries, damages, including compensatory and punitive damages, losses and liabilities and the consequences thereof. DEFENDANTS fully understand and agree that this Agreement includes, but is not limited to, a resolution of all claims and potential claims for attorneys' fees and costs. , The settlement of the above entitled Superior Court Lawsuit does not extinguish the claims in the District Court case number 3:19-cv-0053 to the extent that District Court case does not encompass claims that were asserted in the above entitled Superior Court case.

5. PLAINTIFFS' Release: Except as otherwise provided herein, PLAINTIFFS, do hereby release, remise, acquit, and forever discharge DEFENDANTS and their respective assigns, heirs, executors, insurers, successors, predecessor and successor corporations, parent corporations, subsidiaries, affiliates, incorporators, officers (past and present), directors (past and present), members (past and present), employers (past and present), employees (past and present), independent agents (past and present), agents (past and present), attorneys (past and present), partners (past and present), shareholders (past and present), insurers (past and present), and any and all sureties and other insurers, including specifically without limitation CENTURY SURETY INSURANCE COMPANY, none of whom admit any liability and all of whom expressly deny any liability, from any and all claims, grievances, medical payment benefits, contracts, reckonings, sums of money, bonds, bills, covenants, contracts, controversies, agreements, promises, debts, demands, damages, attorney's fees (including appellate attorney's fees), costs, debts, actions, causes of action, and suits of any kind or nature whatsoever, including, but not limited to additional insured claims, on account of all damages, including compensatory, economic, non-economic, punitive, and all other damages, known and unknown, foreseen and unforeseen, both to person and property, of and from any and all rights, claims, demands, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, claims and demands of whatsoever kind or nature, in law or in equity, which PLAINTIFFS ever had, now have, or which PLAINTIFFS' respective successors or assigns may hereinafter acquire against the one another or their respective successors or assigns related to or arising out of the Claims. Further, PLAINTIFFS acknowledge that this release and settlement agreement includes and extends to, but is not limited to, all such claims, all unknown, unforeseen, unanticipated, and unsuspected injuries, damages, including compensatory and punitive damages, losses, and liabilities and the consequences thereof including those asserted in the lawsuit, claims, actions, etc. that might result from, arise from,

3

and/or relate to the Claims. The settlement of the above-entitled Superior Court Lawsuit does not extinguish the claims in the District Court case number 3:19-cv-0053 to the extent that District Court case does not encompass claims that were asserted in the above-entitled Superior Court case.

6. PLAINTIFFS fully understand and agree that this Agreement includes, but is not limited to, any and all claims, damages, including compensatory and punitive damages, costs, attorneys' fees from any source including proposals for settlement, potential or available sanctions, actions and causes of action alleged or which could have been alleged or brought under the laws, codes, and statutes of any and all state, federal, foreign, local, or territorial jurisdictions. Further, this Agreement extends and applies to and also covers and includes, all unknown, unforeseen, unanticipated, and unsuspected injuries, damages, including compensatory and punitive damages, losses and liabilities and the consequences thereof. PLAINTIFFS fully understand and agree that this Agreement includes, but is not limited to, a resolution of all claims and potential claims for attorneys' fees and costs. The settlement of the above-entitled Superior Court Lawsuit does not extinguish the claims in the District Court case number 3:19-cv-0053 to the extent that District Court case does not encompass claims that were asserted in the above-entitled Superior Court case.

7. Liens - DEFENDANTS and their attorneys further agree to satisfy any and all liens. DEFENDANTS further agree to indemnify, defend, and hold harmless PLAINTIFFS and their insurance carriers, from any and all claims arising from any and all liens of whatever nature or kind. It is understood and agreed that this paragraph is intended to preclude any further claims or actions against the DEFENDANTS, seeking reimbursement for liens, and, in the event of any such claims or actions, to make DEFENDANTS responsible, legally, and financially, for any such claims or actions. The settlement of the above-entitled Superior Court Lawsuit does not extinguish the claims in the District Court case number 3:19-cv-0053 to the extent that District Court case does not encompass claims that were asserted in the above-entitled Superior Court case.

8. Notice of Dismissal- Within five (5) days from receipt of said settlement funds, PLAINTIFFS and their respective attorneys agree to execute and file a Joint Stipulation of Dismissal with Prejudice and an order approving the Joint Stipulation of Dismissal and dismissing the case with Prejudice, with the Parties bearing their own fees and costs in the Lawsuit. Within five (5) days from receipt of said settlement funds, DEFENDANTS and their respective attorneys agree to execute and file a Joint Stipulation of Dismissal with Prejudice and an order approving the Joint Stipulation of Dismissal and dismissing any and all counterclaims with Prejudice, with the Parties bearing their own fees and costs in the Lawsuit.

9. Other Parties: The Parties mutually agree that in the event either seek to hold any other parties liable for damages as a result of the above-described CLAIMS, or any matters related to the CLAIMS, The Parties will sue such other parties **severally only** and will not seek to recover from such other parties the portion of their damages that are attributable to The Parties released

4

herein. In any legal action against such other parties, the parties to this agreement shall inform the court of this agreement and shall not file any pleading alleging that The Parties to this agreement are liable to each other. The settlement of the above entitled Superior Court Lawsuit does not extinguish the claims in the District Court case number 3:19-cv-0053 to the extent that District Court case does not encompass claims that were asserted in the above entitled Superior Court case. For the avoidance of any doubt, it is the intent of this "Other Parties" section of this Agreement to address the uncertainties created by the Virgin Islands Supreme Court's decision in *World Fresh Markets, LLC v. Palermo*, 2021 VI 1, 74 V.I. 455 (2021) and specifically to ensure that any of the parties to this agreement do not obtain a double recovery of damages and to eliminate— if possible—or reduce the impact of—if not—a claim by any "Other Party" against The Parties for any damages associated with the CLAIMS.

10.     Costs. Each of the Parties will pay for its own costs, expenses and attorneys' fees which were incurred by each in prosecuting or defending this matter and reaching this Settlement Agreement without seeking any reimbursement from the other party.

11.     No Admission of Liability. The Parties understand and agree that the aforementioned monetary consideration is not to be construed as an admission of liability or wrongdoing on the part of any of the Parties and/or the Released Parties, all of whom expressly deny same.

12.     Representation of Comprehension of Documents. The Parties acknowledge that they have had a full opportunity to read the contents of this Agreement and have had the benefit of counsel in reviewing said Agreement. PLAINTIFF acknowledges that the Agreement has been communicated to him in a language of his choosing and that this Agreement has been completely read and understood.

13.     Capacity to Execute. The Parties hereto declare, covenant, and warrant that they and/or their undersigned representatives are over the age of eighteen (18) years, and that they are not suffering from any legal, mental, or physical disabilities which would impair or disable them from executing this Agreement and that there has been no representations and/or statements made by any of the Parties hereto or any other of the Parties' agents, insurers, employees, or representatives to influence them in making or executing this Agreement.

14.     Confidentiality. The Parties agree that, except as may be required by law, regulation, judicial or governmental order or subpoena, no Party will not make any public statements regarding, or otherwise disclose the terms of, this Agreement to anyone and that each Party shall use reasonable and best efforts to strictly maintain the confidentiality of the terms and conditions of this Agreement, including the Parties instructing their respective attorneys, or any other agents, employees, assigns, or independent contractors, to likewise strictly abide by this confidentiality provision. .

15.     Severability. If any provision of this Agreement is held to be invalid or unenforceable on any occasion or in any circumstance, such holding shall not be deemed to render

5

this entire Agreement invalid or unenforceable, and to that extent, the provisions of this Agreement are severable; provided, however, that this provision shall not preclude a court of competent jurisdiction from refusing to sever any provision if severance would be inequitable to one or more of the Parties.

16. <u>Choice of Law.</u> This Agreement shall be deemed to have been executed and delivered within the Territory of the United States Virgin Islands, and the rights and obligations of the Parties shall be construed and enforced in accordance with, and governed by, the laws of the United States Virgin Islands without regard to principles of conflict of laws.

17. <u>Enforcement of Agreement.</u> In the event of any pleading, motion, or hearing to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of attorney's fees for services in enforcing same from the party or parties whose conduct necessitated the pleading, motion, or hearing. The Parties shall and hereby submit to the jurisdiction of the territorial and federal courts of the United States Virgin Islands, and venue shall be laid exclusively in the United States Virgin Islands.

18. <u>Complete Agreement.</u> The Parties acknowledge and agree that no promise or agreement not herein expressed has been made, that the terms of this Agreement are contractual and not a mere recital, and that there is no agreement or compromise on the part of any of the Parties hereto to do any act or things not herein mentioned. This Agreement constitutes and represents the entire agreement and supersedes all prior and contemporaneous agreements, negotiations, representations, warranties, and understandings of the Parties with regard to the subject matter set forth herein.

19. <u>Signatures and Counterparts.</u> A facsimile or scanned signature of any party to this Agreement shall be sufficient for all purposes, including enforcement. Additionally, it is agreed that this Agreement may be signed in counterparts.

20. <u>Modifications.</u> No supplement, modification, or amendment of this Agreement shall be binding unless executed in writing by the Parties. No waiver of any provisions of this Agreement shall be deemed to constitute a waiver of any other provision, whether similar or not similar; nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless set forth in writing signed by the party making the waiver.

21. <u>Not Construed Against Drafter.</u> The Agreement has been negotiated by the Parties and their respective counsel and should any provision of this Agreement require judicial interpretation, the court interpreting or construing the provision shall not apply the rule of construction that a document is to be construed more strictly against one party.

22. <u>Binding Agreement.</u> The Agreement shall be finding upon and inure to the benefits of the Parties and their respective heirs, executors, administrators, trustees, legal representatives, successors, and assigns.

23. <u>Assignments</u>. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns. Any assignment of this Agreement by any Party without the written permission of the other Party, except by operation of law, shall be void and of no effect.

24. <u>Third-Party Beneficiary</u>. No person not named in this Agreement shall have any rights under this Agreement.

Execution: This Agreement shall become effective only upon its execution on the date on which the last signature hereto is made. It is understood, however, that this Agreement may be executed in counterparts, each of which shall be deemed an original, but which, when taken together, shall constitute one and the same Agreement.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date and year written below.

**BARRY HUBER, individually and as Representative of Huber and Associates**

Signed: _____

Print Name: _____

Date: _____

_____ )
_____ )
_____ )

SWORN TO AND SUBSCRIBED before me this ____ day of _____, 2024, **BARRY HUBER**, who personally appeared and is ____ personally known OR ____ produced for identification, and type of identification produced_____ and being first duly sworn and/or affirm that the information stated herein is true and correct to the best of her knowledge and belief.

_____

NOTARY PUBLIC, _____ _____

_____
(Printed Name of Notary Public)

7

THOMAS F. FRIEDBERG, as Representative of
LAW OFFICES OF FRIEDBERG & BUNGE

Signed: _____

Print Name: _Thomas F Friedberg_

Title: _____

Date: _6/12/24_

_Arizona_            )
                     )
_PIMA_               )

SWORN TO AND SUBSCRIBED before me this _12th_ day of _June_, 2024, THOMAS F. FRIEDBERG, who personally appeared and is _____ personally known OR produced for identification, and type of identification produced _Thomas F. Friedberg_ and being first duly sworn and/or affirm that the information stated herein is true and correct to the best of her knowledge and belief.

_Adriana C. Valenzuela_

ADRIANA C VALENZUELA
Notary Public - Arizona
Pima County
Commission #626325
My Comm. Expires May 6, 2026

NOTARY PUBLIC, _____

_Adriana C. Valenzuela_
(Printed Name of Notary Public)

THOMAS F. FRIEDBERG, individually

Signed: _[signature]_

Print Name: Thomas F Friedberg

Title: _____

Date: 6/12/24

___Arizona___ )
                       )
___PIMA___ )

SWORN TO AND SUBSCRIBED before me this 12th day of June, 2024, THOMAS F. FRIEDBERG, who personally appeared and is _____ personally known OR produced for identification, and type of identification produced Thomas F. Friedberg and being first duly sworn and/or affirm that the information stated herein is true and correct to the best of her knowledge and belief.

_[signature: Adriana C. Valenzuela]_

ADRIANA C VALENZUELA
Notary Public - Arizona
Pima County
Commission #626325
My Comm. Expires May 6, 2026

NOTARY PUBLIC, _____

Adriana C. Valenzuela
(Printed Name of Notary Public)

8

**SARAH BUNGE, individually**

Signed: *Sarah L Bunge*

Print Name: Sarah L Bunge

Title: _____

Date: 6/12/2024

___Arizona___ )
              )
___PIMA___    )

SWORN TO AND SUBSCRIBED before me this 12th day of June, 2024, **SARAH BUNGE**, who personally appeared and is ___ personally known OR ___ produced for identification, and type of identification produced Sarah Lynn Bunge and being first duly sworn and/or affirm that the information stated herein is true and correct to the best of her knowledge and belief.

*Adriana C. Valenzuela*

ADRIANA C VALENZUELA
Notary Public - Arizona
Pima County
Commission #626325
My Comm. Expires May 6, 2026

NOTARY PUBLIC, _____

Adriana C. Valenzuela
(Printed Name of Notary Public)

10