# IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| THOMAS F. FRIEDBERG & SARAH L. BUNGE,<br><br>    Plaintiffs,<br><br>v.<br><br>DAYBREAK, INC. dba HUBER & ASSOCIATES,<br><br>    Defendant. | CIVIL ACTION NO. 3:19-cv-0053 |

### DEFENDANT'S MOTION TO ACCEPT FILINGS OUT-OF-TIME DUE TO TECHNICAL FAILURE WITH THE ECF FILING SYSTEM

DAYBREAK, INC., dba HUBER & ASSOCIATES, moves pursuant to LRCi 5.4(k) to have the following documents filed today accepted as filed *nunc pro* tunc to January 5, 2025:

Doc. No. 103:   Opposition to Plaintiffs' Motion for Summary Judgment;

Doc. No. 104:   Response to Plaintiffs' Statement of Uncontested Material Facts;

Doc. No. 105:   Defendants' Statement of Additional Facts.

### LRCi 7.1(f) Certification

I certify that on Wednesday, January 7, 2026, I emailed Plaintiffs' counsel and explained that I intended to file this motion and sought his concurrence. I sent a follow up email on Thursday, January 8, 2026 when I had not had a response. Later on January 8, 2026, I received a call from Attorney Friedberg's office informing me that he was flying to Finland but would respond to me when he landed. As of Noon AST on Saturday, January 10, 2026, there has been no response.

1

## FACTS

On January 5, 2025, at approximately 6:00 p.m., Attorney Andrew C. Simpson was called by Attorney Melanie Barker of his co-counsel's office, who reported that she was trying to file the above documents on behalf of Jeffrey Cosby but that PACER was not accepting Attorney Cosby's credentials. Attorney Barker requested that Attorney Simpson file the documents instead.

After receiving the documents to be filed shortly before 6:30 p.m. AST on January 5, 2025, Attorney Simpson attempted to login to the Court's PACER site but also was greeted with an error message stating "Invalid username or password." Attorney Simpson uses a password manager that saves both his username and password and thus he knew that there was no error in either his username or password. He then looked to the PACER website "help" page and followed the directions provided there (clearing the browser cache, restarting the browser, etc.) and still was unable to login. He then called the PACER help desk telephone number at approximately 6:40 p.m. and was told that there was a 154-minute wait and that he was the 101st caller in the queue. The PACER help line is not manned after 8 p.m. AST,[1] which meant that there would have been no one available at PACER to assist Attorney Simpson given the 154-minute wait time.

At that point, Attorney Simpson concluded that the problem must be a nationwide problem and that he would not be able to get the documents filed electronically that day. Accordingly, at 7:08 p.m. he emailed a ShareFile link to

---

[1] https://pacer.uscourts.gov/contact-us

2

counsel for Plaintiffs from which the documents listed above could be downloaded. He then followed the instructions in this Court's CM/ECF User Manual and emailed vidoperations@vid.uscourts.gov at 7:20 p.m. to notify the Court of the issue and seek assistance from the Clerk's Office.

On Tuesday, January 6, 2025, Attorney Simpson again tried to login without success. He also confirmed that Attorney Cosby was unable to login. He then again called the PACER help hotline, only to be informed that the wait time was 155 minutes and that he was 80th in the queue. He then emailed the PACER help email address and also attempted to have PACER send him an email to confirm his username. Attorney Simpson never received a response to the email or a response to his username request (which the PACER website indicated should be received within 15 minutes of the request).

In addition to following the PACER website's suggestions for resolving login issues, Attorney Simpson attempted the following:

a. Logging in from a different web browser;

b. Logging in from a different computer connected to a different ISP;

c. Logging in from an iPad that had never logged in to PACER (thereby ensuring that caching could not be the issue) using a cellular data connection;

On January 7, 2025, Attorney Simpson called the PACER help line at 9:00 a.m. AST, the exact time that the help line is staffed (after calling several minutes before the staffing time but not being able to get in the queue before the official staffing time), and was informed that he was the second caller in the queue and that there

3

was only an estimated 2-minute wait. Although that estimate proved wrong, he finally reached a tech support person thirty minutes later who was eventually able to solve the problem by manually resetting Attorney Simpson's password. Attorney Simpson promptly filed the documents in the identical format as provided to Plaintiffs' counsel on January 5, 2025.[2]

All of the above facts are supported by the accompanying declaration of Attorney Simpson.

## LAW

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that when a party moves to extend a deadline after the deadline has passed, the Court may, for good cause, extend the deadline if the failure to meet the deadline was a result of "excusable neglect." In determining whether to grant such a motion, the Court "must make a finding of excusable neglect, under the *Pioneer* factors, before permitting an untimely motion. *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 395 (1993)." *Drippe v. Tobelinski,* 604 F.3d 778, 785 (3d Cir. 2010). Those factors are:

  (1) the danger of prejudice to the other party;

  (2) the length of the delay and its potential impact on judicial proceedings;

  (3) the reason for the delay, including whether it was within the reasonable control of the untimely party; and

---

[2] Because the PACER filing system will not accept documents with embedded PDFs (the embedding constitutes "code" that is impermissible), it was necessary to delete embedded exhibits in the deposition transcripts that were filed. To ensure that what was filed was substantively identical to what was served upon Plaintiffs' counsel, those exhibits were inserted at the end of their respective depositions.

4

    (4)  whether the untimely party acted in good faith

*Acosta v. Hovensa LLC*, Case No. 1:CV 2008-0089, 2020 WL 3077867, at *5, n.4 (D.V.I. June 10, 2020) ((cleaned up) (citing *Drippe v. Tobelinski*, 604 F.3d 778, 784-85 (3d Cir. 2010). Each of those factors is discussed below.

**(1)**    **There is no prejudice to Plaintiffs**

As indicated, Attorney Simpson served the three filings upon Plaintiffs on the date they were due. There is no possible prejudice to Plaintiffs; even if the two-day delay in formal filing were to somehow impacted Plaintiffs, Daybreak would have no objection to a brief extension of time for Plaintiffs to reply to the filings in order to ameliorate any possible prejudice.

**(2)**    **The two-day delay has no potential impact on judicial proceedings;**

The two-day delay in the middle of the briefing of summary judgment motions likewise will have no discernable impact upon judicial proceedings. Trial is presently scheduled for April 14, 2026 and it seems unlikely that a two-day delay would impact the Court.[3]

**(3)**    **The reason for the delay was beyond the control of Daybreak**

As described above and supported by the declaration of Attorney Simpson, Daybreak acted with diligence in attempting to file the documents within the deadline set by the Federal Rules of Civil Procedure. Daybreak's co-counsel was

---

[3] Under the Amendments to the Court's local rules scheduled to go into effect on February 1, 2026, the Parties would have been able to stipulate to an extension of up to 30 days as the deadline for filing Daybreak's Opposition was set by Rule, not Court Order. *See* Proposed LRCi 6(b)(5). This suggests that the Court does not consider a delay of up to 30 days in filing an opposition brief to be prejudicial *per se*.

5

attempting to file the documents six hours before the deadline. When he encountered issues, he promptly enlisted Attorney Simpson's assistance to get the documents filed.

When Attorney Simpson encountered the exact same issue, he followed the procedures established by PACER to obtain assistance. When Attorney Simpson realized that assistance from PACER or this Court would not be available until the next day, he notified this Court as instructed in the CM/ECF Manual and also served Plaintiffs with the documents so that they would not be prejudiced by the delay.

**(3) Daybreak acted in good faith**

As described above, two attorneys with two completely separate PACER accounts encountered the exact same login issue with PACER. The filings were completed with ample time to electronically file in the ordinary course and were actually served via email upon Plaintiffs on a timely basis. Daybreak gained no advantage through the delay

CONCLUSION

Based upon the *Pioneer* factors as discussed above, Daybreak has shown that it is entitled to relief under Fed. R. Civ. P. 6(b)(1). For the foregoing reasons, Daybreak submits that this motion should be granted.

Respectfully Submitted,

.

Date: January 10, 2025

s/ Jeffrey C. Cosby, Esq.
Jeffrey C. Cosby, Esq.
Florida Bar No. 967981
Service to: eservice@wlclaw.com

Attorney for Defendant Daybreak Inc
Williams, Leininger & Cosby, P.A.
301 SE Ocean Blvd., Suite 205
Stuart, FL  34994
Telephone: 772-463-8402
Facsimile: 772-463-4820

s/ Andrew C. Simpson, Esq.
Andrew C. Simpson, Esq.
VI Bar 451
Attorney for Defendant Daybreak Inc
2191 Church Street, Ste. 5
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone No. (340)719-3900