## DECLARATION OF ANDREW C. SIMPSON

I, Andrew C. Simpson, make this declaration pursuant subject to the penalty of perjury:

1. I am an attorney licensed to practice in the Virgin Islands since 1992 and am competent to make this declaration.

2. This Declaration is based upon my personal knowledge. If called upon to testify upon those matters, I could and would do so.

3. On January 5, 2026, at approximately 6:00 p.m. AST, I was called by Attorney Melanie Barker, an associate in Jeffrey Cosby's office.

4. Attorney Barker explained that she was trying to file Daybreak, Inc.'s Memorandum in Opposition to Plaintiffs' motion for summary judgment along with the related documents (Response to Plaintiffs' Statement of Uncontested Material Facts; Statement of Additional Material Facts; and exhibits 1-13).

5. These three documents were ultimately filed with the Court as Document Numbers 103, 105 and 105.

6. Attorney Barker explained that she was trying to file the above documents on behalf of Jeffrey Cosby but that PACER was not accepting Attorney Cosby's credentials. Attorney Barker requested that I file the documents instead.

7. I requested that Attorney Barker send me the documents and I received them from her shortly before 6:30 p.m. AST on January 5, 2026.

1

8. I then attempted to login to the Court's PACER site from home on my laptop but also was greeted with an error message stating "Invalid username or password."

9. Attached to this declaration is a screenshot of the error message I received.

10. I use a password manager that saves both my username and individualized, complex, passwords for a variety of websites including the Court's PACER CM/ECF filing site. As a result, it is not possible for me to accidentally enter the wrong username or password.[1]

11. When I was unable to login on then looked to the PACER website "help" page and followed the directions provided there (clearing the browser cache, restarting the browser, etc.). None of those steps worked.

12. When I had exhausted the online help instructions, I then called the PACER help desk telephone number at approximately 6:40 p.m. and received a recording that there was a 154-minute wait and that I was the 101st caller in the queue.

13. The PACER help line is not manned after 8 p.m. AST, which meant that there would have been no one available at PACER to assist me given the 154-minute wait time.

---

[1] I had most recently electronically filed something with this Court in Case No. 1:23-cv-00012 when I filed Document Number 225 in that case on December 26, 2025 and I encountered no problems. Attorney Cosby had filed Document Number 96 in the instant case on December 30, 2025 and encountered no problems.

2

14. Given the heavy call volume and the fact that both Attorney Cosby and I were encountering the exact same issue, I concluded that the problem must be a nationwide problem and that I would not be able to get the documents filed electronically that day.

15. Accordingly, at 7:08 p.m. I emailed a ShareFile link to Attorney Friedberg as well as to all of his backup email addresses that are listed on the Court's ECF notices when Attorney Friedberg files something.

16. The ShareFile link provided a link from which the documents ultimately filed as Document Numbers 103, 104, and 105 could be downloaded.

17. I then followed the instructions in this Court's CM/ECF User Manual and emailed vidoperations@vid.uscourts.gov at 7:20 p.m. AST to notify the Court of the issue and seek assistance from the Clerk's Office.

18. On Tuesday, January 6, 2026, I again tried to login without success. This time I was trying to login from my workstation computer, using my office ISP (which is a different ISP than my home ISP).

19. I also confirmed that Attorney Cosby was unable to login on the morning of January 6, 2026.

20. I then again called the PACER help hotline, only to be informed that the wait time was 155 minutes and that I was 80th in the queue.

21. I next emailed the PACER help email address to explain the problem I was encountering and open a help ticket. As of the time of filing this declaration, I still have not had a response from PACER to that email.

3

22. I also used PACER's "Forgot Username" feature to attempt to have it send me an email confirming my username. The PACER website indicated that I should receive an email response to the username request within 15 minutes of the request.

23. I did not receive any response to the Forgot Username attempt within 15 minutes (and as of the time of filing this declaration, I still have not received a response).

24. In addition to following the PACER website's suggestions for resolving login issues, I attempted the following:

    a. Logging in from a different web browser on my workstation (I tried both Edge and FireFox);

    b. Logging in from a different computer connected to a different ISP;

    c. Logging in from an iPad that had never logged in to PACER (thereby ensuring that caching could not be the issue) using a cellular data connection;

25. Throughout the day on January 6, 2026, I tried to login without success.

26. On Wednesday, January 7, 2026, I called the PACER help line at 8:55 AST (five minutes before it is officially staffed) in an effort to get into the queue for assistance. I received a recording that informed the PACER center was not open and my call was then disconnected.

27. I then called the help line at exactly 9:00 a.m. AST and was informed that I was the second caller in the queue and that there was only an estimated 2-minute wait.

28.     The estimated 2-minute wait took 30 minutes; however, I finally was able to speak with a tech support person who, after several different attempts at troubleshooting, was eventually able to solve the problem by manually resetting my password.

29.     I promptly filed the documents in the identical format as provided to Plaintiffs' counsel on January 5, 2026.[2]

30.     To the best of my recollection, this is the first time I have ever encountered an issue with filing something with PACER and it is definitely the only time where the problem was attributable to a problem with PACER rather than some other technical problem.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 10, 2026          _____

---

[2] Because the PACER filing system will not accept documents with embedded PDFs (the embedding constitutes "code" that is impermissible), it was necessary to delete embedded exhibits in the deposition transcripts that were filed. To ensure that what was filed was substantively identical to what was served upon Plaintiffs' counsel, those exhibits were inserted at the end of their respective depositions in the documents that were filed.

5

