IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

THOMAS F. FRIEDBERG & SARAH L. BUNGE,

Plaintiffs,

v.

DAYBREAK, INC. dba HUBER & ASSOCIATES,

Defendant.

**ACTION NO. 3:19-cv-0053-RAM-EAH**

**ACTION FOR DAMAGES**

---

**DECLARATION OF ARTHUR L. SANDERS, AIA *EMERITUS*, IN SUPPORT OF**

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION**

**FOR SUMMARY JUDGMENT**

I, Arthur L. Sanders, AIA *Emeritus*, declare as follows:

1.      I am an AIA registered Architect for over 30 years.  I have been retained by Plaintiffs Thomas F. Friedberg and Sarah L. Bunge ("Plaintiffs") to provide forensic architectural expert services in connection with their lawsuit against Defendant Daybreak, Inc. dba Huber & Associates ("Defendant" or "Daybreak"). I make this declaration in support of Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for Summary Judgment.

2.      As I stated in my Declaration in Support of Plaintiffs' Motion for Summary Judgment (Doc. No. 89), in 2014 I inspected the roofs on Plaintiffs' property in connection with a Superior Court lawsuit pending at that time.  We opened a section of a seam in the middle of a pan on the West side of the Main House roof to examine how the seam was secured.  We observed cleats securing the copper seam spaced at 8, 10 and 9 inches.  While not exactly at the 9.5-inch spacing required by the parties' Contract, it satisfied the "on average" requirement.

3.      We observed an exposed seam on a ridge on the east side of the Main House. We removed a section of the ridge cap and Dahill opened and recrimped a short, approximately 2-foot section of the seam. During that process I did not observe cleats in the 2-foot section of ridge seam that Dahill repaired. The entire ridge seam was about 33 feet long and the short section Dahill recrimped was approximately 2 feet long, or 6% of the entire seam. We did not open the remaining 94% of the ridge seam; and we did not open any other ridge seams on the Main House or any other roof. The fact that I did not see cleats readily apparent in the 2-foot section that Dahil repaired did not establish that there were no cleats in the remaining 94% of that hip ridge. The cleats I observed in the pan seam we opened on the other side of the roof showed that Daybreak's spacing was inconsistent with the cleats installed between 8 and 10 inches apart, so there may have been cleats installed in the ridge seam outside of the 2-foot section that Dahill repaired. The absence of cleats in that 2-foot section also did not establish that there were no cleats securing any of the other hip ridges on the Main House or any other building.

4.      I had no evidence that Daybreak did not install cleats to secure any of the hip ridge seams until Daybreak's witnesses admitted in their depositions in this case that Daybreak did not install any cleats in any of the hip ridge seams. In my deposition taken in this case on September 11, 2025, I confirmed that in 2014 I observed only a small area of only one ridge seam that Dahill opened and repaired, and I did not confirm if there were cleats in any other area of that ridge seam or any of the other ridge seams on the Main House. *See*, September 11, 2025 Deposition of Arthur Sanders at 22:17-23:11.

5.      I was not present in 2019 when Richard Barabas of Dahill repaired the hip ridge seam on the Main House that had been opened by Hurricane Irma. I had not seen Mr. Barabas'

2

photographs of the fully-opened ridge seam before I was deposed on September 11, 2025. In my deposition I mistakenly said that the hip ridge seam that was opened by the hurricane was the same ridge seam Dahill opened and recrimped a 2-foot section in 2014. After my deposition I reviewed Barabas' photographs of the 2019 repair of the ridge seam that opened completely during Hurricane Irma. That review refreshed my recollection and reoriented me to the locations of the 2014 and 2019 ridge seam repairs. I realized after my deposition was taken that the small section of ridge seam that was repaired in 2014 was not the same section that was opened by Hurricane Irma in 2017. The ridge seam that Dahill repaired in 2014 was on the opposite side of the pan from the ridge seam that was completely opened in 2017. The two different ridge seams involved in the 2014 and 2019 repairs are identified in the photograph incorporated into paragraph 51 in support of Plaintiffs Motion for Summary Judgment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of January, 2026, at New Haven, Connecticut.

_Arthur L. Sanders_

Arthur L. Sanders, AIA Emeritus