**Exhibit 1**

1

2                    IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

3                       DIVISION OF ST. THOMAS AND ST. JOHN

4    DAYBREAK, INC., dba HUBER AND        CIVIL CASE NO. ST-10-cv-716
     ASSOCIATES,
5                                          **ACTION FOR DEBT, BREACH OF
              Plaintiff,                  CONTRACT AND TO ENFORCE
6                                         CONSTRUCTION LIEN**

7           v.

8    THOMAS F. FRIEDBERG, SARAH
     BUNGE, LAW OFFICES OF FRIEDBERG
9    & BUNGE, AND MERRILL LYNCH
     CREDIT CORPORATION.

10            Defendants.

11

12   ──────────────────────────────

13   AND ALL RELATED COUNTER-CLAIMS

14

15            **COUNTER CLAIMANTS' RESPONSES TO INTERROGATORIES**

16   PROPOUNDING PARTY    :    Counter Defendant, DAYBREAK, INC., dba HUBER AND

17                              ASSOCIATES

18   RESPONDING PARTY     :    Counter Claimant, THOMAS F. FRIEDBERG

19   SET NUMBER           :    ONE

20                          **PRELIMINARY STATEMENT**

21         These responses are made solely for the purposes of, and in relation to, this action.  Each

22   answer is given subject to all appropriate objections (including, but not limited to, objections

23   concerning competency, relevancy, materiality, propriety and admissibility) which would require the

24   exclusion of any statement contained herein if the interrogatory were asked of, or any response were

25   made by, a witness present and testifying in court.  All such objections and grounds therefor are

26   reserved and may be interposed at the time of trial.  Counterclaiming has not yet fully completed

27   investigation of the facts relating to this case, has not fully completed discovery in this action, and

28   has not completed preparations for trial.  These answers are based only upon such information and

1  documents which are presently available to and specifically known to responding party and they

2  disclose only those contentions which presently occur to responding party.  It is anticipated that

3  further discovery, independent investigation, legal research and analysis will supply additional facts,

4  add meaning to the known facts as well as establish entirely new factual conclusions and legal

5  contentions, all of which may lead to substantial additions to, changes in and/or variations in these

6  responses.

7      The following interrogatory responses are given without prejudice to Counterclaiming's right

8  to produce evidence of any subsequently discovered facts which Counterclaiming may later recall.

9  Counterclaiming accordingly reserves the right to produce evidence of any subsequently discovered

10  facts and the right to change any and all responses as additional facts are ascertained, analyses and

11  contentions are made and legal research is completed.  The answers contained herein are made in

12  a good faith effort to supply as much factual information and as much specification of legal

13  conclusions as is presently known, but should in no way be to the prejudice of responding party in

14  relation to further discovery, research or analysis.

15                               **GENERAL OBJECTIONS**

16      The propounding party prefaces the interrogatories with certain instructions and definitions.

17  Objection is made to these instructions and definitions insofar as they purport to relate to persons

18  and entities not under the control of the responding party.  Objection is further made to the entire set

19  of interrogatories on the grounds that boiler plate definitions and instructions make the

20  interrogatories overboard, burdensome, irrelevant and not reasonably calculated to lead to the

21  discovery of admissible evidence.  In addition, the scope of definitions and instructions causes the

22  interrogatories to impermissibly seek information that is subject to the attorney-client and attorney

23  work product privileges.  Objection is also made to the definitions and instructions insofar as they

24  purport to expand the requirements of the Federal Rules of Civil Procedure.

25      Objection is further made to the interrogatories for requiring information protected by the

26  attorney-client privilege and the work product doctrine.

27      Objection is further made to the scope of the interrogatories that are not reasonably limited

28  in terms of time and scope.  Counterclaiming will respond to the portion of the project involving

- 2 -

1 | Plaintiff and Counter defendant. It would be burdensome, harrasive and overbroad to require a
2 | response for the entire construction project for the residence on St. John, since this project began in
3 | 1999. The subject litigation involves the manufacturing and installation of the copper roofing and
4 | the responses will be limited to this aspect of the project.

5 | ### RESPONSES AND SPECIFIC OBJECTIONS

6 | Subject to the above preliminary statement and notwithstanding the above general objections,
7 | and without waiving those objections, Counterclaiming responds as follows:

8 | **INTERROGATORY NO. 1:**

9 | Please state the name, address and title of each person assisting with the preparation of the
10 | answers to these Interrogatories.

11 | **RESPONSE TO INTERROGATORY NO. 1:**

12 | Thomas F. Friedberg.

13 | **INTERROGATORY NO. 2:**

14 | Identify all persons known by you to have knowledge of construction work performed by any
15 | of the architects, engineers, contractors, or subcontractors, at the property in question from the
16 | beginning of your ownership of the property to the present time.

17 | **RESPONSE TO INTERROGATORY NO. 2:**

18 | Objection: The interrogatory as phrased is overbroad, burdensome and harrasive since the
19 | property was first acquired in 1999 and copper roofing project took place in or about 2010. However,
20 | without waiver, Counter claimants respond as follows:

21 | 1.    SARAH L. BUNGE
22 | 2.    THOMAS F. FRIEDBERG
23 | 3.    Chris Bunge, St. John, USVI
24 | 4.    Andrea Lee, Springline Architects, Red Hook, St. Thomas, USVI
25 | 5.    Tracy Roberts, Springline Architects, Red Hook, St. Thomas, USVI
26 | 6.    Barry Huber
27 | 7.    Ron Baker
28 | 8.    Micah Cady

- 3 -

9.    Ralph Laverdure

10.   Peter Laughlin

11.   Timothy Petersen

12.   Austin Schlimmer

13.   Brandon Novak

**INTERROGATORY NO. 3:**

Describe in detail all work and services performed by the Counter defendant and all materials provided pursuant to the construction work that is the subject of this lawsuit, by identifying or providing among other things, as follows:

1.    an itemized list of all work or services performed and materials provided;

2.    the dates in which the itemized work, services, or materials were performed or furnished; and

3.    each person known by you to have any knowledge of the facts as set forth in this Interrogatory answer.

**RESPONSE TO INTERROGATORY NO. 3:**

The scope of work is set forth in the Proposal for Roofing which has been provided in the Rule 26 disclosures. The project was to provide a custom standing seam copper roof for 6 buildings, with approximate roof square footage of 8,400 square footage, to be confirmed by Counter defendant Huber based on his personal measurements and Counter defendant's review and analysis of the CAD drawings supplied by the architect, Tracy Roberts of Springline Architects. The buildings were the main house, guest house, beach bar with outside bathroom, dining gazebo, gate house and garage/studio. Counter defendant was to provide the following:

1.    Job set up

2.    Provide General Liability and Workers' Compensation Insurance

3.    Provide scaffolding or other means for safe roof access

4.    Provide for material handling necessary for roof loading

5.    Provide project closeout, including removing all surplus tools, equipment and debris

6.    Travel to and from St. John

- 4 -

7.      Provide and install Rosin slip sheet over modified underlayment

8.      Install 16 oz. Red Copper standing seam roof system with 15" O.C. panel widths with 1" double locked standing seam. Cleats installed at an average of 9.5" O.C. with ring shank nails per cleat. Traditional style single rib ridge finish

9.      Provide and install necessary 16 oz. Red Copper flashing in all areas where needed.

10.     Determine that Red Copper coils which were pre-paid and picked up by Counter defendant were adequate for the job and to provide any excess Red Copper necessary to complete the job.

The work was performed between May and July 2010.

The persons referred to in response to Interrogatory Number 2 have knowledge of these facts.

**INTERROGATORY NO. 4:**

With regard to the construction work that is the subject of this lawsuit, do you contend that work performed by the Counter defendant was defective in any manner? If so, describe the specific allegations that support the basis for this contention.

**RESPONSE TO INTERROGATORY NO. 4:**

Yes. A detailed cost of repair identifying the areas which need to be repaired is attached.

1.      Roof leaking - the gate house and garage roofs leak. There are defects in the manner of attachment of the copper roof and there are gaps in the panels and flashing. The workers cracked the plaster while installing the flashing, causing rain to migrate through the cracked plaster and leak into the house. Repair entails removal and replacement of the defective portions of roof, flashing and replastering.

2.      Flashing main house - the flashing and caulking needs to be redone as it leaks and an inappropriate caulk was used which has deteriorated.

3.      Caulking roof vents - an improper product was used and the caulk has deteriorated.

In addition to the above defects, during the course of the work, due to significant waste occurring in the cutting and installation of the room panels, the workers ran out of copper product on two occasions. Incomplete runs of copper were used. Prior to the final approval of the work, the workers packed up, left island and returned to Florida. The last two buildings were the gate house

-5-

1  and garage studio. These roofs were were completed in a substandard manner with damage done to

2  the plaster while attaching the flashing.

3  **INTERROGATORY NO. 5:**

4        With regard to the construction work that is the subject of this lawsuit, do you contend that

5  work performed by any other contractor or subcontractor, other than the Counter defendant, was

6  defective in any manner? If so, identify the other contractor/subcontractor and describe the specific

7  allegations that support the basis for this contention.

8  **RESPONSE TO INTERROGATORY NO. 5:**

9        No.

10  **INTERROGATORY NO. 6:**

11        If your answer to Interrogatory 4 and/or 5 is "yes", please state the following as to each

12  alleged defective item:

13        1.    whether the item was repaired or replaced, or is expected to be repaired or replaced;

14              the costs incurred or expected to repair or replace the item;

15        2.    the date when the item was or will be repaired or replaced;

16        3.    by whom the item was or will be repaired or replaced;

17        4.    whether the allegedly defective item caused any damage or injury to persons or

18              property;

19        5.    identify all documents relating to the repair or replacement of the item;

20        6.    list separately and identify with specificity each location in the project at which each

21              such defect existed.

22  **RESPONSE TO INTERROGATORY NO. 6:**

23        With respect to response to interrogatory number 5, see attached cost of repair. The defects

24  have not been repaired.

25  **INTERROGATORY NO. 7:**

26        With respect to each construction item, which you allege to be defective, please identify the

27  person(s) responsible for ensuring compliance with the project plans and specifications.

28  ///

-6-

**RESPONSE TO INTERROGATORY NO. 7:**

Counter defendant.

**INTERROGATORY NO. 8:**

With respect to the construction work that is the subject of this lawsuit, please list all demands for work or for repairs made by you to the Counter defendant, and indicate the response to each such demand, and if the alleged problem persisted after such response, whether any additional demand was made. If no additional demand for work was made, please explain why no additional demand was made.

**RESPONSE TO INTERROGATORY NO. 8:**

In late July 2010 and again in August 2010, demands were made to Ron Baker at Counter defendant's company for warranty repairs due to water leaking into the gate house and garage when it rains and to replace the cracked plaster. The requests for warranty repairs were denied. This matter is now in litigation.

**INTERROGATORY NO. 9:**

Describe in detail all remedial work done during the course of the construction work that is the subject of this lawsuit by identifying or providing, among other things, as follows:

1. an itemized list of all work or services performed and the scope of work;

2. the dates in which the itemized work or services was performed; and

3. each person known by you to have any knowledge of the facts as set forth in this Interrogatory answer.

4. the identity, address and telephone numbers of the person or persons who did such remedial work

**RESPONSE TO INTERROGATORY NO. 9:**

None to date.

**INTERROGATORY NO. 10:**

For each alleged defect of the construction work that is the subject of this lawsuit, list the party(ies) whom you believe is/are responsible for such defect, the percentage of fault which you attribute to each party and the reason(s) for such apportionment of fault.

- 7 -

1 **RESPONSE TO INTERROGATORY NO. 10:**

2    Counter defendant, Daybreak, dba Huber and Associates and Third Party Defendant Barry

3 R. Huber, 100%.

4 **INTERROGATORY NO. 11:**

5    With respect to each alleged defect within the scope of Counter defendant's work, please

6 state how such defect(s) contribute(s) to alleged deficient and faulty construction of the Project.

7 **RESPONSE TO INTERROGATORY NO. 11:**

8    The there is leakage into the gate house and garage when it rains. There is water intrusion

9 where the caulking is defective. Water intrudes through the cracks in the plaster caused when the

10 flashing was attached.

11 **INTERROGATORY NO. 12:**

12    With respect to each alleged defect within the scope of Counter defendant's work, please

13 indicate whether the defect occurred on a project-wide or isolated basis, and if it occurs at isolated

14 locations or areas, please state the number of locations or the percentage of the total area where the

15 condition occurs.

16 **RESPONSE TO INTERROGATORY NO. 12:**

17    The defects are identified above and involve the gate house and garage roof and plaster. The

18 caulking defects occur project wide. The specific measurements are contained in the cost of repair

19 estimate attached to these responses.

20 **INTERROGATORY NO. 13:**

21    Were you charged with any violation of law or Building Code (including any regulations or

22 ordinances) arising out of the construction work that is the subject of this lawsuit? If so, what was

23 the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or

24 agency heard the charge; was any written report prepared by anyone regarding this charge, and if so,

25 what is the name and address of the person or entity that prepared the report; do you have a copy of

26 the report; and was the testimony at any trial, hearing or other proceeding on the charge recorded in

27 any manner, and if so, what was the name and address of the person who recorded the testimony?

28 ///

- 8 -

Daybreak v. Friedberg, et al.    Counter claimants' Responses to Interrogatories    ST-10-cv-716

**RESPONSE TO INTERROGATORY NO. 13:**

No.

**INTERROGATORY NO. 14:**

Please provide the names, addresses and current telephone numbers of all persons who are believed or known by you, your agents or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**RESPONSE TO INTERROGATORY NO. 14:**

1.   SARAH L. BUNGE

2.   THOMAS F. FRIEDBERG

3.   Chris Bunge, St. John, USVI

4.   Andrea Lee, Springline Architects, Red Hook, St. Thomas, USVI

5.   Tracy Roberts, Springline Architects, Red Hook, St. Thomas, USVI

6.   Barry Huber

7.   Ron Baker

8.   Micah Cady

9.   Ralph Laverdure

10.   Peter Laughlin

11.   Timothy Petersen

12.   Austin Schlimmer

13.   Brandon Novak

**INTERROGATORY NO. 15:**

Have you heard or do you know about any information, report, statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.

**RESPONSE TO INTERROGATORY NO. 15:**

Yes. Sarah Bunge spoke to Ron Baker about the warranty repairs in July and August 2010 and inquired when the leaks in the gate house and garage could be repaired. Mr. Baker and Counter

- 9 -

1  defendant refused to take any action.

2  **INTERROGATORY NO. 16:**

3  To your knowledge, has any report been made or has a statement been taken from any of the

4  persons listed in your answers to interrogatories #15? If so, please answer the following:

5  **RESPONSE TO INTERROGATORY NO. 16:**

6  No.

7  **INTERROGATORY NO. 17:**

8  State the name and address of every person known to you, your agents, or your attorneys, who

9  has knowledge about, or possession, custody or control of, any plans, specifications, blueprints, shop

10  drawings, drawings, revisions of each MSDS sheets, model, plat, map, drawing, motion pictures,

11  video tapes, or photographs pertaining to any fact or issue involved in this controversy; and describe

12  as to each, what each item such person has, the name and address of the person who took or prepared

13  it, and the date it was taken or prepared.

14  **RESPONSE TO INTERROGATORY NO. 17:**

15  The original CAD plans and specifications for the house are in the possession of Tracy

16  Roberts of Springline Architects. Copies of the roofing plans have been provided as part of the Rule

17  26 disclosures. Photographs depicting the damage to the plaster and certain areas of the roof have

18  also been provided as part of the Rule 26 disclosures. Additional copies are attached to the response

19  to request for production.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

- 10 -

1  **INTERROGATORY NO. 18:**

2     List all damages you claim in your counterclaim, specifically enumerating each amount

3  incurred and to whom paid. Specifically describe any damages you are claiming other than out of

4  pocket expenses and the specific basis for each

5  **RESPONSE TO INTERROGATORY NO. 18:**

6     Costs of repair are estimated at $210,676.12. See attached cost of repair estimate.

7  DATED: March 8, 2014                    **LAW OFFICES OF FRIEDBERG & BUNGE**

8
                                          By:
9                                         THOMAS F. FRIEDBERG, ESQ.(VI#1006)
                                          Attorneys for Defendants and Counter
10                                        claimants
                                          610 West Ash Street, Suite 1400
11                                        P.O. Box 6814
                                          San Diego, CA 92101
12                                        Tel: (619) 557-0101
                                          Fax: (619) 557-0560
13                                        "Tom@lawofficefb.com"

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -

1

## CERTIFICATE OF SERVICE

2        The undersigned hereby certifies that a true and exact copy of the foregoing **COUNTER**

3  **CLAIMANTS' RESPONSES TO INTERROGATORIES** was served on the 8th day of March,

4  2014, by causing this document to be served by U.S. Mail, First Class, delivered to the following:

5  Andrew C. Simpson, Esq.
    **ANDREW C. SIMPSON, P.C.**
6  2191 Church Street, Suite 5
    Chirstiansted, St. Croix, VI 00820
7  TEL : (340) 719-3900
    FAX: (340) 719-3903
8  "asimpson@coralbrief.com"

9  Stacy L. White, Esq.
    **LAW OFFICES OF STACY L. WHITE**
10  1142 King Street
    Christiansted, St. Croix
11  Virgin Islands, 00820
    "stacylwhite@att.net"

12

    Brad Sturgis, Esq.
13  **COLE, SCOTT & KISSANE, P.A.**
    9150 South Dadeland Boulevard, Suite 1400
14  PO Box 569015
    Miami, Florida 33256
15  TEL : (305) 350-5300
    FAX : (305) 373-2294
16  "Brad.Sturges@csklegal.com"

17

18

19                   THOMAS F. FRIEDBERG, ESQ.

20

21

22

23

24

25

26

27

28

- 12 -

Daybreak v. Friedberg, et al.    Counter claimants' Responses to Interrogatories    ST-10-cv-716

1

<u>**VERIFICATION**</u>

2

<u>**DAYBREAK vs. FRIEDBERG et al.**</u>

3

**Superior Court of the Virgin Islands**

4      I, **THOMAS F. FRIEDBERG**, declare that I am a Defendant and Counter claimant in the

5   above-entitled cause, and I have read the foregoing RESPONSES TO INTERROGATORIES AND

6   REQUEST FOR PRODUCTION OF DOCUMENTS, know the contents thereof, and I certify that

7   the same is true of my own knowledge, except as to those matters which are therein stated upon

8   information and belief, and as to those matters, I believe them to be true.

9      I declare under the penalty of perjury under the laws of the United States Virgin Islands that

10  the foregoing is true and correct.

11      This declaration is executed this _8th_ day of _March_____, 2014, at

12  _San Diego, CA_.

13

14                                          _____
                                            THOMAS F. FRIEDBERG

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Prepared for:
**Thomas Friedberg**

# Preliminary Cost of Repair

03/07/14
Project# 617

## 1.0 ROOF REPAIR

| | | REPAIR SCOPE - DESCRIPTION | # | UNIT | COST | | TOTAL | | NOTES |
|---|---|---|---|---|---|---|---|---|---|
| 1.1 | GATE HOUSE | | | | | | | | |
| | 1.1.1 | Mask and protect surrounding areas | 1 | EA | $ | 500.00 | $ | 500.00 | |
| | 1.1.2 | Remove stucco at walls with flashing | 873.00 | SF | $ | 4.00 | $ | 3,492.00 | or 4 guys at 2 days (16hrs) * $25/hr = $1600 |
| | 1.1.3 | Remove poorly installed flashings | 63.00 | LF | $ | 6.00 | $ | 378.00 | |
| | 1.1.4 | Remove poorly installed standing seam roofing | 573.00 | SF | $ | 6.00 | $ | 3,438.00 | |
| | 1.1.5 | Install new copper flashing (Labor) | 63.00 | LF | $ | 18.00 | $ | 1,134.00 | |
| | 1.1.6 | Install new copper roofing (Labor) | 573.00 | EA | $ | 29.50 | $ | 16,903.50 | Bid for $16,900 |
| | 1.1.7 | 16 oz. Copper Flashing material | 63.00 | LF | $ | 18.00 | $ | 1,134.00 | |
| | 1.1.8 | 16 oz. Copper Roll Roofing Material (+35% waste) | 773.00 | SF | $ | 13.00 | $ | 10,049.00 | Bid for $9,600 |
| 1.1 | | GATE HOUSE | | | | | $ | 37,028.50 | |
| 1.2 | GARAGE | | | | | | | | |
| | 1.2.1 | Mask and protect surrounding areas | 1 | EA | $ | 500.00 | $ | 500.00 | |
| | 1.2.2 | Remove stucco at walls with flashing | 236.00 | SF | $ | 4.00 | $ | 944.00 | or 4 guys at 1 days (8hrs) * $25/hr = $800 |
| | 1.2.3 | Remove poorly installed flashings | 16.00 | LF | $ | 6.00 | $ | 96.00 | |
| | 1.2.4 | Remove poorly installed standing seam roofing | 61.00 | SF | $ | 6.00 | $ | 366.00 | |
| | 1.2.5 | Install new copper flashing (Labor) | 16.00 | LF | $ | 18.00 | $ | 288.00 | |
| | 1.2.6 | Install new copper roofing (Labor) | 61.00 | EA | $ | 28.00 | $ | 1,708.00 | |
| | 1.2.7 | 16 oz. Copper Flashing material | 16.00 | LF | $ | 18.00 | $ | 288.00 | |
| | 1.2.8 | 16 oz. Copper Roll Roofing Material (+35% waste) | 82.00 | SF | $ | 13.00 | $ | 1,066.00 | |
| 1.2 | | GARAGE | | | | | $ | 5,256.00 | |
| 1.3 | MAIN HOUSE CAULKING | | | | | | | | |
| | 1.3.1 | Remove and replace bad caulking | 62.00 | LF | $ | 15.00 | $ | 930.00 | |
| 1.3 | | MAIN HOUSE CAULKING | | | | | $ | 930.00 | |
| 1.4 | ALL BUILDINGS VENT PIPES | | | | | | | | |
| | 1.4.1 | Movement to each of the 15 vent locations | 15 | EA | $ | 25.00 | $ | 375.00 | |
| | 1.4.2 | Remove and replace bad caulking at all vent pipes | 12.5 | LF | $ | 15.00 | $ | 187.50 | |
| 1.4 | | ALL BUILDINGS VENT PIPES | | | | | $ | 562.50 | |
| 1.0 | | ROOF REPAIR | | | | | $ | 43,777.00 | |

Prepared by:
Paradigm Construction Services
771 Jamacha Road # 526
El Cajon, CA 92019

*Privileged - For Mediation Purposes Only*
*Protected by Civil Code Section 1152, 1174-1175F*

Page 1 of 3

Prepared for:
Thomas Friedberg

# Preliminary Cost of Repair

03/07/14
Project# 617

## 2.0  STUCCO REPAIR

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | 2.1 | STUCCO | | | | | |
| | | 2.1.1 | Build scaffolding for stucco (2 buildings) | | | | $ 3,850.00 |
| | | | Scaffolding lumber (2 @ 3 x 16 x 24) | | | $ 2,250.00 | |
| | | | Scaffolding labor (4 guys at 2 days) | | | $ 1,600.00 | |
| | | 2.1.2 | Mask and protect surrounding areas | 1 | EA | $ 500.00 | $ 500.00 |
| | | 2.1.3 | GATE HOUSE Replace stucco at walls where removed. Includes special color requirements to match existing | 873 | SF | $ 24.00 | $ 20,952.00 |
| | | 2.1.4 | GARAGE Replace stucco at walls where removed. Includes special color requirements to match existing | 236 | SF | $ 24.00 | $ 5,664.00 |
| | | 2.1.5 | Plaster material special order color | 1 | EA | $ 600.00 | $ 600.00 |
| | | 2.1.6 | Plaster material bulk sand | 1 | EA | $ 1,200.00 | $ 1,200.00 |
| | | 2.1.7 | Plaster mixer rental 2 weeks | 2 | EA | $ 750.00 | $ 1,500.00 |
| | 2.1 | | STUCCO | | | | $ 34,266.00 |
| 2.0 | | | **STUCCO REPAIR** | | | | $ 34,266.00 |

Prepared by:
Paradigm Construction Services
771 Jamacha Road # 826
El Cajon, CA 92019

*Privileged - For Mediation Purposes Only*
*Protected by Civil Code Section 1152 1124-1128*

Page 2 of 3

Prepared for:
**Thomas Friedberg**

# Preliminary Cost of Repair

03/07/14
Project# 617

## 3.0  GENERAL REQUIREMENTS

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 3.1 | GENERAL REQUIREMENTS | | | | | | | |
| | | 3.1.1 | Purchase shipping container | 1 | EA | $ | 2,500.00 | $ | 2,500.00 |
| | | 3.1.2 | Ocean ship container from Miami to STT. | 1 | EA | $ | 6,460.00 | $ | 6,460.00 |
| | | 3.1.3 | Customs clearance for container (10% mat) | 10% | EA | $ | 12,500.00 | $ | 1,250.00 |
| | | 3.1.3 | Foreign tax on any materials outside US | 10% | EA | $ | 1,800.00 | $ | 180.00 |
| | | 3.1.3 | Ferry container from STT to SJJ | 1 | EA | $ | 700.00 | $ | 700.00 |
| | | 3.1.3 | Offload container with Penns forklift | 2 | HR | $ | 100.00 | $ | 200.00 |
| | | 3.1.3 | Penn forklift to move material & equip on site | 15 | HR | $ | 100.00 | $ | 1,500.00 |
| | | 3.1.3 | Trash container for 2 weeks | 1 | EA | $ | 700.00 | $ | 700.00 |
| | | 3.1.4 | Transport trash from SJJ to STT | 1 | EA | $ | 500.00 | $ | 500.00 |
| | | 3.1.4 | Portable restroom 2 weeks | 1 | EA | $ | 600.00 | $ | 600.00 |
| | 3.1 | | GENERAL REQUIREMENTS | | | | | $ | 14,590.00 |
| | 3.2 | MACHINES | | | | | | | |
| | | 3.2.1 | Englert® MetalMan Multi-Panel Roof Forming Machine on trailer | 1 | EA | $ | 35,000.00 | $ | 35,000.00 |
| | | 3.2.2 | Load framing machine in container | 1 | EA | $ | 2,500.00 | $ | 2,500.00 |
| | | 3.2.3 | Brake machine for flashing | 1 | EA | $ | 4,000.00 | $ | 4,000.00 |
| | | 3.2.4 | Load brake machine in container | 1 | EA | $ | 1,500.00 | $ | 1,500.00 |
| | 3.2 | | MACHINES | | | | | $ | 43,000.00 |
| | 3.3 | TRAVEL LODGING | | | | | | | |
| | | 3.3.1 | Travel for 4 member roofing crew (airfare) | 4 | EA | $ | 1,474.00 | $ | 5,896.00 |
| | | 3.3.2 | Travel for 1 supervisor (airfare) | 1 | EA | $ | 2,750.00 | $ | 2,750.00 |
| | | 3.3.3 | Lodging for 5 people @ 10 nights each | 50 | EA | $ | 275.00 | $ | 13,750.00 |
| | | 3.3.4 | Per Diem for 5 people @ 10 days each | 50 | EA | $ | 50.00 | $ | 2,500.00 |
| | 3.3 | | TRAVEL LODGING | | | | | $ | 24,896.00 |
| | 3.0 | | GENERAL REQUIREMENTS | | | | | $ | 57,590.00 |

| | | | | | |
|---|---|---|---|---|---|
| 1.0 | ROOF REPAIR | | | $ | 43,777.00 |
| 2.0 | STUCCO REPAIR | | | $ | 34,286.00 |
| 3.0 | GENERAL REQUIREMENTS | | | $ | 57,590.00 |
| 6.0 | SUPERVISION | | | $ | 14,800.00 |
| 7.0 | PERMITS AND FEES (10% of Construction) | 10% | $ 92,633.00 | $ | 9,263.30 |
| 8.0 | OVERHEAD AND PROFIT | 20% | $ 150,433.00 | $ | 30,086.60 |
| 9.0 | CONTINGENCY | 20% | $ 150,433.00 | $ | 30,086.60 |
| | TOTAL | | | $ | 219,869.50 |

Prepared by:
Paradigm Construction Services
771 Jamacha Road # 526
El Cajon, CA 92019

*Privileged - For Mediation Purposes Only*
*Protected by Civil Code Section 1152, 1119, 1126*