# Exhibit 5

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
*******

| | |
|---|---|
| DAYBREAK, INC. d/b/a HUBER AND ASSOCIATES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THOMAS FRIEDBERG, SARAH BUNGE, LAW ) <br> OFFICES OF FRIEDBERG & BUNGE and MERRILL ) <br> LYNCH CREDIT CORPORATION, ) <br> ) <br> Defendants. ) <br> _____) | CASE NO. ST-10-CV-716 <br><br> ACTION FOR DEBT, BREACH OF CONTRACT AND TO ENFORCE CONSTRUCTION LIEN |
| THOMAS F. FRIEDBERG and SARAH L. BUNGE, ) <br> ) <br> Counterclaimants. ) <br> ) <br> v. ) <br> ) <br> DAYBREAK, INC., d/b/a HUBER AND ASSOCIATES, ) <br> ) <br> Counterdefendant. ) <br> _____) | COUNTERCLAIM FOR BREACH OF CONTRACT, BREACH OF WARRANTY, NEGLIGENCE AND FRAUD |
| THOMAS F. FRIEDBERG and SARAH L. BUNGE, ) <br> ) <br> Third Party Plaintiffs. ) <br> ) <br> v. ) <br> ) <br> BARRY R. HUBER, ) <br> ) <br> Third Party Defendant. ) <br> _____) | THIRD PARTY CLAIM FOR FRAUD |

**CARTY, RENÉE GUMBS,** Judge

**MEMORANDUM OPINION**
(Filed: August 21, 2018)

Pending before this Court is Defendants' "Motion to Reconsider Order of May 2, 2017" filed on June 1, 2017. Plaintiff did not file an opposition. For the reasons set forth below, the motion will be **DENIED**.

Daybreak, Inc. d/b/a Huber and Associates v. Thomas Friedberg, et al.
Case No. ST-10-CV-716
Memorandum Opinion

## I. FACTUAL BACKGROUND

Because the issues raised in Defendants'[1] motion to reconsider are not fact intensive, nor are all the facts necessary to consider the motion at hand, the Court will not recite all of the allegations set forth in the existing record. Plaintiff filed a complaint in the U.S. Virgin Islands Superior Court on December 21, 2010. On June 27, 2011, Defendants responded in opposition.[2] This dispute stemmed from Defendants' contract with Plaintiff to install copper roofs on Defendants' property, as issues arose regarding payment.

During discovery, in March 2014, Defendants responded to a set of interrogatories that the cost of repairs were estimated at $210,676.12.[3] Next, on July 31, 2014, Plaintiff was permitted to enter Defendants' property to allow Plaintiff's expert (Stephen Hendren) to physically inspect the premises. Hendren's report was filed along with Plaintiff's expert disclosures on August 29, 2014. Then, Defendants filed with the Court their notice of service of expert disclosures to Plaintiffs on November 21, 2014.[4] However, as those expert disclosures were not then filed with the Court, we are unable to ascertain their depth and content. In response, on December 17, 2014, Defendants filed a notice of their supplemental responses to interrogatories and document requests. These supplemental responses featured amendments to the initial cost to repair the roof, and to the initial cost to repair and replace some of the damaged cabinetry in the home.

On January 5, 2015, Plaintiff filed a motion seeking a second inspection of the premises, as their expert was only allowed two hours to perform his initial inspection. This motion was

---

[1] Although the issues raised in the motion for reconsideration focus on Counterclaimants' claim of damages, in the interests of simplicity, the Court will refer to parties in their original position of "Plaintiff" and "Defendants."
[2] Defendants' motion was dated June 18, 2011, but not filed until June 27, 2011. Additionally, the delay between the filing of the Complaint and Defendants' response was due to a jointly filed stipulation providing Defendants additional time to respond.
[3] Def. Mot. to Reconsider Ex. B 2:6.
[4] This notice was dated November 13, 2014, but not filed with the Court until November 21, 2014.

2

**Daybreak, Inc. d/b/a Huber and Associates v. Thomas Friedberg, et al.**
Case No. ST-10-CV-716
Memorandum Opinion

denied by Judge Christian from the bench. Approximately two years later, on December 29, 2016, the issue of re-entry was again raised by Plaintiff in its "Request for Additional Time to Hear All Outstanding Motions."

This Court held a hearing to resolve the outstanding motions on March 28, 2017. Amongst the outstanding motions, this Court heard "Daybreak and Huber's Motion for Re-Entry Upon Land *(or alternatively, Motion to Limit Damages to Two Hundred Ten Thousand Dollars ($210,000))*". After a review of the relevant facts, the undersigned offered two choices to Defense counsel– to have damages in the counter-claim limited to $210,000, or to allow Plaintiff the opportunity to re-enter the land with Hendren for a longer period. Attorney Friedberg, on behalf of the Defendants, repeatedly objected to Plaintiff or their expert re-entering the land. In an attempt to further find compromise, the Court offered Defendants the option of having Plaintiff re-enter the land but be limited to using Defendants' expert, Arthur Sanders. Attorney Friedberg again refused to agree to any form of access for Plaintiff. In the corresponding Order from this Court entered on May 2, 2017, the Court granted "Daybreak and Huber's Motion for Re-Entry Upon Land *(or alternatively, Motion to Limit Damages to Two Hundred Ten Thousand Dollars ($210,000))*" limiting Defendants/ Counter-claimants' damages to $210,000.

Defendants filed the present motion for reconsideration of this Court's May 2, 2017 on June 1, 2017.[5] Upon reviewing the record in this case, and for the reasons stated below, the Court will deny Defendants' motion for reconsideration.

---

[5] Although Defendants filed their motion on June 1, 2017, this Court has already granted Defendants' "Motion for Extension of Time to Seek Reconsideration" filed May 15, 2017.

3

Daybreak, Inc. d/b/a Huber and Associates v. Thomas Friedberg, et al.
Case No. ST-10-CV-716
Memorandum Opinion

## II. LEGAL STANDARD

### A. Motion for Reconsideration Standard

To successfully move for reconsideration under Rule 6-4, a party must meet both procedural and substantive requirements. Procedurally, the movant must first file the motion within "fourteen days after the entry of the ruling."[6] The Order in question was issued on May 2, 2017. This Court, finding *good cause*, then granted Defendants' motion seeking an extension of time to file on this motion until June 5, 2017. Defendants filed their motion on June 1, 2017, therefore filing within the allotted time.

The courts view reconsideration as "an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal."[7] As such, parties filing for reconsideration under Rule 6-4 have four grounds under which they can receive relief: (1) intervening change in controlling law; (2) availability of new evidence; (3) the need to correct clear error of law; or (4) failure of the court to address an issue specifically raised prior to the court's ruling. Additionally, "where ground (4) is relied upon, a party must specifically point out in the motion for reconsideration where in the record of the proceedings the particular issue was actually raised before the court."[8]

In Defendants' motion, they argue for reconsideration, claiming this court's "decision to hear non-pending, un-briefed motions and subsequently reduce the value of Defendant's case… is a clear error of law."[9] When the basis for a motion for reconsideration is "the need to correct clear error of law," the court may grant such a motion when the prior decision involved the incorrect application of law or incorrect analysis to a proper application of law.[10] Past Virgin Islands courts

---

[6] V. I. R. Civ. P. 6-4.
[7] *Smith v. Law Offices of Karin A. Bentz, P.C.*, 2018 V.I. LEXIS 13, *15 (V.I. Super. Ct. Jan. 29, 2018).
[8] *Id.*
[9] Def. Mot. to Reconsider 11.
[10] *Smith*, 2018 V.I. LEXIS 13, at *15.

4

Case: 3:19-cv-00053-RAM-EAH  Document #: 112-5  Filed: 01/20/26  Page 6 of 9

Daybreak, Inc. d/b/a Huber and Associates v. Thomas Friedberg, et al.
Case No. ST-10-CV-716
Memorandum Opinion

have interpreted this as a need "to correct clear error or manifest injustice or both."[11] Finally, when assessing these types of motions for reconsideration, Courts have required the moving party to provide "the specific legal authority... the [c]ourt either failed to apply correctly or failed to apply in totum in its original decision."[12]

### III.  LEGAL DISCUSSION

Defendants premise much of their argument on this Court's decision to limit the counter-claim to $210,000. Similarly, they recognize this Court's authority to rule upon such oral motions made during a hearing.[13] Yet, they ignore the Court's multiple efforts to preserve the value of Defendants' counter-claim,[14] and that each effort concluded with objection from Defense counsel. In addition to Defendants' incomplete recitation of events, there was never any *Motion in Limine* filed related to the reduction of Defendants' counter-claims.

Defendants attempted to bolster their damages after Plaintiff completed its site-visit and related discovery. Plaintiff received limited opportunity, only two hours, for its expert to visit and inspect Defendants' property. Therefore, it would be unreasonable if after Plaintiff had already completed its inspection and discovery, this Court were to allow Defendants to amend and significantly increase their alleged damages (resulting from the extensive inspection performed by Defendants' expert), without allowing Plaintiff the opportunity to re-inspect the property for an extended duration.

---

[11]  *Id.*
[12]  *Id.* at *15-16.
[13]  Def. Mot. to Reconsider 12 (citing V. I. R. Civ. P. 6-1(a)(1).
[14]  See generally *Gerald v. R.J. Reynolds Tobacco Co.*, 2016 V.I. LEXIS 53, *26-27 (V.I. Super. Ct. Apr. 25, 2016) (favoring a policy of re-opening discovery as opposed to denying a party an opportunity to amend pleadings in hopes of preserving the alleged claims).

5

Daybreak, Inc. d/b/a Huber and Associates v. Thomas Friedberg, et al.
Case No. ST-10-CV-716
Memorandum Opinion

### A. Defendants have failed to demonstrate a clear error of law requiring reconsideration of this Court's order entered on May 2, 2017.

Here, Defendants' motion for reconsideration asks the Court whether compliance with a court-approved scheduling plan precludes the Court from hearing motions seeking to re-open discovery, and from reducing the amount of damages as a remedy to said motions. As a preliminary matter, Defendants present no argument premised on the first, second, or fourth bases articulated in Virgin Islands Rule of Civil Procedure 6-4(b). This Court therefore only reviews Defendants' motion in light of the "need to correct clear error of law."

As previously noted, when reviewing motions under V.I. R. Civ. P. 6-4(b)(3), "the Court looks to [Defendants] to (1) specify the legal precept it should have applied or (2) to show how the correct legal precept was applied incorrectly in its earlier Opinion."[15] In other words, as it relates to the present matter, Defendants must specify the legal authority that prevents this Court from ruling upon Plaintiff's "Motion for Re-Entry to the Land" and the legal authority that prevents this Court from reducing the value of Defendants' Counter-claim, or alternatively demonstrate how the legal authorities relied on were incorrectly applied. Defendants have failed to meet this burden.

Defendants offer no statute, case law, or any other legal authority the Court could and should apply to this present matter. Rather, they claim only that they were denied a "valuable opportunity" to brief this issue, which as they themselves noted, was a decision done within this Court's discretion.[16] Additionally, Defendants make broad references to the "law of the case" doctrine without supplying any proof of its authority in the Virgin Islands, nor supplementing arguments with any authorities from the Virgin Islands. This Court does not see it as our

---

[15] *Smith*, 2018 V.I. LEXIS 13, at *17.
[16] V. I. R. Civ. P. 6-4(a)(1).

Daybreak, Inc. d/b/a Huber and Associates v. Thomas Friedberg, et al.
Case No. ST-10-CV-716
Memorandum Opinion

responsibility to make a party's arguments for it.[17] Nor is a motion for reconsideration the proper mechanism for relief when parties seek to disagree with decisions made by the Court when acting in its discretion. Defendants have failed to specify the required legal authority that would grant reconsideration and moreover, make no substantive argument that enables the Court to reconsider and find its Order dated May 2, 2017, appropriate for reconsideration.

Further, Defendants place heavy emphasis on their compliance with the court- approved scheduling plan, but that has not been the focus of this Court. The Court sees this issue as one in which Defendants' supplemental discovery responses led to Plaintiff seeking access to re-enter the property. This Court found re-entry, especially using Defendants' expert, would have fostered a significant chance of settlement. If nothing else, if one expert conducted both parties' inspections, there would at least be a more consistent analysis of damages. Nevertheless, this Court does not find it in the public's best interest for the Court to use it weight to mandate one party allow another party to access its property. That being said, such concern does not excuse Defendants from accountability. By refusing any efforts allowing Plaintiff to re-enter, Defendants were knowingly aware that this Court would not allow their bolstering of their alleged damages. Accordingly, because Defendants have failed to point to an error of law in the Court's original Order, the Court shall deny the motion for reconsideration.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Defendants' "Motion to Reconsider Order of May 2, 2017." Defendants seek reconsideration of an order which limited their counter-claim damages to $210,000 after they vehemently denied several proposals of the Court, which would

---

[17] See *Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) (citations omitted).

Daybreak, Inc. d/b/a Huber and Associates v. Thomas Friedberg, et al.
Case No. ST-10-CV-716
Memorandum Opinion

have allowed the preservation of Defendants' claim of alleged damages. Defendants just as much chose the outcome of Plaintiff's motion as much as this Court, yet seeks reconsideration of this decision. In their request Defendants failed to demonstrate a substantive basis for reconsideration due to a "clear error of law," and failed to identify the specific legal authority which would allow reconsideration. As Defendants are unable to point to an error of law in the Court's original Order, this Court finds reconsideration to be inappropriate.

Dated: August ___, 2018
*nunc pro tunc* to 6/19/17

**Renée Gumbs Carty**
Judge of the Superior Court
of the Virgin Islands

ATTEST:
Estrella H. George
Clerk of the Court

By: _____
Donna D. Donovan
Court Clerk Supervisor 8/22/2018

8