**Exhibit 7**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
*******

| | | |
|---|---|---|
| DAYBREAK, INC. d/b/a HUBER AND ASSOCIATES, | ) ) | |
| Plaintiff, | ) ) | CASE NO. ST-10-CV-716 |
| v. | ) ) ) | ACTION FOR DEBT, BREACH OF CONTRACT |
| THOMAS FRIEDBERG, SARAH BUNGE, LAW OFFICES OF FRIEDBERG & BUNGE and MERRILL LYNCH CREDIT CORPORATION, | ) ) ) ) | AND TO ENFORCE CONSTRUCTION LIEN |
| Defendants. | ) ) | |
| THOMAS F. FRIEDBERG and SARAH L. BUNGE, | ) ) | |
| Counterclaimants. | ) ) | COUNTERCLAIM FOR BREACH OF CONTRACT, |
| v. | ) ) | BREACH OF WARRANTY, NEGLIGENCE AND FRAUD |
| DAYBREAK, INC., d/b/a HUBER AND ASSOCIATES, | ) ) | |
| Counterdefendant. | ) ) | |
| THOMAS F. FRIEDBERG and SARAH L. BUNGE, | ) ) | |
| Third Party Plaintiffs. | ) ) ) | THIRD PARTY CLAIM |
| v. | ) ) | FOR FRAUD |
| BARRY R. HUBER, | ) ) | |
| Third Party Defendant. | ) ) | |

## ORDER

**THIS MATTER** is before the Court on Defendants Thomas F. Friedberg, Sarah L. Bunge, and Law Offices of Friedberg & Bunge's "Motion to Certify Questions for Interlocutory Appeal" filed on July 17, 2017. Defendants seek certification of an order from this Court entered on May

**Daybreak, Inc. d/b/a Huber and Associates**
**v. Thomas Friedberg, et al.**
**Case No. ST-10-CV-716**
**Order**

2, 2017, pursuant to Title 4 § 33(c)[1] of the Virgin Islands Code. Plaintiff and Third-Party Defendant (collectively "Plaintiffs") filed "Daybreak, Inc.'s and Barry R. Huber's Opposition to Motion to Certify Questions for Interlocutory Appeal" on August 3, 2017. Defendants submitted their "Reply Regarding Motion for Certification" on August 16, 2017. For the following reasons, Defendants' motion will be **DENIED**.

Title 4 V.I.C. §33 illustrates the appealability of Superior Court orders and judgments. As explained by the Supreme Court, section 33 "grants full authority to the trial judge to issue an opinion when… the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation."[2]

Therefore, this Court must first determine whether the questions to be certified involve "controlling questions of law". A controlling question of law has been defined by this Court as "one that involves a "pure" question of law or "abstract legal issues" and not a court's application of established legal standards to facts of a case."[3] Additionally, courts have found questions of law to be 'controlling' if "reversal… would terminate, the action or a determination of the issue on appeal would materially affect the outcome of the litigation."[4]

In this present matter, Defendants' proposed questions for certification are as follows:

1. Where a motion *in limine* seeks to limit evidence for a party's failure to disclose evidence, does *V.I.R. Civ. P.* 37(c) govern imposition of such a sanction?
2. Can a trial court impose a Rule 37(c) sanction other than the nine delineated sanctions?

---

[1] *See In re Le Blanc*, 49 V.I. 508, 522-23 (V.I. 2008) ("Section 33 is identical to a parallel federal statute, title 28, section 1292(b) of the United State Code").
[2] *In re Le Blanc*, 49 V.I. at 523; *see* 4 V.I.C. 33(c).
[3] *See Samuel v. United Corp.*, 2015 V.I. LEXIS 19, *2-3 (V.I. Super. Ct. Mar. 2, 2015).
[4] *Chitolie v. Bank of Nova Scotia*, 62 V.I. 85, 88 (V.I. Super. Ct. Dec. 22, 2014) (internal citations omitted).

**Daybreak, Inc. d/b/a Huber and Associates**
**v. Thomas Friedberg, et al.**
Case No. ST-10-CV-716
Order

       3. Is the trial court required to make an express finding concerning substantial justification or harmlessness under Rule 37(c)(1) where the sanctioned party explicitly relies upon such a defense?

Def. Mot. to Certify Questions 2.

Starting with Defendants' first question, "pre-trial rulings on the admissibility of evidence and matters entrusted to the trial court's discretion are not ordinarily certifiable."[5] That in itself, would be enough to deny certification of the first question. Still, each of the proposed questions focus on Virgin Islands Civil Procedure Rule 37, Failure to Make Disclosures or to Cooperate in Discovery; Sanctions. The decision to issue sanctions is soundly within the discretion of the trial court.[6] Likewise, "matters entrusted to the trial court's discretion" are, without extraordinary circumstances, not certifiable.[7] Defendants have not demonstrated such extraordinary circumstances. Consequently, Defendants are not entitled to a certification for interlocutory appeal on any of the three proposed questions. Therefore, it is hereby

**ORDERED** that Defendants' "Motion to Certify Questions for Interlocutory Appeal" is **DENIED**; and it is further

---

[5]    *Samuel*, 2015 V.I. LEXIS 19, at *3.
[6]    *See Davis v. Varlack Ventures, Inc.*, 59 V.I. 229, 236 (V.I. 2013).
[7]    *Samuel*, 2015 V.I. LEXIS 19, at *3.

**Daybreak, Inc. d/b/a Huber and Associates**
**v. Thomas Friedberg, et al.**
**Case No. ST-10-CV-716**
**Order**

      **ORDERED** that copies of this Order shall be distributed to Andrew C. Simpson, Esquire, Thomas F. Friedberg, Esquire, Joseph J. Goldberg, Esquire, W. Mark Wilczynski, Esquire, Kyle R. Waldner, Esquire, and Stacy L. White, Esquire.

Dated: August 21, 2018

ATTEST:
Estrella H. George
Clerk of the Court

By: _____
Donna D. Donovan
Court Clerk Supervisor  8/22/2018

_____
**Renée Gumbs Carty**
Judge of the Superior Court
of the Virgin Islands

4