**IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| THOMAS F. FRIEDBERG & SARAH L. BUNGE, | ) | |
| Plaintiffs, | ) | Case No. 3:19-cv-0053-ER-EAH |
| v. | ) | |
| DAYBREAK, INC. d/b/a HUBER & ASSOCIATES, | ) | |
| Defendant. | ) | |

**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' OJBECTION TO MAGISTRATE REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs file this, their Reply in support of their Objection (ECF No. 155) to Magistrate Judge Henderson's Report and Recommendation (ECF No. 149) pursuant to D.V. I. Local Rules 72.4 and 7.1.

## INTRODUCTION

In its Response to Plaintiffs' Objection (ECF No. 158), Defendant misstates the applicable standard of review and recharacterizes Plaintiffs arguments in an attempt to avoid this Court's *de novo* review of the Report and Recommendation. This line of argument is incorrect as a matter of law, and Plaintiffs properly objected to Magistrate Henderson's specific recommendation that this court grant Defendant's Motion for Summary Judgment on the grounds that Plaintiffs' claim is barred by the doctrine of res judicata or claim preclusion. (ECF No. 155, p. 5). Thus, Plaintiffs specifically identified the "portion[] of the proposed . . . recommendation[] . . . to which objection is made" and presents their basis for such objection, consistent with Fed. R. Civ. P. 72(b)(2) and D.V.I. Local Rule 72.3. Accordingly, Plaintiffs are entitled to this Court's *de novo* review.

Furthermore, Plaintiffs do not raise new arguments for the first time in their Objection

before this Court, and the supposed new arguments identified by Defendant are clearly articulated in Plaintiffs' Opposition to Defendant's Motion to Dismiss.

Finally, Defendant's substantive argument that the transactional test for *res judicata* applied by the Virgin Islands bars this action is incorrect. Plaintiffs' claim, arising from Defendant's failure to install cleats on the Main House hip ridges, was a latent defect undiscovered—and undiscoverable—prior to Hurricane Irma. Accordingly, it cannot be precluded by Plaintiffs' earlier claims against Defendant arising from unrelated defects in Defendant's work on the Gate House and Garage roofs. Furthermore, to the extent application of the transactional test is required, it must incorporate the expectations of the Parties as reflected in the exclusion for this action appearing in the Settlement Agreement.

Accordingly, upon *de novo* consideration of Plaintiffs' Objections, this Court should Deny Defendant's Motion for Summary Judgment on *res judicata* or claim preclusion grounds.

## ARGUMENT

### A. This Court Should Review Plaintiffs' Objection To The Magistrate Judge's Recommendation That This Court Grant Defendant's Motion For Summary Judgment On The Grounds That Plaintiffs' Claim Is Barred By The Doctrine Of Res Judicata Or Claim Preclusion Because Plaintiffs Properly Objected To This Recommendation.

Defendant contends that Plaintiffs properly objected to only one element of the Report and Recommendation's analysis: "whether this action arises from the same transaction or occurrence as Friedberg's Counterclaim." (ECF No. 158, p. 8). Defendant asserts that "[a] district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." (*Id.* at p. 5). Accordingly, Defendant agrees, at least implicitly, that Plaintiffs' objection to the Report and Recommendation's application of the transactional test is entitled to *de novo* review by this Court.

Defendant asserts that the remainder of Plaintiffs' Objection must be reviewed under a plain error standard. (ECF No. 158, p. 6). This is incorrect because it relies on the faulty premise that Plaintiffs offered "only a general objection to the report." *See Goney v. Clark*, 749 F.2d 5, 6 (3d. Cir. 1984). But Plaintiffs properly objected to the ***specific*** recommendation of Magistrate Judge Henderson in the Report & Recommendation that this Court "grant Defendant's Motion for Summary Judgment (ECF No. 149) on the grounds that Plaintiffs' claim is barred by the doctrine of res judicata or claim preclusion" and asserted their ***basis for the objection***, consistent with Fed. R. Civ. P. 72(b)(2) and D.V.I. Local Rule 72.3. (*See* ECF No. 155, p. 5). A comparison to the general objection in *Goney* is illustrative. There, plaintiff-appellant failed to "object[] to a specific portion of the report" and "stated that his intent was only to appeal the Magistrate's bias." *Goney*, 749 F.2d at 6. This is entirely distinct from Plaintiffs' proper objection to the Magistrate Judge's application of the legal doctrine of res judicata or claim preclusion, and the Magistrate Judge's specific recommendation to grant Defendant's Motion for Summary Judgment on that basis.

Defendant's reliance on its additional cited authorities is similarly misplaced. In *Carty v. Testamark*, 2024 WL 385583 (D.V.I. Aug. 15, 2024) the plaintiff asserted in his objection that he "opposes 'all findings in the Magistrate Judge Ruth Miller Report and Recommendation[] [that] denied [him] preliminary [injunctive] relief[.]" *Id.* at * 3. Thus, the *Carty* plaintiff's objection expressly sought a general review of the underlying Magistrate Report and Recommendation. Here, Plaintiffs properly object specifically to a single dispositive legal conclusion recommended by Magistrate Judge Henderson.

Similarly, *Palmer v. Apfel*, 995 F. Supp. 549, 552 n.4 (E.D. Pa. 1998), involved a district court's review of a magistrate judge's report and recommendation affirming an administrative law judge's extensive findings of fact under a "substantial evidence" standard in the context of its

evaluation of the plaintiff's disability claim, pursuant to 42 U.S.C. § 405(g). Notably, despite plaintiff's entire objection "amount[ing] to one sentence, that Judge Scuderi 'erred as a matter of law and abused his discretion in determining that substantial evidence supported the Commissioner's findings[,]" the district court declined to penalize Palmer "by automatically adopting Judge Scuderi's findings as unopposed" and conducted a *de novo* review of the record for substantial evidence supporting the administrative law judge's conclusion. *Id.* at 552 n.4, 552-553.

*Sussman v. PCGNY Corp.* establishes that "[w]hen a party fails to object to a report and recommendation, the Court generally reviews the report and recommendation for plain error." 2020 WL 7706515, *5 n.7 (D.V.I. Dec. 28, 2020). Here, of course, Plaintiffs ***did*** object to the Magistrate Judge's application of the legal doctrine of res judicata or claim preclusion, and that proper objection must be renewed *de novo*.[1] Finally, in *Han Tak Lee v. Houtzdale SCI*, 798 F.3d 159, 165 (3d Cir. 2015), the Third Circuit affirmed application of plain error review where the Commonwealth of Pennsylvania's objections to the magistrate judge's report and recommendation "failed to identify with specificity any factual or legal errors." While this may be an appropriate statement of applicable law, it is irrelevant here where Plaintiffs object with specificity to Magistrate Henderson's application of the judicial doctrine of res judicata or claim preclusion.

Accordingly, Plaintiffs objection is properly reviewed *de novo* by this Court.

**B. Plaintiffs Opposed Application Of Res Judicata Or Claim Preclusion In Their Opposition To Defendant's Motion For Summary Judgment Before The Magistrate Judge And, Accordingly, Have Not Waived Such Arguments Before This Court.**

---

[1] *Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 1987) similarly involved a plaintiff's failure to object entirely to a magistrate judge's report and recommendation. *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) is inapposite because the district court erroneously treated the motion it referred to the magistrate judge as non-dispositive rather than dispositive. *Id.* at 100-101. This procedural error by the district court in *EEOC* resulted in a failure of the district court to consider objections from the parties under the proper *de novo* standard of review.

Defendant contends that Plaintiffs failed to raise arguments before the Magistrate Judge and that Plaintiffs are precluded by waiver from presenting those arguments now. (ECF No. 158, pp. 7, 10). Specifically, Defendant contends Plaintiffs may not argue that "claim preclusion yields to newly discovered evidence" or that "Daybreak agreed to or acquiesced in splitting his claim." (*Id.* at p. 10). But in their Opposition to Defendant's Motion for Summary Judgment, Plaintiffs devoted an entire section of their argument to the proposition that "Plaintiffs' Claim for Replacement of the Main House Roof is Not Barred by the Superior Court Settlement Agreement or *Res Judicata*."

Further, Plaintiffs expressly argued in its opposition (1) that "Daybreak's failure to secure an entire ridge seam with cleats was not known to Plaintiffs until a different ridge seam from the one Sanders inspected in 2014 was opened up completely by Hurricane Irma in 2017"; (2) that "[n]othing Sanders did nor said in 2014 relating to the Main House roof is relevant to Defendant's release/*res judicata* argument"; and (3) that "Plaintiffs did not know that Daybreak did not install cleats to secure all the hip ridge seams on the Property until Daybreak admitted it in depositions in the District Court Action in 2025." (ECF No. 98, p. 21). It is therefore disingenuous to argue that Plaintiffs failed to raise an argument that "claim preclusion yields to newly discovered evidence."

Similarly, regarding the settlement agreement, Plaintiffs argued that "Plaintiffs' claim in the District Court Action for replacement of the Main House roof . . . was neither asserted nor resolved in the Superior Court lawsuit, [and] ***is expressly excluded from the settlement agreement***." (ECF No. 98, p. 5 (emphasis added); *see also, id.* at p. 4 ("Daybreak argues it never intended to exclude from the release the only claim in the District Court Action—despite expressly saying so in the settlement agreement."); *id.* at p. 13 ("Counsel for Daybreak agreed to include a

provision in the Superior Court settlement agreement excluding the District Court Action from any release."); *id.* at p. 18 ("The parties eventually negotiated a settlement of the claims that the Superior Court had ruled were asserted in the Counterclaim."); *id.* at p. 18 ("The Superior Court Settlement Agreement expressly provides that it 'does not extinguish' the sole claim in the District Court Action.")). It is once again disingenuous to argue that Plaintiffs failed to raise an argument that "Daybreak agreed to or acquiesced in splitting [the Counterclaim and District Court Action]." (ECF No. 158, p. 10).

That Plaintiffs have refined these arguments in their Objection does not mean that Plaintiffs failed to raise the arguments below. As is abundantly clear from Plaintiffs Opposition to Defendants' Motion for Summary Judgment, Plaintiffs put forward precisely the same arguments and Magistrate Judge Henderson addressed both arguments in his Report and Recommendation. (ECF No. 149, pp. 16-17, 19 n.1). Accordingly, there is no waiver.

**C. Defendant's Substantive Arguments In Favor Of *Res Judicata* Are Unavailing.**

Defendant contends that application of the transactional test for *res judicata* bars this action. As explained in detail in Plaintiffs' objection, this argument is unavailing. First, as stated by the Supreme Court of the Virgin Islands, "res judicata does not apply to claims arising from events occurring after the filing of the prior complaint." *Stewart v. V.I. Bd. of Land Use Appeals*, 66 V.I. 522, 545 (V.I. 2017); *see also Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.* 590 U.S. 405, 414 (2020) ("Claim preclusion generally 'does not bar claims that are predicated on events that postdate the filing of the initial complaint.' . . . This is for good reason: Events that occur after the plaintiff files suit often give rise to new 'material operative facts' that 'in themselves, or taken in conjunction with the antecedent facts,' create a new claim to relief.") (internal citations omitted). This principle extends not only to subsequent acts or omissions by

Defendant, but also to claims derived from newly discovered evidence that "***could not have been discovered with due diligence.***" *See Haefner v. North Cornwall Tp.*, 40 Fed. Appx. 656, 658 (3d Cir. 2002). This is precisely the situation presented in this action. Defendant's failure to install cleats along the hip ridges of the Main Roof was concealed by the roof itself, and only became discoverable when Hurricane Irma revealed in September 2017 that Defendant had failed to install cleats along the full length of at least one hip ridge.

To rebut this argument, Defendant contends that Plaintiffs were made aware of the absence of cleats in the hip ridge seams of the Main House roof when Arthur Sanders inspected the Main House roof and prepared the Hoffman Report in 2014. Plaintiffs vigorously dispute that the Hoffman Report placed Plaintiffs on notice of the absence of cleats in the hip ridge seams of the Main House roof or that reference to the Hoffman Report in interrogatory responses placed the absence of cleats in the hip ridge seams of the Main House roof at issue in the Superior Court litigation. (*See* ECF No. 155, pp. 11-14). While Plaintiffs believe the record clearly supports its position as addressed in detail in their Objections, at minimum, this presents a question for the trier of fact that cannot be resolved at summary judgment. *See In re Tutu Water Wells Contamination Litig.*, 78 F. Supp. 456, 284 (D.V.I. 1999) ("[S]ummary judgment is appropriate only when the materials of record 'show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.'") (internal citations omitted). Furthermore, the Superior Court's Order limiting the scope of the action to damages to the Gate House and Garage roofs identified in the Paradigm Report, expressly excluded damages to the Main House roof from the Superior Court Action, confirming that the absence of cleats in the hip ridge seams of the Main House roof was outside the scope of that litigation.

Finally, Defendant seeks to tilt any necessary transactional test analysis in its favor by positing a textually absurd reading of the Settlement Agreement between the Parties. Had the Parties intended for that Settlement Agreement to dispose of this action, it simply would not have included an exception stating that "[t]he settlement of the above-entitled Superior Court Lawsuit ***does not extinguish the claims in the District Court case number 3:19-cv-0053***." (ECF No. 95-14 (emphasis added)). Rendering this clause meaningless, when the parties could have easily chosen to omit the language entirely to accomplish the interpretation put forward by Defendant, is inconsistent with basic principles of contract interpretation. *See, e.g., CTF Hotel Holdings, Inc. v. Marriott Intern., Inc.*, 381 F.3d 131, 137 (3d Cir. 2004) ("When interpreting contracts, we are required to read contract language in a way that allows all the language to be read together, reconciling conflicts in the language without rendering any of it nugatory if possible."). While the carveout for this action was limited by the clause "to the extent that the District Court case does not encompass claims that were asserted in the above entitled Superior Court case", the Parties were well aware that the breach-of-contract claim in this case was never asserted in the Superior Court case.

Accordingly, application of *res judicata* is improper under this standard.

**D. This Court May Resolve Daybreak's Remaining Arguments For Summary Judgment Rather Than Returning The Matter To The Magistrate With Instructions.**

Confusingly, Defendant contends that Plaintiffs does not Object to any portion of the Report and Recommendation in connection with Defendant's additional arguments as to the Settlement Agreement Release, intervening cause, causation, and mitigation. But Plaintiffs specifically references that the Report and Recommendation does not address Defendant's additional arguments in support of Summary Judgment and argues that these issues may be resolved by this Court. (EFC No. 155, pp. 17-20). Moreover, both parties briefed these issues

before the Magistrate Judge and Fed. R. Civ. P. 72(b)(3) permits this Court to "accept, reject, or modify the recommended disposition" upon its *de novo* review. Accordingly, should this Court so choose, it may resolve Defendant's additional arguments in support of Summary Judgment now, without prejudice to the Parties. As set forth in full in Plaintiffs' Objections, Defendant's additional arguments are unavailing, and seek to improperly apply principles of tort law causation to this breach of contract action.

## CONCLUSION

Plaintiffs respectfully request that this Court, upon consideration of Plaintiffs objection to the Report and Recommendation of the Magistrate, and this Reply in support thereof, deny Defendant's Motion for Summary Judgment.

Dated : November 13, 2026

**LAW OFFICES OF FRIEDBERG & BUNGE**

By: */s/ THOMAS F. FRIEDBERG, ESQ.*

THOMAS F. FRIEDBERG, ESQ.(VI#1006)
SARAH L. BUNGE

**THE LAW OFFICES OF FRIEDBERG & BUNGE**
1005 ROSECRANS STREET, SUITE 202
PO BOX 6814
SAN DIEGO, CALIFORNIA 92166
TEL : (619)557-0101
FAX : (619)557-0560
E-mail :tom@lawofficefb.com"

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November 2026, a true and correct copy of **REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTION TO MAGISTRATE REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was filed with the CM/ECF system which will provide notice to the following:

Jeffrey C. Cosby, Esq.
Florida Bar No. 967981
Service to: eservice@wlclaw.com
Attorney for Defendant Daybreak Inc
**Williams, Leininger & Cosby, P.A.**
301 SE Ocean Blvd., Suite 205
Stuart, FL 34994
Telephone: 772-463-8402
Facsimile: 772-463-4820

Andrew C. Simpson
**ANDREW C. SIMPSON, PC**
2191 Church St., Ste. 5
Christiansted, VI 00820
TEL : 340.719.3900
E-MAIL :asimpson@coralbrief.com

**Brian A. Glasser**
1550 Thomas Jefferson Street, NW Suite 540
Washington, DC 20007
202-463-2101
Email: bglasser@baileyglasser.com

**David L. Selby**
3000 Riverchase Galleria, Suite 905
Birmingham, AL 35244
205-835-9906
Email: dselby@baileyglasser.com

*/s/ THOMAS F. FRIEDBERG*

**THOMAS F. FRIEDBERG**