**IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| THOMAS F. FRIEDBERG &<br>SARAH L. BUNGE,<br><br>Plaintiffs,<br><br>v.<br><br>DAYBREAK, INC. d/b/a HUBER &<br>ASSOCIATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:19-cv-0053-ER-EAH |

**REPLY IN DEFENDANT'S RESPONSE TO PLAINTIFFS' OJBECTION TO MAGISTRATE REPORT AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs file this, their Reply in support of their Objection (ECF No. 156) to Magistrate Judge Henderson's Report and Recommendation (ECF No. 150) pursuant to D.V. I. Local Rules 72.4 and 7.1.

**INTRODUCTION**

In its Response to Plaintiffs' Objection (ECF No. 157), Defendant misstates the applicable standard of review and recharacterizes Plaintiffs arguments in an attempt to avoid this Court's *de novo* review of the Report and Recommendation. This line of argument is incorrect as a matter of law, and Plaintiffs properly objected to Magistrate Henderson's specific recommendations that this Court deny Plaintiffs' Motion for Summary Judgment as moot or, in the alternative, based on the existence of a genuine issue of material fact. (ECF No. 156, p. 5). Thus, Plaintiffs specifically identified the "portion[] of the proposed . . . recommendation[] . . . to which objection is made" and presents their basis for such objection, consistent with Fed. R. Civ. P. 72(b)(2) and D.V.I. Local Rule 72.3. Accordingly, Plaintiffs are entitled to this Court's *de novo* review. Furthermore, Plaintiffs do not raise new arguments for the first time in their Objection before this Court, and the

supposed new arguments identified by Defendant are clearly articulated in Plaintiffs' Opposition to Defendant's Motion to Dismiss.

Finally, Defendant's substantive argument that there is a genuine issue of material fact as to the scope of Defendant's duty under the contract between the parties is incorrect. Defendant concedes that it failed to install cleats on the Main House hip-ridge seams (ECF No. 101-17, Dep. Tr. Micah Cady, 39:14-40:3; 44:6-8) despite the unambiguous text of the industry standards incorporated into the contract by Defendant requiring their installation. (ECF No. 89-4; ECF 89-5). Indeed, Defendant has gone so far as to concede that that a failure to install cleats as specified in the contract "would be in contravention of the May 2010 agreement" between the Parties. (ECF No. 91-1, Dep. Tr. Barry Huber, 20:16-21:3; 23:19-23). Accordingly, there is no genuine dispute as to any material fact, and Plaintiffs are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Accordingly, upon *de novo* consideration of Plaintiffs' Objections, this Court should grant Plaintiffs' Motion for Summary Judgment and enter judgment accordingly.

## ARGUMENT

### A. This Court Should Review *De Novo* Plaintiffs' Objection To The Magistrate Judge's Recommendation That This Court Deny Plaintiffs' Motion For Summary Judgment On The Grounds That There Is A Genuine Issue Of Material Fact Because Plaintiffs Properly Objected To This Recommendation.

Defendant contends that Plaintiffs properly objected to only one element of the Report and Recommendation's analysis: "Judge Henderson's summary of Daybreak's evidence on whether the contract required cleats at the hip-ridge seams." (ECF No. 157, p. 8). Despite stating that Plaintiffs properly objected to "one portion" of the Report and Recommendation, Defendant goes on to state that Plaintiff "also challenges the Report and Recommendation's treatment of RESTATEMENT (SECOND) OF CONTRACTS § 206." (*Id.*).

Defendant argues that Plaintiffs' Objection related to the damages of replacing the Main House roof is improper because it "does not object to anything in the Report and Recommendation." This is incorrect. Plaintiff objected to Magistrate Henderson's specific recommendations that this Court (1) deny Plaintiffs' Motion for Summary Judgment as moot or, in the alternative,[1] (2) deny Plaintiffs' Motion for Summary Judgment based on the existence of a genuine issue of material fact. (ECF No. 156, p. 5). Plaintiffs then specifies the basis for their objections to the recommendation to deny Plaintiffs' Motion for Summary Judgment based on the existence of a genuine issue of material fact, which include analysis of the scope of Defendant's duty to install cleats along the hip/ridge seams of the Main House roof and an analysis of the fully-briefed but unaddressed question of damages necessary for this Court to grant Plaintiff's Motion for Summary Judgment in full, should it choose to exercise its authority to do so under Fed. R. Civ. P. 72(b)(3). (*See* ECF No. 87 (Plaintiffs' Motion for Summary Judgment); ECF No. 103 (Defendant's Opposition to Plaintiffs' Motion for Summary Judgment); ECF No. 107 (Plaintiffs' Reply in Support of Motion for Summary Judgment) (each addressing the issue of damages)).

Defendant's lengthy digression into the appropriate standard of review for general objections to a magistrate judge's report and recommendation is therefore irrelevant. (*See* ECF No. 157, pp. 4-6).

---

[1] Defendant contends that Plaintiffs failed to properly object to this recommendation because Plaintiffs failed to substantively address claim preclusion in their objection. As Defendant knows, Plaintiffs objected to the Magistrate's Recommendation to grant Defendant's Motion for Summary Judgment based on application of the doctrine of *res judicata* or claim preclusion. (ECF No. 155). And in its Objection, Plaintiffs requested that this court "upon consideration of Plaintiffs' objections to the Reports and Recommendation of the Magistrate, deny Defendant's Motion for Summary Judgment and grant Plaintiffs' Motion for Summary Judgment" in recognition of the fact that this Court must deny Defendant's Motion for Summary Judgment in order to grant Plaintiffs' Motion for Summary Judgment. (ECF No. 156, p. 12). Put simply, under any standard of review, if this Court denies Defendant's Motion for Summary Judgment it must also reject the Magistrate's recommendation to deny Plaintiffs' Motion for Summary Judgment as moot.

**B. Summary Judgment For Plaintiffs Is Proper Because There Is No Genuine Dispute As To Defendant's Contractual Obligation To Secure The Hip Ridge Seams Of The Main House Roof To The Roof Substrate With Cleats.**

Defendant's argument that the contract between the Parties is susceptible to a reading that does not require Defendant to secure hip ridge seams with cleats cannot be squared with the plain text of the contract.

First, Defendant argues that "[t]he contract does not say that the 9.5-inch spacing applies at the hip-ridge seams." This is unavailing. The contract requires "[c]leats installed at an average of 9.5' O.C. with 2 ring shank nails per cleat." (ECF No. 95-1, p. 2). Defendant offers no explanation as to ***why*** the hip ridge seams would be excluded from this requirement, referencing only the contractual requirement that the standing seam roof system "include[] traditional style single rib finish" without offering any explanation as to why this provision would exclude the hip ridge seams from the cleat requirement.

Second, Defendant argues that "Friedberg's interpretation therefore depends not on anything the contract says about the ridges, but on the incorporated standards." (ECF No. 157, p. 11). But this fundamentally misunderstands the contract between the Parties. The standards set out in *Revere* and *SMACNA* are incorporated into the contract. Thus, the text of *Revere* and *SMACNA* are what "the contract says about the ridges"—not extrinsic evidence as to the Parties' intent. And because the text of *Revere* and *SMACNA* are clear, the testimony of Defendants' employee and expert regarding their subjective understandings of *Revere* and *SMACNA* is irrelevant.

"Where the language of a contract is clear and unambiguous, the parties' intent must be derived from the plain meaning of its terms." *Phillip v. Marsh-Monsanto*, 66 V.I. 612, 625 (2017). Furthermore, "when a court interprets a contract, its task is not to reveal the subjective intentions of the partis, but what their words would mean in the mouth of a normal speaker of English, *using*

*them in the circumstances in which they were used.*" *United Corp. v. Tutu Park Ltd.*, 55 V.I. 702, 719 n.14 (2011) (emphasis in original)). Contrary to Virgin Islands law, Defendant seeks to shift this question of contract interpretation to a factual dispute as to the Parties subjective interpretations. But as set out in detail in Plaintiffs' Objection, *Revere* and *SMACNA* are clear on their face and require hip ridge seams to be secured to the substrate with cleats, like any other element of a standing seam copper roof.

**1. The Plain Text of *Revere* Requires All Standing Seams, Including Hip Ridge Seams, To Be Secured To The Structure By Cleats.**

*Revere* includes a section entitled ""Hips and Ridges" which states that "[r]idges and hips shall be provided with standing seams constructed as specified for standing seams of main roof." (ECF No. 89-4). Defendant contends that the inquiry is over because this provision does not mention cleats. (ECF No. 157, p. 12). But *Revere* goes on to state that "[r]egardless of the form of copper used, the method of forming panels and/or finishing seams, certain basic principles apply to all standing seam installations." Those standard principles include the method for securing the seams of the copper panels and pans making up the copper membrane to the roof surface with cleats worked into the seams. On this point *Revere* states:

> ***Standing seam roofing*** and wall cladding ***is secured to the structure by cleats worked into the seams***. It is necessary that the cleats be attached to a material that has sufficient "holding power" to prevent fastener "pull-out" during high wind events.

(*Id.* (emphasis added)). Read together, *Revere* requires a standing seam at a hip or ridge to be "secured to the structure by cleats" just as any other standing seam would be secured.

**2. The Plain Text of *SMACNA* Requires Hip Ridge Seams To Be Secured to the Structure By Cleats.**

Defendant does not attempt to rebut Plaintiffs' argument that the plain text of *SMACNA* require hip ridges to be secured with cleats. Like the text incorporated into the contract from

*Revere*, the text incorporated into the contract from *SMACNA* is clear, requiring that with both the pan and roll methods of construction, copper panels and pans must be installed with cleats inside the seams to attach the copper to the substrate, including at the roof's hips or ridges. Notably, the *SMACNA* includes diagrams depicting the placement of cleats inside the seams where the panels or pans form the "hip or ridge" of the roof. (ECF No. 89-5).

### 3. Defendants' Appeal To Extrinsic Evidence Is Unavailing Because The Contract Is Unambiguous.

Because the plain text of the contract is clear, requiring hip and ridge seams to be secured to the substrate with cleats, Defendant's appeals to extrinsic evidence are irrelevant. The subjective understanding of Mr. Bragg and Mr. Cady as to the requirements of *Revere* and *SMACNA* cannot be substituted for the actual unambiguous text incorporated into the contract from those treatises. Similarly, Mr. Bragg's testimony regarding "industry practice" treating hip-ridge attachments as a separate configuration cannot substitute for the plain text from *Revere* and *SMACNA* incorporated into the contract.[2] *See Sunshine Shopping Center, Inc. v. Kmart Corp.*, 85 F. Supp. 2d 537, 540 (D.V.I. 2000) ("***[I]f the Court determines that the written terms of the contract are unambiguous, then the Court will interpret the contract as a matter of law***. If, however, the Court determines

[2] Defendant argues that Plaintiffs cannot argue that Mr. Bragg's testimony regarding industry practice is irrelevant to the textual analysis of the unambiguous plain text of the contract because Plaintiffs previously argued that Mr. Bragg's testimony regarding industry practice supports Plaintiffs' position. (ECF No. 157, p. 13). First, Plaintiffs have always argued that the plain text of *Revere* and *SMACNA* are unambiguous and controlling. (*See*, *e.g.*, ECF No. 87, p. 20 ("There is no disagreement or ambiguity in the Revere C&CS and SMACNA standards regarding how and where Defendant was required to install the cleats securing the copper membrane.")). Plaintiffs' argument that the Court need not resort to extrinsic evidence is part and parcel of this previously raised argument, thus there is no waiver. Second, Plaintiffs' argument that Mr. Bragg's testimony regarding industry practice is not even inconsistent with Plaintiffs' argument that it should not be considered. To the extent the Court finds ambiguity in the contract, consideration of extrinsic evidence becomes appropriate. *Sunshine Shopping Center, Inc. v. Kmart Corp.*, 85 F. Supp. 2d 537, 540 (D.V.I. 2000).

that the contract is ambiguous, then the interpretation of the contract is left to the fact finder to resolve the ambiguity in light of extrinsic evidence.") (emphasis added).

### 4. Defendant Does Not Dispute That It Incorporated *Revere* and *SMACNA* Into the Contract.

Defendant's obligation to secure hip and ridge seams to the roof substrate with cleats arises from the plain text of the contract, including *Revere* and *SMACNA*, which Defendant incorporated into the contract. The contract further specifies that cleats must be spaced 9.5-inches apart. While Plaintiff bargained for the 9.5-inch spacing requirement, Defendant incorporated *Revere* and *SMACNA* into the contract, thus, to the extent there is any ambiguity as to whether hip and ridge seams must be secured by cleats (which there is not) such ambiguity is properly construed against Defendant, who drafted the relevant provision of the contract (the incorporation of *Revere* and *SMACNA*). This argument is consistent with Plaintiffs' Motion for Summary Judgment. (ECF No. 87, p. 21 (Defendant's argument is contradicted by the mandatory language in the SMACNA manual. Even if there were an inconsistency between the two standards incorporated into the Contract (which there is not), any ambiguity must be resolved against Defendant because it drafted the Contract.)). It is also consistent with Plaintiffs' Reply in Support of Plaintiffs' Motion for Summary Judgment. (ECF No. 107, p. 8 ("Any ambiguity must be resolved against Defendant because it drafted the Contract. Restatement (Second) of Contracts 206. ***Defendant incorporated both industry standards into the Contract and agreed to comply with both.***") (emphasis added)). Defendants' argument that Plaintiffs are somehow barred from continuing to advance their argument regarding § 206 is therefore unavailing. As Plaintiffs have argued consistently, Defendant's incorporation of *Revere* and *SMACNA* into the contract should be construed against Defendant to the extent there is any ambiguity in the agreement (which Plaintiffs maintain there is not).

**C. Defendant Disputes Damages For the First Time In Its Opposition To Plaintiffs' Objection.**

In Defendant's Opposition to Plaintiffs' Motion For Summary Judgment, Defendant asserted only that damages are not attributable to Defendant's failure to install cleats securing the hip and ridge seams of the Main Roof to the roof substrate. Despite the fact that Plaintiffs are seeking damages for breach of contract, Defendant asserted only tort causation defenses that are inapplicable as a matter of law, as addressed in detail in Plaintiffs briefing and Objection. (*See* ECF No. 107, pp. 9-10, 12). As Plaintiff explained in its Reply brief, "Defendant made no attempt to produce evidence contradicting the testimony of Plaintiffs' experts that it will cost $719,792 in 2026 dollars to provide Plaintiffs with a roof that complies with the contract." (*Id.* at 12).

Only now does Defendant assert that damages are genuinely disputed. As Defendant points out in its own Motion, "the Third Circuit has stated the rule: '[a]rguments not presented to a magistrate judge and raised for the first time in objections to the magistrate's recommendations are deemed waived.' *In re Nat'l Collegiate Student Loan Trusts 2003-1*, 971 F.3d 433, 444 (3d Cir. 2020)." (ECF No. 157, p. 7). Because Defendant previously raised no disputed facts as to the cost of replacing the Main House roof, the appropriate measure of damages, there are no disputed facts and Plaintiffs are entitled to a judgment in that amount.

**CONCLUSION**

Plaintiffs respectfully request that this Court, upon consideration of Plaintiffs' Objections to the Reports and Recommendation of the Magistrate, and Replies in Support of Plaintiffs Objections, deny Defendant's Motion for Summary Judgment and grand Plaintiffs' Motion for Summary Judgment.

Dated : November 13, 2026

**LAW OFFICES OF FRIEDBERG & BUNGE**

By: *<u>/s/ THOMAS F. FRIEDBERG, ESQ.</u>*

THOMAS F. FRIEDBERG, ESQ.(VI#1006)
SARAH L. BUNGE

**THE LAW OFFICES OF FRIEDBERG & BUNGE**
1005 ROSECRANS STREET, SUITE 202
PO BOX 6814
SAN DIEGO, CALIFORNIA 92166
TEL : (619)557-0101
FAX : (619)557-0560
E-mail :tom@lawofficefb.com”

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November 2026, a true and correct copy of **REPLY TO DEFENDANT'S REPONSE TO PLAINTIFFS' OBJECTION TO MAGISTRATE REPORT AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** was filed with the CM/ECF system which will provide notice to the following:

Jeffrey C. Cosby, Esq.
Florida Bar No. 967981
Service to: eservice@wlclaw.com
Attorney for Defendant Daybreak Inc
**Williams, Leininger & Cosby, P.A.**
301 SE Ocean Blvd., Suite 205
Stuart, FL 34994
Telephone: 772-463-8402
Facsimile: 772-463-4820

Andrew C. Simpson
**ANDREW C. SIMPSON, PC**
2191 Church St., Ste. 5
Christiansted, VI 00820
TEL : 340.719.3900
E-MAIL :asimpson@coralbrief.com

**Brian A. Glasser**
1550 Thomas Jefferson Street, NW Suite 540
Washington, DC 20007
202-463-2101
Email: bglasser@baileyglasser.com

**David L. Selby**
3000 Riverchase Galleria, Suite 905
Birmingham, AL 35244
205-835-9906
Email: dselby@baileyglasser.com

*/s/ THOMAS F. FRIEDBERG*
**THOMAS F. FRIEDBERG**